JOHN H. PODESTA (State Bar No.154706)
JOHN T. BURNITE (State Bar No. 162223)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE
CO., RRG A Risk Retention Group

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# (FRESNO DIVISION)

| PROBUILDERS SPECIALTY INSURANCE CO., RRG A Risk Retention Group, | Case No. |
|---|---|
| Plaintiff, | COMPLAINT |
| vs. | |
| LITTRELL HOMES, INC., L&L CONSTRUCTION DBA: LITTRELL HOMES, ROBERT LITTRELL, | |
| Defendants. | |

PLAINTIFF, PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Risk

Retention Group ("PROBUILDERS") alleges as follows:

1.      Plaintiff PROBUILDERS, is a Risk Retention Group, organized and existing under

the laws of the District of Columbia, with its principal place of business in Denver, Colorado.

2.      Defendants are LITTRELL HOMES, INC. ("LITTRELL HOMES"), L&L

Construction dba: Littrell Homes and Robert Littrell.  PROBUILDERS is informed and believes that

LITTRELL HOMES is a California corporation and/or other business entity duly organized under

the laws of the State of California and is authorized to do business and is doing business in Madera

County, California, at all times which are relevant to the issues herein.  PROBUILDERS is informed

and believes that L&L Construction Dba: Littrell Homes is fictitious name under which Robert

Littrell conducted construction operations in Madera County, California.  Defendants are the agent,

1  alter ego, employee of the other defendants and were acting within the scope of their employment, or

2  agency of the other defendants at the time that the policies were issued, when the claim was

3  tendered, and when the defense was accepted and the indemnity amounts were paid.  Defendants and

4  each of them accepted the benefits of the coverage provided by Plaintiff and as such are legally and

5  equitably responsible for the claims and breaches of contract alleged herein.

## JURISDICTION AND VENUE

8       3.     The jurisdiction of this Court over the subject matter of this action is predicated on 28

9  USC §1332.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10       4.     Defendants LITTRELL HOMES and  L&L Construction Dba: Littrell Homes are a

11  duly licensed California corporations authorized to do business and doing business in Madera

12  County, California at the time that the claim arose in this district.  Defendant Robert Littrell is an

13  individual residing in Madera County.

14       5.     Diversity exists inasmuch as Defendants are California business entities or

15  individuals whereas Plaintiff is a citizen of the District of Columbia.

## PROBUILDERS' INSURANCE POLICIES

17       6.     PROBUILDERS issued commercial general liability policies to LITTRELL HOMES

18  being policy numbers WES 1500093 effective from September 16, 2002 to September 16, 2003,

19  APG 4500148 effective September 16, 2003 to September 16, 2004 and APG 5002066 effective

20  September 16, 2004 to September 16, 2005 ("the PROBUILDERS Policies").   The policies were

21  issued pursuant to all of the terms, conditions, limitations, exclusion and endorsements contained

22  therein.  Attached hereto as **Exhibits "A" thru "C"** are true and correct copies of the

23  PROBUILDERS Policies.

## UNDERLYING ACTION

25       7.     This insurance coverage action arises from an underlying construction defect lawsuit

26  case captioned *Aranciba, Alan et al. v. Littrell Homes, Inc.,* Madera County Superior Court Case No.

27  MCV 051183 ("the *Aranciba* action") and related cross-actions, concerning LITTRELL HOMES

28

1446296v.1                                  COMPLAINT

1    work on the construction of single family residences in the City of Chowchilla, County of Madera,

2    State of California.  Significantly, there were individual homeowners for at least thirty-four (34)

3    homes who alleged construction defect claims against LITTRELL HOMES, and each house

4    allegedly contained defective work performed by LITTRELL HOMES.

5          8.      LITTRELL HOMES tendered its defense against the *Aranciba* action to

6    PROBUILDERS, pursuant to the terms, conditions, limitations, exclusion and endorsements of the

7    PROBUILDERS Policies.

8          9.      PROBUILDERS, in response to the tender, undertook the defense of LITTRELL

9    HOMES under a full and complete reservation of rights.  PROBUILDERS specifically reserved the

10    right to seek reimbursement from LITTRELL HOMES for amounts owed for defense and indemnity

11    pursuant to the Per Claim Deductible Endorsement on each of the PROBUILDERS Policies which

12    states in pertinent part as follows:

### PER CLAIM DEDUCTIBLE

IT IS AGREED THAT $ **5,000.00**[1]**/7,500.00**[2] SHALL BE DEDUCTED FROM EACH AND EVERY **CLAIM** UNDER THIS POLICY, IRRESPECTIVE OF THE NUMBER OF **CLAIMS** WHICH MAY BE JOINED IN ANY ONE **SUIT,** ARBITRATION, MEDIATION, OR ANY OTHER FORM OF LEGAL PROCEEDING. SUCH COVERAGE AS IS AFFORDED UNDER THIS POLICY APPLIES SUBJECT TO THE FOLLOWING CONDITIONS:

     1.      THE DEDUCTIBLE(S) SHALL APPLY TO THE **NAMED INSURED** FOR ALL COSTS INCURRED BY **US** ON BEHALF OF ANY **INSURED** FOR ADJUSTING, LEGAL AND RELATED EXPENSES AS WELL AS ANY PAYMENTS MADE BY US TOWARD THE SETTLEMENT OF EACH AND EVERY **CLAIM.**

     2.      ALL OF THE OTHER TERMS AND PROVISIONS OF THIS POLICY, INCLUDING THOSE WITH RESPECT TO AN **INSURED'S** OBLIGATIONS UPON AN **OCCURRENCE** OR **CLAIM** AND **OUR** RIGHT TO INVESTIGATE, DEFEND, NEGOTIATE AND/OR SETTLE ANY **CLAIM** OR **SUIT,** APPLY IRRESPECTIVE OF THE APPLICATION OF THE DEDUCTIBLE(S).

     3.      THE **NAMED INSURED** SHALL CONTRIBUTE THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS FROM THE DATE OF REQUEST BY **US** OR **OUR** REPRESENTATIVE. THE REQUEST FOR

---

[1] WES 1500093 effective from September 16, 2002 to September 16, 2003 policy.

[2] APG 4500148 effective September 16, 2003 to September 16, 2004 and APG 5002066 effective September 16, 2004 to September 16, 2005 policies.

1446296v.1                COMPLAINT

PAYMENT OF THE DEDUCTIBLE(S) HEREIN SET FORTH SHALL BE SENT TO THE **NAMED INSURED** BY ORDINARY MAIL ADDRESSED TO THE FIRST **NAMED INSURED** AT THE ADDRESS LISTED IN THE POLICY. THE TEN (10) DAYS SHALL BEGIN TO APPLY FROM THE POSTMARK OF THE LETTER BEARING SUCH REQUEST. FAILURE OF THE **NAMED INSURED** TO PAY THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS AS HEREIN SET FORTH SHALL VOID THE POLICY WITH RESPECT TO THE **CLAIM(S)** INVOLVED....

## **FIRST CLAIM FOR RELIEF**

### **(Declaratory Relief - Per Claim Deductible Enforceable on a Per Home Basis)**

10.     PROBUILDERS incorporates by reference paragraphs 1 through 10 as though fully set forth herein.

11.     PROBUILDERS contends that under the PROBUILDERS Policies, and more specifically pursuant to its Per Claim Deductible, the Per Claim Deductible is enforceable as to each claimant or Plaintiff that makes claim, and as such LITTRELL HOMES owes a deductible for each claim by the owner(s) of a single family residence that was the subject of a claim for construction defects in the *Aranciba* action. PROBUILDERS is informed and believes and thereon alleges that LITTRELL HOMES disputes this contention.

12.     An actual controversy resulting from contractual relationship and/or otherwise based on an instrument in writing is now shown to exist between PROBUILDERS and LITTRELL HOMES concerning their respective rights and obligations under the PROBUILDERS Policies issued to LITTRELL HOMES.

13.     PROBUILDERS desires a judicial determination and a declaration that each of PROBUILDERS Policies' Per Claim Deductible endorsement applies on a per home basis and that LITTRELL HOMES is obligated to pay a deductible for each house involved in the *Aranciba* case (34), under the policy in effect at that time the house was sold by LITTRELL HOMES.

14.     In the alternative, PROBUILDERS desires a judicial determination and a declaration of PROBUILDERS' and LITTRELL HOMES' respective rights and obligations under the PROBUILDERS Policies with respect to the *Aranciba* action.

/ / /

## **SECOND CLAIM FOR RELIEF**

### **(Breach of Contract – Damages Against LITTRELL HOMES)**

15.     PROBUILDERS incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16.     As alleged above, PROBUILDERS issued contracts of commercial general liability insurance to LITTRELL HOMES pursuant to which it undertook the defense of LITTRELL HOMES in the *Aranciba* action under a full and complete "reservation of rights".

17.     PROBUILDERS has performed all obligations required of it under the insurance policies and, in connection with defending LITTRELL HOMES against the claims asserted in the *Aranciba* actions, PROBUILDERS has paid substantial amounts for defense fees and costs and settlement expenses.

18.     Pursuant to Paragraph 3 of the Deductible Endorsements, PROBUILDERS made demand upon LITTRELL HOMES to reimburse it for the amount of the deductibles, totaling in excess of $75,000 relative to the *Aranciba* lawsuits.

19.     Within the ten days allowed by the PROBUILDERS Policies, and indeed to date, LITTRELL HOMES has breached the PROBUILDERS Policies and has failed and refused to pay the contractually owed deductibles contained in the PROBUILDERS Policies relative to the *Aranciba* lawsuit.  LITTRELL HOMES' refusal to pay is based on an incorrect interpretation as to the meaning of the policy wording and is without legal justification.

20.     Pursuant to the terms of the Per Claim Deductible on the PROBUILDERS Policies, PROBUILDERS is entitled to reimbursement for the amount of the deductible amount applicable to each house it has paid to defend and indemnify LITTRELL HOMES in the *Aranciba* action in an amount to be proven at trial but in excess of $75,000.00.

21.     Pursuant to the terms of the Per Claim Deductible, the PROBUILDERS Policies are void as to the *Aranciba* claim.  As a result, PROBUILDERS had no obligation to pay defense or indemnity costs *ab initio* and is therefore entitled to be completely reimbursed for all defense and indemnity obligations.

**WHEREFORE**, PROBUILDERS prays for judgment as follows:

1.     That this Court enter a declaratory judgment decreeing that the PROBUILDERS Policies' Per Claim Deductible is enforceable on a per home basis;

2.     That this Court, in the alternative to 1., above, enter judicial determination and a declaration of PROBUILDERS' and LITTRELL HOMES' respective rights and obligations under the PROBUILDERS Policies with respect to the *Aranciba* action;

3.     That the court declare that LITTRELL HOMES is obligated to reimburse PROBUILDERS for the deductible amounts and for all sums PROBUILDERS paid to defend and settle all claims against LITTRELL HOMES asserted in the *Aranciba* action;

4.     For PROBUILDERS' attorney's fees, costs and disbursements incurred in this litigation; and

5.     For such other relief as the Court may deem just and proper.

DATED:   October 6, 2015          **WILSON, ELSER, MOSKOWITZ,
                                   EDELMAN & DICKER, LLP**


                                   By: /s/ John H. Podesta
                                        John H. Podesta
                                        John T. Burnite
                                        Attorneys for Plaintiff
                                        PROBUILDERS SPECIALTY
                                        INSURANCE COMPANY, RRG

1446296v.1                              COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1446296v.1                                    COMPLAINT

# BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG

## A Risk Retention Group

8961 West Sahara - Suite 106
LAS VEGAS, Nevada 89117  (702) 254-4494

**FINANCED**

# D E C L A R A T I O N S

This Declaration Page is issued in conjunction with and forms a part of Policy Number: **WES 1500093**

Renewal of Number: **NEW BUSINESS**

**Item 1.  Name of Insured:** L & L CONSTRUCTION; DBA: LITTRELL HOMES

**Address**   1816 HOWARD RD. SUITE 8-111,   *Ent # 7*

MADERA, CA 93637

**Item 2.  Policy Period:** SEPTEMBER 16, 2002  **to**  SEPTEMBER 16, 2003
*(12:01 a.m. unless otherwise specified)*

**Item 3.  Description of Insurance afforded hereunder:**  COMMERCIAL GENERAL LIABILITY

**Item 4.  Limits of Liability:**  Coverage is provided only if a limit is shown below:

| | |
|---|---|
| Aggregate Limit | $ 1,000,000.00 |
| Personal & Advertising Injury Limit | $ 1,000,000.00 |
| Each Occurrence Limit | $ 1,000,000.00 |
| Medical Payments Limit | $ 5,000.00 *(any one person)* |

**Item 5.  Self Insured Retention:** $_____  [ ] Per Claim  [ ] Per Occurrence/Offense

**Item 6.  Deductible:**  $ 5,000.00  [X] Per Claim  [ ] Per Occurrence/Offense
*SEE ENDORSEMENT #1*

**Item 7.  The Named Insured is:** [X] Individual  [ ] Corporation  [ ] Partnership

[ ] Joint Venture  [ ] Other  [ ] Limited Liability Company

**Item 8.  Premium:**  **The premium stated herein is the minimum premium for the policy period. Any adjustment upon audit will be upward only. There will be no premium refund of the minimum premium upon audit, if the estimated exposure is less than shown herein.**

[X] Annual  [ ] Term  $ ███████████████

[ ] Flat  [X] Adjustable at a Rate of ███████████████

[ ] Flat Fully Earned  Estimated Exposure: ██████████

**Item 9.  Endorsements and forms attached to this Policy:** OCC1-19 (Ed. 02/05/02) (rev. 04/22/02);

ENDORSEMENTS 1 THROUGH 6

_____          _____
*Company*                                *Countersignature of Authorized Representative*

**NOTICE: This policy is issued by your risk retention group. Your risk retention group may not be subject to all of the insurance laws and regulations of your state. State insurance insolvency guaranty funds are not available for your risk retention group.**

*NBIS_OCUR (Ed. 02/05/02)*

# ENDORSEMENT

R0401
(E.D. 02/05/02)

| ENDT. NO. | 1 |
|---|---|

## PER CLAIM DEDUCTIBLE

IT IS AGREED THAT $ __5,000.00__ SHALL BE DEDUCTED FROM EACH AND EVERY CLAIM UNDER THIS POLICY, IRRESPECTIVE OF THE NUMBER OF CLAIMS WHICH MAY BE JOINED IN ANY ONE SUIT, ARBITRATION, MEDIATION, OR ANY OTHER FORM OF LEGAL PROCEEDING. SUCH COVERAGE AS IS AFFORDED UNDER THIS POLICY APPLIES SUBJECT TO THE FOLLOWING CONDITIONS:

1. THE DEDUCTIBLE(S) SHALL APPLY TO THE NAMED INSURED FOR ALL COSTS INCURRED BY US ON BEHALF OF ANY INSURED FOR ADJUSTING, LEGAL AND RELATED EXPENSES AS WELL AS ANY PAYMENTS MADE BY US TOWARD THE SETTLEMENT OF EACH AND EVERY CLAIM.

2. ALL OF THE OTHER TERMS AND PROVISIONS OF THIS POLICY, INCLUDING THOSE WITH RESPECT TO AN INSURED'S OBLIGATIONS UPON AN OCCURRENCE OR CLAIM AND OUR RIGHT TO INVESTIGATE, DEFEND, NEGOTIATE AND/OR SETTLE ANY CLAIM OR SUIT, APPLY IRRESPECTIVE OF THE APPLICATION OF THE DEDUCTIBLE(S).

3. THE NAMED INSURED SHALL CONTRIBUTE THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS FROM THE DATE OF REQUEST BY US OR OUR REPRESENTATIVE. THE REQUEST FOR PAYMENT OF THE DEDUCTIBLE(S) HEREIN SET FORTH SHALL BE SENT TO THE NAMED INSURED BY ORDINARY MAIL ADDRESSED TO THE FIRST NAMED INSURED AT THE ADDRESS LISTED IN THE POLICY. THE TEN (10) DAYS SHALL BEGIN TO APPLY FROM THE POSTMARK OF THE LETTER BEARING SUCH REQUEST. FAILURE OF THE NAMED INSURED TO PAY THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS AS HEREIN SET FORTH SHALL VOID THE POLICY WITH RESPECT TO THE CLAIM(S) INVOLVED.

4. WE SHALL HAVE THE RIGHT TO MAKE PARTIAL DEDUCTIBLE RECOVERIES FROM THE NAMED INSURED WHEN PARTIAL SETTLEMENTS AND/OR EXPENSE BELOW THE FULL AMOUNT OF THE DEDUCTIBLE(S) ARE INCURRED BY US.

5. AS RESPECTS COVERAGES A, B AND C OF THIS POLICY, THE DEDUCTIBLE APPLIES EQUALLY TO ALL DAMAGES SUSTAINED BY ANY ONE PERSON OR ORGANIZATION AS A RESULT OF ANY ONE CLAIM.

6. FAILURE OR DELAY BY US IN SEEKING REIMBURSEMENT OF THE DEDUCTIBLE(S) SHALL NOT BE CONSIDERED A WAIVER BY US. WE MAY DEDUCT FROM ANY PAYMENT ON JUDGEMENT OR SETTLEMENT THE AMOUNT OF ANY DEDUCTIBLE(S) NOT REIMBURSED AS OF THE DATE SUCH PAYMENT IS DUE.

### ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter W. Foley* | |

# ENDORSEMENT   —

R0200
(E D 02/05/02)

| ENDT. NO. | 2 |
|---|---|

## <u>CLAIMS REPORTING</u>

IN THE EVENT OF ANY OCCURRENCE THAT MAY RESULT IN A CLAIM AGAINST THIS POLICY, THE INSURED SHOULD IMMEDIATELY REPORT SUCH OCCURRENCE TO:

**CLAIMS ADJUSTING SERVICES, INC.**
2029 VILLAGE LANE
SOLVANG, CALIFORNIA 93463
TELEPHONE:   (805) 686-5583
FAX NUMBER:  (805) 688-2668

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG**

*Peter H. Foley*

Countersignature of Authorized Representative

## ENDORSEMENT

R0600
(E.D. 02/05/02  Rev 07/18/02)

| ENDT. NO. | 3 |
|---|---|

### MINIMUM EARNED PREMIUM

IT IS AGREED THAT ▆▆▆▆▆▆▆▆▆▆▆▆ OF THE ANNUAL PREMIUM IS FULLY EARNED AS OF THE INCEPTION DATE OF THE POLICY.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter W. Foley* | |

# ENDORSEMENT

R0500
(E D. 02/05/02)

| | |
|---|---|
| **ENDT. NO.** | **4** |

## CONTRACTORS SPECIAL CONDITIONS

AS A CONDITION PRECEDENT TO THIS POLICY APPLYING TO ANY CLAIM IN WHOLE OR IN PART BASED UPON WORK PERFORMED BY INDEPENDENT CONTRACTORS, THE INSURED MUST HAVE PRIOR TO THE DATE OF THE LOSS GIVING RISE TO THE CLAIM:

(1)    RECEIVED A WRITTEN INDEMNITY AGREEMENT FROM THE INDEPENDENT CONTRACTOR HOLDING THE INSURED HARMLESS FOR ALL LIABILITIES, INCLUDING COSTS OF DEFENSE, ARISING FROM THE WORK OF THE INDEPENDENT CONTRACTOR; AND

(2)    OBTAINED CERTIFICATES OF INSURANCE FROM THE INDEPENDENT CONTRACTOR INDICATING THAT THE INSURED IS NAMED AS AN ADDITIONAL INSURED AND THAT COVERAGE IS MAINTAINED EQUAL TO OR GREATER THAN PROVIDED BY THIS POLICY WITH LIMITS OF AT LEAST $1,000,000 PER OCCURRENCE.

(3)    THE INSURED HAS MAINTAINED THE RECORDS EVIDENCING COMPLIANCE WITH SUBSECTIONS 1 AND 2.

THE INSURANCE PROVIDED BY THIS POLICY SHALL BE EXCESS OVER AND ABOVE ANY OTHER VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE INSURED UNDER SUBSECTION (2).

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | |

## ENDORSEMENT

R0024
(E D 02/05/02)

| | ENDT. NO. | 5 |
|---|---|---|

### <u>COURSE OF ROOFING OPERATIONS EXCLUSION</u>

IT IS AGREED THAT THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED DOES NOT PROVIDE COVERAGE FOR LIABILITY OF ANY INSURED ARISING FROM PROPERTY DAMAGE TO BUILDINGS, STRUCTURES, CONTENTS OR ANY REAL OR PERSONAL PROPERTY RELATED THERETO, ARISING FROM OR CAUSED BY, IN WHOLE OR IN PART, THE INFLUX OR INTRUSION OF RAIN, HAIL, SNOW OR ANY OTHER FORM OF PRECIPITATION DURING THE COURSE OF WORK OR OPERATIONS TO OR UPON A ROOF OR OTHER COVERING SUCH BUILDING OR OTHER STRUCTURE, WHETHER OR NOT CAUSED BY THE NEGLIGENCE OF THE INSURED, ITS PRINCIPALS, AGENTS, SUBCONTRACTORS OR ANY OTHER PERSON OR ENTITY FOR WHICH THE INSURED MAY BE LIABLE. WORK OR OPERATIONS UPON A ROOF OR OTHER COVERING STRUCTURE SHALL BE DEEMED COMPLETE ONLY WHEN ALL WORK OR OPERATIONS UPON IT HAS BEEN FINISHED, WHETHER THE SCOPE OF THE INSURED'S WORK OR OPERATIONS INCLUDES COMPLETION OF THE ROOF OR OTHER COVERING STRUCTURE, AND EVEN THEN NOT UNTIL THE ROOF OR OTHER STRUCTURE IS COMPLETELY FINISHED FROM THE STANDPOINT OF ANY PERSON OR ENTITY INVOLVED. THIS EXCLUSION APPLIES TO LIABILITY OF AN INSURED HOWSOEVER INCURRED OR ALLEGED, INCLUDING LIABILITY CLAIMED TO ARISE UNDER AN INSURED CONTRACT.

*THIS COURSE OF ROOFING EXCLUSION DOES NOT APPLY TO PROPERTY DAMAGE ARISING OUT OF **YOUR WORK** OR **YOUR PRODUCT** FIRST PERFORMED OR SUPPLIED OR INCORPORATED PRIOR TO CERTIFICATION FOR OCCUPANCY.*

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H Foley* | |

## ENDORSEMENT

R0049
(E D 04/05/02)

| ENDT. NO. | 6 |
|---|---|

### TORCH DOWN AND TORCH ON ROOFING EXCLUSION

IT IS AGREED THAT NO COVERAGE IS AFFORDED FOR ANY LIABILITY OR CLAIM THAT ARISE OUT OF, IS RELATED TO, OR CONNECTED WITH WAND, OPEN FLAME, TORCH AND/OR HEAT APPLICATIONS COMMONLY KNOWN IN THE ROOFING INDUSTRY AS TORCH DOWN AND/OR TORCH ON.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter W. Foley* | |

## ENDORSEMENT

R1001
(E D 02/05/02)

| ENDT. NO. | 7 |

### ADDRESS AMENDMENT

IT IS AGREED THE DECLARATIONS PAGE, FORM NBIS_OCUR (Ed 02/05/02), IS AMENDED, IN PART, TO READ AS FOLLOWS:

ITEM 1.   ADDRESS:

      1625 HOWARD ROAD
      #158
      MADERA, CA 93637

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| WES 1500093 | LITTRELL HOMES | 09/16/2002 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | |

## ENDORSEMENT

R0802
(E D. 02/05/02)

| ENDT. NO. | 8 |
| --- | --- |

### FINAL AUDIT

IT IS AGREED FOR AN ADDITIONAL PREMIUM OF ██████, THE FINAL AUDIT IS COMPLETED AS OUTLINED BELOW.

PERIOD:                              09/16/02  TO  09/16/03

EXPOSURE FOR PERIOD:        ██████

RATE:                                   ████

RATE BASIS:                         █████

PREMIUM BASIS:                  █████████

EARNED PREMIUM:               █████

LESS DEPOSIT PREMIUM:      █████

TOTAL ADDITIONAL PREMIUM:  █████

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
| --- | --- | --- |
| WES 1500093 | LITTRELL HOMES | 09/16/2003 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
| --- | --- |
| *Peter H. Foley* | *Andrea M. Griggs* |

## BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
### CONTRACTORS APPLICATION

| 1. PRODUCER NAME: | APG Insurance Services | | | | |
|---|---|---|---|---|---|
| 2. PRODUCER ADDRESS: | 22837 Ventura Blvd. #301, Woodland Hills, Ca. 91364 | | | | |
| 3. PRODUCER TELEPHONE: | 818 591 1999 | 4. PRODUCER CONTACT NAME | Joni Macdessi x 212 | | |
| 5. PRODUCER FAX | 818 225 9411 | 6. PRODUCER E-MAIL | jmacdessi@apginsurance.com | | |
| 7. APPLICANT NAME | L & L Construction DBA Littrell Homes | | | | |

| [X] INDIVIDUAL | [ ] PARTNERSHIP | [X] CORPORATION | [ ] JOINT VENTURE | [ ] LLC | [ ] OTHER |
|---|---|---|---|---|---|

| 8. APPLICANT STREET ADDRESS | 7400 Edgewater | | | |
|---|---|---|---|---|
| 9. CITY | Chowchilla, CA | 10. STATE  CA | 11. ZIP  93610 |
| 12. APPLICANT MAILING ADDRESS | 1816 Howard Road, Suite #8-111 | Change Address. | |
| 13. CITY | Madera | 14. STATE  CA | 15. ZIP  93637 |
| 16. PHONE NUMBER | (559) 665-3402 | 17. INSPECTION CONTACT NAME: | Roger Littrell | YEARS |

| 18. YEARS IN BUSINESS UNDER CURRENT NAME | YEARS  19 | 19. TOTAL YEARS EXPERIENCE AS A CONTRACTOR  19 years | | YEARS |
|---|---|---|---|---|
| 20. CONTRACTOR LICENSE NUMBER (S)  607150 | 21. LICENSED STATE (S)  CA | 22. TAX ID NUMBER | | |
| 23. PROPOSED POLICY EFFECTIVE DATE:  8/1/2002 | 24. REQUESTED PER OCCUR. LIMIT  $1,000,000. | 25. REQUESTED AGGREGATE LIMIT  $1,000,000. | 26. REQUESTED PER CLAIM DEDUCTIBLE  $2500. | |
| 27. DESCRIPTION OF YOUR OPERATIONS | Insured will build approximately 35 homes annually. Of the 35 homes 20 will be built in development called Greenhills, Chowchilla, CA. | | | |

### EXPLAIN ALL "YES" RESPONSES IN REMARKS

**28. HAVE YOU PERFORMED IN THE PREVIOUS THREE (3) YEARS, OR PLAN TO PERFORM IN THE NEXT YEAR, ANY OF THE FOLLOWING:**

| | YES | NO | | YES | NO | | YES | NO | | YES | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A. AIRPORT WORK | [ ] | [X] | F. DAMS, LEVEES OR BRIDGES | [ ] | [X] | K. OIL LEASE WORK | [ ] | [X] | O. TOWNHOUSES | [ ] | [X] |
| B. ASBESTOS ABATEMENT | [ ] | [X] | G. DEMOLITION XS 3 STORIES | [ ] | [X] | L. RAILROADS | [ ] | [X] | P. TRAFFIC SIGNALS | [ ] | [X] |
| C. BLASTING OPERATIONS | [ ] | [X] | H. EARTHQUAKE RETROFIT | [ ] | [X] | M. SCAFFOLDING ERECTION | [ ] | [X] | Q. TUNNELING | [ ] | [X] |
| D. CHEMICAL SPRAYING | [ ] | [X] | I. EMPLOYEE LEASING | [ ] | [X] | N. SWIMMING POOLS | [ ] | [X] | R. WRAP UPS OR OCIPS | [ ] | [X] |
| E. CONDOMINIUMS | [ ] | [X] | J. EXTERMINATION | [ ] | [X] | | | | | | |

| REMARKS: |
|---|
| |

JUL-24-2002 WED 03:15 PM                        FAX NO.                        P. 02

## BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
### CONTRACTORS APPLICATION

**NEXT 12 MONTHS - TYPE OF WORK PERFORMED:**

| | | | |
|---|---|---|---|
| 29. PERCENTAGE OF WORK PERFORMED = 100% | RESIDENTIAL | 100 % | COMMERCIAL | 0 % |
| 30. PERCENTAGE OF WORK PERFORMED = 100% | GENERAL CONTRACTOR | 100 % | SUBCONTRACTOR | 0 % |
| 31. PERCENTAGE OF WORK PERFORMED = 100% | NEW CONSTRUCTION | 100 % | OTHER | 0 % |

**NEXT 12 MONTHS - TYPE OF HOMES TO BE BUILT OR WORKED ON - TRACT OR CUSTOM HOMES - TRACT SIZE:**

| 32. IN THE NEXT 12 MONTHS WHAT % OF YOUR RESIDENTIAL CONSTRUCTION WORK WILL BE ON | CUSTOM HOMES | % | TRACT HOMES - 2 TO 10 HOMES | % | TRACT HOMES - 11 TO 50 HOMES | % | TRACT HOMES - MORE THAN 50 HOMES | % |
|---|---|---|---|---|---|---|---|---|
| | 38 | | — | | — | | 42 | |

**LAST YEAR - TYPE OF HOMES BUILT OR WORKED ON - TRACT OR CUSTOM HOMES - TRACT SIZE:**

| 33. IN THE PAST 12 MONTHS WHAT % OF YOUR RESIDENTIAL CONSTRUCTION WORK WAS ON | CUSTOM HOMES | % | TRACT HOMES - 2 TO 10 HOMES | % | TRACT HOMES - 11 TO 50 HOMES | % | TRACT HOMES - MORE THAN 50 HOMES | % |
|---|---|---|---|---|---|---|---|---|
| | 38 | | — | | — | | 42 | |

**FINANCIAL INFORMATION:**

| PERIOD | 34. YEAR | 35. # OF HOMES COMPLETED | 36. # OF HOMES WORKED ON | 37. GROSS RECEIPTS | 38. SUBCONTRACTING COSTS | 39. GROSS PAYROLL |
|---|---|---|---|---|---|---|
| A. NEXT 12 MONTHS | 2002-03 | 35 | 35 | $ ▮▮▮ | $ ▮▮▮ | $ ▮▮▮ |
| B. CURRENT YEAR | 2001-02 | 35 | 35 | $ ▮▮▮ | $ ▮▮▮ | $ ▮▮▮ |
| C. 1ST PRIOR YEAR | 2000-01 | 31 | 31 | $ ▮▮▮ | $ ▮▮▮ | $ ▮▮▮ |
| D. 2ND PRIOR YEAR | 1999-00 | 36 | 36 | $ ▮▮▮ | $ ▮▮▮ | $ ▮▮▮ |

**PRIOR INSURANCE COMPANY INFORMATION:**

| PERIOD | 40. POLICY PERIOD | 41. INSURANCE COMPANY | 42. POLICY NUMBER | 43. POLICY PREMIUM | 44. POLICY RATE | 45. POLICY LIMIT | 46. POLICY DED. |
|---|---|---|---|---|---|---|---|
| A. CURRENT YEAR | 1/2/02-1/2/03 | Zurich | RCP12419-47 | $ ▮▮▮ | $ | $1,000/2 mln | C |
| B. 1ST PRIOR YEAR | 1/2/01-1/2/02 | Zurich | RCP12419-44 | $ ▮▮▮ | $ | $1,000/2 mln | D |
| C. 2ND PRIOR YR. | 1/2/00-1/2/01 | Zurich | RCP12419-44 | $ ▮▮▮ | $ | $1,000/2 mln | D |

**EXPLAIN ALL "YES" RESPONSES IN REMARKS – NEXT PAGE (FOR PAST, PRESENT OR PLANNED FUTURE OPERATIONS):**

| # | QUESTIONS | YES | NO | # | QUESTIONS | YES | NO |
|---|---|---|---|---|---|---|---|
| 47. | DOES APPLICANT LEASE EQUIPMENT TO OTHERS? | ☐ | ☒ | 48. | HAS APPLICANT ALLOWED OR WILL YOU ALLOW YOUR LICENSE TO BE USED BY ANY OTHER CONTRACTOR? | ☐ | ☒ |
| 49. | DOES APPLICANT HAVE ANY OPERATIONS OTHER THAN CONTRACTING? | ☐ | ☒ | 50. | HAS APPLICANT EVER BEEN ADJUDGED BANKRUPT OR INSOLVENT? | ☐ | ☒ |
| 51. | HAS THE APPLICANT EVER BEEN REFUSED A PERFORMANCE BOND OR HAD LIABILITY INSURANCE CANCELLED? | ☒ | ☐ | 52. | HAS APPLICANT WORKED OR WILL YOU OR YOUR EMPLOYEES WORK UNDER THE USL&H ACT OR THE JONES ACT (MARITIME WORK)? | ☐ | ☒ |

**EXPLAIN ALL "NO" RESPONSES IN REMARKS:**

| 53. | DOES APPLICANT ALWAYS CHECK WITH LOCAL UTILITIES AUTHORITY BEFORE DIGGING? | ☒ | ☐ | 54 | DOES THE APPLICANT CARRY WORKERS COMPENSATION ON ALL OF ITS EMPLOYEES? | ☒ | ☐ |
|---|---|---|---|---|---|---|---|

REMARKS (ATTACH SHEET (S) IF NECESSARY)

## BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
## CONTRACTORS APPLICATION

PLEASE PROVIDE ANSWERS TO THE FOLLOWING QUESTIONS:

| # | QUESTION | ANSWER | # | QUESTION | ANSWER |
|---|----------|--------|---|----------|--------|
| 55. | HOW MANY HOMES WILL APPLICANT BUILD AS A GENERAL CONTRACTOR IN THE NEXT YEAR? | 36 | 56. | WHAT IS THE MAXIMUM NUMBER OF STORIES OF A STRUCTURE THE APPLICANT WILL WORK ON IN THE NEXT YEAR? | 2 |
| 57. | WHAT IS THE GREATEST NUMBER OF HOMES THE APPLICANT HAS BUILT AS A GENERAL CONTRACTOR IN ANY ONE YEAR (LAST 3 YEARS)? | 36 | 58. | STATES IN WHICH THE APPLICANT HAS OR WILL PERFORM CONTRACTING WORK (LAST 3 YEARS AND NEXT YEAR). | CA. |

PLEASE LIST YOUR THREE LARGEST JOBS IN THE LAST THREE YEARS:

| | 59. PROJECT NAME | 60. PROJECT TYPE | 61. NATURE OF WORK | 62. GROSS RECEIPTS |
|---|---|---|---|---|
| A | Custom Home | | General Contractor | $ ▓▓▓ |
| B | Custom Home | | General Contractor | $ ▓▓▓ |
| C | Custom Home | | General Contractor | $ ▓▓▓ |

PLEASE LIST THREE LARGEST PROJECTS THAT YOU ARE CURRENTLY WORKING ON OR WILL COMMENCE IN THE NEXT 12 MONTHS:

| | 63. PROJECT NAME | 64. PROJECT TYPE | 65. NATURE OF WORK | 66. GROSS RECEIPTS |
|---|---|---|---|---|
| A | Custom Home | | General Contractor | $ ▓▓▓ |
| B | Dwelling | | General Contractor | $ ▓▓▓ |
| C | Dwelling | | General Contractor | $ ▓▓▓ |

REGARDING SUBCONTRACTORS WHO DO WORK FOR APPLICANT. (QUESTIONS 67, 68, 70 & 71 ARE CONDITIONS OF ANY POLICY THE COMPANY MAY ISSUE AND MUST BE COMPLIED WITH.)

| # | QUESTIONS | YES | NO |
|---|-----------|-----|-----|
| 67. | DOES APPLICANT HAVE A WRITTEN CONTRACT WITH ITS SUBCONTRACTORS WHICH INCLUDES A HOLD HARMLESS AGREEMENT RELATIVE TO WORK PERFORMED BY THE SUBCONTRACTOR? | ☒ | ☐ |
| 68. | ARE YOU NAMED AS AN ADDITIONAL INSURED ON YOUR SUBCONTRACTORS' POLICIES? | ☒ | ☐ |
| 69. | DOES APPLICANT HOLD OTHERS HARMLESS AND/OR ARE YOU REQUIRED TO PROVIDE ADDITIONAL INSURED ENDORSEMENTS FOR OTHERS? | ☐ | ☒ |
| 70. | ARE YOUR SUBCONTRACTORS REQUIRED TO PROVIDE YOU WITH A CERTIFICATE OF INSURANCE BEFORE COMMENCING WORK? | ☒ | ☐ |
| 71. | DOES APPLICANT REQUIRE SUBCONTRACTORS WHO DO WORK FOR THE APPLICANT TO MAINTAIN LIMITS OF LIABILITY OF AT LEAST $1,000,000 PER OCCURRENCE? | ☒ | ☐ |

LOSS AND CLAIM INFORMATION (5 YEARS):

| PERIOD | 72. YEAR | 73. TOTAL LOSSES | 74. # OF CLAIMS | 75. LARGEST LOSS | 76. CAUSE OF LARGEST LOSS |
|--------|----------|------------------|-----------------|------------------|---------------------------|
| A. CURRENT YEAR | 2002 | $ 0 | 0 | $ 0 | |
| B. 1ST PRIOR YEAR | 2001 | $ 0 | 0 | $ 0 | |
| C. 2ND PRIOR YEAR | 2000 | $ 0 | 0 | $ 0 | |
| D. 3RD PRIOR YEAR | 1999 | $ 0 | 0 | $ 0 | |
| E. 4TH PRIOR YEAR | 1998 | $ 1 | 1 | $ 124,364 | Construction Defect Claim AS A subcontractor |

### BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
### CONTRACTORS APPLICATION

ARE YOU AWARE OF ANY FACTS, CIRCUMSTANCES, INCIDENTS, SITUATIONS, DAMAGES OR ACCIDENTS THAT MAY GIVE RISE TO A CLAIM OR LAWSUIT (WHETHER VALID OR NOT OR WHETHER COVERED BY INSURANCE OR NOT)? – ANSWER YES OR NO.   Yes ☐   No ☒   IF YES PLEASE COMPLETE THE FOLLOWING:

|   | 77. PROJECT NAME | 78. PROJECT TYPE | 79. NATURE OF YOUR WORK | 80. CLAIMED DAMAGES |
|---|---|---|---|---|
| A |  |  |  | $ |
| B |  |  |  | $ |
| C |  |  |  | $ |
| D |  |  |  | $ |
| E |  |  |  | $ |

| # | QUESTIONS | YES | NO |
|---|---|---|---|
| 81. | HAS ANY LOCAL, STATE OR FEDERAL GOVERNMENT AGENCY OR LICENSING BOARD CITED YOU FOR VIOLATION OF ANY LAW OR REGULATION OR INVESTIGATED YOU IN THE PAST FIVE YEARS? | ☐ | ☒ |
| 82. | WITHIN THE LAST FIVE YEARS HAVE YOU BEEN NAMED IN LITIGATION REGARDING FAULTY CONSTRUCTION? | ☒ | ☐ |
| 83. | WITHIN THE LAST FIVE YEARS, HAS ANY PERSON OR ENTITY DEMANDED THAT YOU DEFEND THEM, OR HOLD THEM HARMLESS, IN ANY CLAIM OR LAWSUIT? | ☒ | ☐ |
| 84. | WITHIN THE LAST FIVE YEARS HAS ANY LAWSUIT BEEN FILED, OR CLAIM OTHERWISE BEEN MADE, AGAINST YOU OR YOUR COMPANY OR ANY PARTNERSHIP OR JOINT VENTURE OF WHICH YOU HAVE BEEN A MEMBER, OR YOUR COMPANY'S PREDECESSORS IN BUSINESS, OR AGAINST ANY PERSON, COMPANY OR ENTITIES ON WHOSE BEHALF YOUR COMPANY HAS ASSUMED LIABILITY? FOR THE PURPOSES OF THIS APPLICATION ONLY, A CLAIM OR LAWSUIT MEANS A RECEIPT OF A DEMAND FOR MONEY, SERVICES, ARBITRATION OR MEDIATION. | ☒ | ☐ |

IF APPLICANT ANSWERED QUESTIONS 81, 82, 83 OR 84 WITH A YES, PLEASE PROVIDE THE FOLLOWING INFORMATION FOR EACH CLAIM AND OR LAWSUIT:

|   | 85. PROJECT NAME | 86. PROJECT TYPE | 87. NATURE OF YOUR WORK | 88. CLAIMED DAMAGES |
|---|---|---|---|---|
| A | New City Corporation | Subdivision | Wood framing of dwellings As subcontractor | $ 181,361 |
| B |  |  |  | $ |
| C |  |  |  | $ |
| D | New City Corporation filed cross complaint against insured for his work as sub doing framing work for New City Application |  |  | $ |
| E |  |  |  | $ |

REMARKS: Insured started out in the contracting business as a framing contractor 19 years ago. He would build custom homes for individuals while doing framing work for others. In 1995 he got out of the framing business and started infill homes.

| 89. | BLANKET ADDITIONAL INSURANCE COVERAGE | ☒ YES ☐ NO | 90. | BLANKET WAIVER OF SUBROGATION | ☒ YES ☐ NO |
|---|---|---|---|---|---|
| 91. | SUNSET CLAUSE LIMITATION | ☐ YES ☒ NO | | SUNSET CLAUSE YEARS | ☐ TWO YEARS ☐ THREE YEARS |
| 92. | PREMIUM FINANCING | ☒ YES ☐ NO | | | |

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION**

## ROOFERS APPLICATION SECTION

THIS SECTION OF THE APPLICATION MUST BE COMPLETED BY ALL COMMERCIAL AND RESIDENTIAL ROOFERS AND ALL OTHER CLASSES OF CONTRACTORS THAT HAVE A ROOFING EXPOSURE.

PLEASE ANSWER THE FOLLOWING QUESTIONS:

| 93. CHECK THE TYPE OF ROOFING OPERATIONS PERFORMED AND PROVIDE THE PERCENTAGE FOR EACH TYPE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | A. HOT TAR | % | ☐ | B. FOAM | % | ☐ | C. TILE | % |
| ☐ | D. TORCH DOWN | % | ☐ | E. SHINGLES | % | ☐ | F. METAL | % |
| ☐ | G. OTHER | % | | G1. IF OTHER: DESCRIBE | | | | |

| 94. QUESTIONS FOR HOT TAR AND TORCH DOWN WORK: | YES | NO |
|---|---|---|
| A. DOES THE APPLICANT HAVE AT LEAST 2 YEARS' EXPERIENCE WITH THESE METHODS? | ☐ | ☐ |
| B. IS A FULLY CHARGED ABC FIRE EXTINGUISHER ON THE ROOF WHILE WORK IS BEING DONE? | ☐ | ☐ |
| C. DOES THE APPLICANT REMAIN ON SITE FOR AT LEAST TWO HOURS AFTER WORK COMPLETION? | ☐ | ☐ |
| D. DOES THE APPLICANT USE A THERMAL BARRIER WHEN INSTALLING TORCH APPLIED ROOFING MATERIALS OVER A COMBUSTIBLE BASE? | ☐ | ☐ |

| 95. DESCRIBE THE TRAINING THAT YOUR APPLICATORS HAVE RECEIVED IN WORKING WITH OPEN FLAME AND/OR HOT TAR PRODUCTS. |
|---|
| |

| 96. CHECK IN WHAT MANNER OPENINGS IN ROOFS ARE PROTECTED? | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | A. TARP | ☐ | B. WATERPROOF PLYWOOD | ☐ | C. NEVER LEAVE OPEN | ☐ | D. OTHER |
| | D1. IF OTHER: DESCRIBE | | | | | | |

*All roofs are completed by sub contractor, Advance Roofing,*
*roofs are wood shake, composition or tile*

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION**

**ATTENTION:**

1. THE APPLICANT WARRANTS THAT THE ABOVE STATEMENTS AND PARTICULARS, TOGETHER WITH ANY ATTACHED OR APPENDED DOCUMENTS OR MATERIALS ("THIS APPLICATION"), ARE TRUE AND COMPLETE AND DO NOT MISREPRESENT, MISSTATE OR OMIT ANY MATERIAL FACTS.

2. THE APPLICANT UNDERSTANDS THAT THE COMPANY RELIED UPON THE INFORMATION CONTAINED WITHIN THIS APPLICATION TO DETERMINE ACCEPTABILITY, RATES AND COVERAGE.

3. THE APPLICANT UNDERSTANDS THAT ANY MISREPRESENTATION OR OMISSION SHALL CONSTITUTE GROUNDS FOR RECISSION OF COVERAGE AND DENIAL OF CLAIMS.

4. THE APPLICANT UNDERSTANDS THE COMPANY IS NOT OBLIGATED NOR UNDER ANY DUTY TO ISSUE A POLICY OF INSURANCE BASED UPON THIS APPLICATION   THE APPLICANT FURTHER UNDERSTANDS THAT, IF A POLICY IS ISSUED, THIS APPLICATION WILL BE INCORPORATED INTO AND FORM A PART OF SUCH POLICY.

5. IF THE APPLICANT BECOMES AWARE THAT ANY RESPONSE ON THIS APPLICATION BECOMES INACCURATE AS A RESULT OF INFORMATION OR CHANGE OF CIRCUMSTANCES BEFORE A POLICY IS ISSUED, THE APPLICANT MUST INFORM THE COMPANY OF SUCH CHANGE, IN WRITING, AND ANY POLICY ISSUED BEFORE SUCH NOTIFICATION IS SUBJECT TO IMMEDIATE CANCELLATION.

6. THE APPLICANT AUTHORIZES THE COMPANY TO MAKE ANY INVESTIGATION AND INQUIRY IN CONNECTION WITH THE QUESTIONNAIRE AS IT MAY DEEM NECESSARY.

THE UNDERSIGNED, BEING AUTHORIZED BY AND ACTING ON BEHALF OF THE PROSPECTIVE INSUREDS, REPRESENTS THAT THE ANSWERS GIVEN ARE TRUE. FAILURE TO PROVIDE TRUTHFUL ANSWERS AND ALL MATERIAL INFORMATION CAN RESULT IN THE COMPANY ELECTING TO CANCEL, REFORM AND/OR RESCIND THE POLICY.

("APPLICANT", "YOU", "YOUR" AND SIMILAR WORDS REFER TO THE PROSPECTIVE INSURED)

Signature of Applicant:

Date:

Title (Officer, Partner or Owner)

ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD.

**MAIL, FAX OR E-MAIL APPLICATION TO**

WESTCAP INSURANCE SERVICES, INC.
2029 VILLAGE LANE, SOLVANG, CA. 93463
PHONE (805) 688-4995  FAX (805) 688-2668
APPLICANT@EXSTARFIN.COM
CA LIC. NO. 0B88598

**BUILDERS & CONTRACTORS INSURANCE COMPANY, A RISK RETENTION GROUP**

NOTICE: A POLICY ISSUED BASED ON THIS APPLICATION WOULD BE ISSUED BY YOUR RISK RETENTION GROUP. YOUR RISK RETENTION GROUP MAY NOT BE SUBJECT TO ALL OF THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE. STATE INSURANCE INSOLVENCY GUARANTY FUNDS ARE NOT AVAILABLE FOR YOUR RISK RETENTION GROUP.

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**THIS POLICY IS ISSUED BY YOUR RISK RETENTION GROUP. YOUR RISK RETENTION GROUP MAY NOT BE SUBJECT TO ALL OF THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE. STATE INSURANCE INSOLVENCY GUARANTY FUNDS ARE NOT AVAILABLE FOR YOUR RISK RETENTION GROUP.**

**Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.**

Throughout this policy the words **you** and **your** refer to the **Named Insured** shown in the Declarations, and any other person or organization qualifying as a **Named Insured** under this policy. The words **we**, **us** and **our** refer to the company providing this insurance.

The word **insured** means any person or organization qualifying as such under WHO IS AN **INSURED** (SECTION II).

Other words and phrases that appear in bold face have special meanings as set forth in SECTION V (DEFINITIONS) or as elsewhere defined in this Policy.

## SECTION I - COVERAGES

## COVERAGE A. **BODILY INJURY AND PROPERTY DAMAGE** LIABILITY

1. INSURING AGREEMENT

   a. **We** will pay those sums that an **insured** becomes legally obligated to pay as **tort damages** for **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend **you**, the **Named Insured**, against any **suit** seeking those damages provided that no other insurance affording a defense against such a suit is available to **you**. **Our** duty to defend **you** is further limited as provided below or in the Section of the policy entitled "EXCLUSIONS: COVERAGES A AND B". Except as otherwise provided in this policy, **we** have no duty to defend any other **insured**. **We** will have no duty to defend any **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may at **our** discretion investigate any **occurrence** and settle any **claim** or **suit** that may result. But:

      (1) The amount **we** will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III).

      (2) Subject to (1) above, **our** right and duty to defend end when **we** have used up the applicable limit of insurance by payment of judgments or settlements under Coverages A or B or Medical Expenses

under Coverage C.

      (3) **We** shall have no duty to defend any **suit** in which it is alleged or claimed, in whole or in part, that any **bodily injury** or **property damage** is continuous or progressive in nature or results from continuous or repeated exposure to a condition, regardless of the potential for indemnity under this policy, unless the **suit** specifically alleges that all of the **bodily injury** and **property damage** for which damages are sought occurred during the **policy period** or during the period during which **we** provide continuous coverage under this or any other policy issued by **us**.

      (4) **We** shall have no duty to defend any **suit** filed before the **policy period**, even though **you** were not a party to such **suit** at the time it was filed.

      (5) **We** shall have no duty to defend any **suit** in which it is alleged or claimed, in whole or in part, that any **bodily injury** or **property damage** began before the **policy term**.

      (6) In those cases in which **we** have no obligation or duty to defend for the reasons set forth in paragraph 1.a. of this Insuring Agreement, **we** shall have the right to defend or to intervene in the defense of any **suit** which may involve liability covered by this policy. Should **we** exercise our right to intervene then **we** shall also provide a defense to **you**, subject to such reservations of rights, if any, **we** shall deem appropriate.

   b. This insurance applies to **bodily injury** and **property damage** only if:

      (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and

      (2) The **bodily injury** or **property damage** is caused by an **occurrence** which takes place during the **policy period** whether such **occurrence** is known to any **insured**; and

      (3) The **bodily injury** or **property damage** resulting from such **occurrence** first takes place during the **policy period**.

c.    All **bodily injury** or **property damage** arising from an **occurrence** shall be deemed to first take place at the time of the first such **bodily injury** or **property damage**, even though the **occurrence** giving rise to such damage may be continuous or repeated exposure to the same generally harmful conditions, and even though the nature, type or extent of such **bodily injury** or **property damage** may be continuous, progressive, cumulative, changing or evolving.  If the date of the first **bodily injury** or **property damage** cannot be determined, then the date of first damage or injury shall be deemed to be the earliest date on which the process which led to the injury or damage began.

d.    For purposes of c., above, all **bodily injury** or **property damage** included within the **products-completed operations hazard** arising from **your work** on or **your product** supplied to or incorporated into a construction project or development shall be deemed to take place at the time of the first **bodily injury** or **property damage** arising from **your work** on or **your products** supplied to or incorporated in such project, unless such later occurring **bodily injury** or **property damage** solely and exclusively arises from an **occurrence** which is abrupt and of limited duration, the **bodily injury** and **property damage** is accidental, unintended and unforeseen; does not result, in whole or in part, from a continuous or repeated exposure to conditions nor form an condition which caused the first **bodily injury** and **property damage**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

## COVERAGE B.  **PERSONAL INJURY AND ADVERTISING INJURY** LIABILITY

1.   INSURING AGREEMENT

a.    **We** will pay those sums that an **insured** becomes legally obligated to pay as **tort damages** because of **personal injury** or **advertising injury** to which this insurance applies. **We** will have the right and duty to defend **you**, the **Named Insured**, against any **suit** seeking those damages provided that no other insurance affording a defense against such a suit is available to **you**. **Our** duty to defend **you** is further limited as provided below or in the Section of the policy entitled "EXCLUSIONS: COVERAGES A AND B". Except as otherwise provided in this policy, **we** have no duty to defend any other **insured**.

**We** will have no duty to defend any **insured** against any **suit** seeking damages for **personal** injury or **advertising injury** to which this insurance does not apply.  **We** may at **our** discretion investigate any offense and settle any **claim** or **suit** that may result. But:

(1)   The amount **we** will pay for damages is limited as described in LIMITS OF INSURANCE (Section III).

(2)   **Our** right and duty to defend end when **we** have used up the applicable limit of insurance by payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

(3)   **We** shall have no duty to defend **you** in any **suit** where a **claim** for **personal injury** or **advertising injury** incorporated in a **suit** was made or **suit** was filed before the **policy period**, even though **you** were not a party to the suit at the time it was filed, and even though such **suit** may include **claims** for **personal injury** or **advertising injury** committed, or alleged to have been committed, during or after the **policy period**.

(4)   **We** shall have no obligation to defend **you** in any **suit** seeking damages for **personal injury** or **advertising injury** arising out of the publication of material where it is alleged that the first publication took place before the **policy period**.

b.   This insurance only applies to:

(1)   **Personal injury** caused by an offense arising out of **your** business, excluding advertising, publishing, broadcasting or telecasting done by or for **you**, but only if the offense was committed in the **coverage territory** during the **policy period**;

(2)   **Advertising injury** caused by an offense committed in the course of advertising **your** goods, products or services; but only if the offense was committed in the **coverage territory** during the **policy period.**

c.   All **claims** for damages because of **personal injury** or **advertising injury** to the same person or organization as a result of an offense will be deemed to have been made at the time the first of those **claims** is made against **you**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

2

§ 2002, all rights reserved.

EXCLUSIONS: COVERAGES A AND B

This insurance does not apply to:

A. EXPECTED OR INTENDED INJURY EXCLUSION

**Bodily injury**, **property damage**, **personal injury**, or **advertising injury** expected or intended from the standpoint of any **insured**. This Exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

B. CONTRACTUAL LIABILITY EXCLUSION

**Bodily injury**, **property damage**, **personal injury** or **advertising injury** for which an **insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This Exclusion does not apply to liability for **bodily injury** or **property damage**:

(1) That **you** would have in the absence of a contract or agreement; or

(2) **You** assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the **insured contract** and the **bodily injury** or **property damage** arises from **your work** performed during the **policy period**.

Coverage for liability for **bodily injury** or **property damage** assumed in an **insured contract** is limited to the extent of **your** negligence or fault according to applicable principles of comparative fault, whether **your** liability under said **insured contract** is so limited.

Coverage for liability **you** assume in an **insured contract** is subject to all of the other terms, conditions and exclusions of this policy. Except as set forth in Paragraph 8 SUPPLEMENTARY PAYMENTS - COVERAGES A AND B where pursuant to an **insured contract you** have assumed liability to another party for the cost of that party's defense, reasonable attorneys' fees and litigation expenses for which **you** are liable to that party are deemed damages because of **bodily injury** or **property damage** so long as those attorneys' fees and litigation expenses are for the defense of that party in a **suit** which seeks damages for **bodily injury** or **property damage** covered by this policy and such costs, fees and expenses would otherwise be covered by this policy. Payments made to **you** or on **your** behalf for

such liability shall reduce the applicable limits of insurance as set forth in Section III. Except as set forth in this Exclusion, the costs incurred by **you** for the defense of another are not covered.

C. LIQUOR LIABILITY EXCLUSION

**Bodily injury**, **property damage**, **personal injury** or **advertising injury** for which any **insured** may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This Exclusion applies only to an **insured** in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

D. WORKERS COMPENSATION AND SIMILAR LAWS EXCLUSION

An obligation of any **insured** under a workers compensation, disability benefits, unemployment compensation law or any similar law.

E. LIABILITY TO EMPLOYEES EXCLUSION

**Bodily injury**, **personal injury**, or **advertising injury** to:

(1) An employee of any **insured** arising out of and in the course of employment, whether any other **insured** may be liable for such **bodily injury**, **personal injury** or **advertising injury**; or

(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

This exclusion applies:

(1) Whether an insured may be liable as an employer or in any other capacity;

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

(3) To any **insured** against whom a **claim** is made or **suit** is brought for such **bodily injury**, **personal injury** or **advertising injury**, whether by or on behalf of an employee of that **insured** or any other **insured**.

For the purpose of this exclusion the term "employee" includes loaned, rented, leased or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)                                    8 2002, all rights reserved.

any **insured** under the doctrines of borrowed servant, borrowed employee, respondeat superior or any similar doctrine, or for whom any **insured** may be held liable as an employer.

F. **POLLUTION** EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** caused by, resulting from, attributable to, contributed to, or aggravated by the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**, or from the presence of, or exposure to, **pollution** of any form whatsoever, and regardless of the cause of the **pollution** or **pollutants**.

This Exclusion applies regardless of the cause of the **pollution** and whether any other cause of said **bodily injury**, **property damage**, or **personal injury** acted jointly, concurrently or in any sequence with said **pollutants** or **pollution**. This Exclusion applies whether any other cause of the **bodily injury**, **property damage**, or **personal injury** would otherwise be covered under this insurance.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

G. AIRCRAFT, **AUTO** OR WATERCRAFT EXCLUSION

**Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or water craft owned or operated by, or rented or loaned to any **insured**. Use includes operation and **loading** or **unloading**.

This Exclusion does not apply to:

(1) A watercraft while ashore on premises **you** own or rent;

(2) A watercraft **you** do not own that is:

   (a) Less than 26 feet long; and

   (b) Not being used to carry persons or property for a charge;

(3) Parking an **auto** on, or on the ways next to, premises **you** own or rent, provided the **auto** is not owned by, rented or loaned to any **insured**;

(4) Liability assumed under an **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

(5) **Bodily injury** or **property damage** arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of **mobile equipment** (Section V.10).

H. **MOBILE EQUIPMENT** EXCLUSION

**Bodily injury** or **property damage** arising out of:

(1) The transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any **insured**; or

(2) The use of **mobile equipment** in, or while in practice or preparation for, a prearranged racing, speed or demolition contest or in any stunting activity.

(3) Transporting or moving **mobile equipment** on any public street or highway.

I. WAR EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion, act of terrorism, or revolution, whether any other cause or causes of said **bodily injury**, **property damage**, or **personal injury**, including the negligence or misconduct of any **insured**, caused or contributed to such **bodily injury**, **property damage** or **personal injury**.

J. DAMAGE TO PROPERTY EXCLUSION

**Property damage** to:

(1) Property **you** own, rent, or occupy;

(2) Premises **you** sell, give away or abandon, if the **property damage** arises out of any part of those premises;

(3) Property, real or personal, loaned to any **insured**;

(4) Personal property in the care, custody or control of any **insured,** whether or not such care, custody or control was exclusive at the time of such **property damage;**

(5) That particular part of real property on which **you** or any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

Paragraph (2) of this Exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by **you**.

8 2002, all rights reserved.

Paragraph (6) of this Exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

For purposes of this Exclusion, if **you** are a general contractor, construction supervisor or developer, the entire construction project shall be considered "that particular part" of real or other property.

For purposes of paragraph (5), **you** or any contractors or subcontractors working directly or indirectly on **your** behalf shall be deemed to be "performing operations" from the time when **you** or the contractors or subcontractors begin work until such operations are complete as set forth in paragraph 17.b. of SECTION V - DEFINITIONS - (**Products-Completed Operations Hazard**).

K. DAMAGE TO **YOUR PRODUCT** EXCLUSION

**Property damage** to **your product**.

L. DAMAGE TO **YOUR WORK** EXCLUSION

**Property damage** to **your work** or any part of it and included in the **products-completed operations hazard**.

This Exclusion does not apply if the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor.

M. DAMAGE TO **IMPAIRED PROPERTY** AND PROPERTY WHICH HAS NOT BEEN PHYSICALLY INJURED EXCLUSION

**Property damage** to **impaired property** and property which has not been physically injured arising out of:

(1) A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms; or

(2) A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work.**

This Exclusion applies to property which is otherwise not physically injured or damaged but which must be demolished, removed, repaired, replaced, altered or damaged in order to remove, repair or replace **your work** or **your product**.

N. RECALL OF PRODUCTS, WORK OR **IMPAIRED PROPERTY** EXCLUSION

Damages claimed for any loss, cost or expense incurred by **you** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) **Your product**;

(2) **Your work**; or

(3) **Impaired property**;

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

O. ASBESTOS EXCLUSION

**Bodily injury** or **property damage** arising out of exposure to or the manufacture, mining, use, sales, installation, distribution, removal, or encapsulation of asbestos products, asbestos fibers or asbestos dust. This Exclusion shall apply without regard to the source or sources of such asbestos, or the basis of the **insured's** liability. This Exclusion includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct, which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with asbestos in causing the **bodily injury** or **property damage**. This Exclusion includes any injury or damage caused by the presence of asbestos and damage or injury caused by the removal, eradication, detoxification, remediation or decontamination of asbestos or property containing asbestos, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from asbestos.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

P. FINES OR PENALTIES EXCLUSION

**Claims** based upon or arising out of a fine or penalty imposed by or under any law, statute, or ordinance of any federal, state or municipal government agency.

Q. PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

**Claims** for punitive or exemplary damages, fines or penalties.

R. AIRCRAFT PRODUCTS EXCLUSION

**Bodily injury** or **property damage** included within the **products-completed operations hazard** relating to aircraft, including missiles or spacecraft, any ground support or control equipment and any article installed in aircraft, or used in connection with aircraft, or for spare parts for aircraft, or tooling used for the manufacture thereof, including ground handling

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

tools and equipment, training aids, instruction manuals, blueprints, engineering or other data, advice and services and labor relating to such aircraft or articles, or to any liability arising out of the **grounding** of any aircraft.

For the purpose of this Exclusion **grounding** means the withdrawal of one or more aircraft from flight operations or the imposition of speed, passenger or load restrictions on such aircraft, by reason of the existence of or alleged or suspected existence of any defect, fault, or condition in such aircraft or any part thereof sold, handled or distributed by any **insured**, or manufactured, assembled or processed by any other person or organization according to specifications, plans, suggestions, orders or drawings of any **insured**, or with tools, machinery or other equipment furnished to such persons or organizations by any **insured**, whether such aircraft so withdrawn are owned or operated by the same or different persons or organizations.

S.  EARTH MOVEMENT EXCLUSION

**Bodily injury** or **property damage** arising from, aggravated by, or as a consequence of earth movement, whether the earth movement is combined with any other cause. As used in this exclusion the term earth movement includes, but is not limited to, earthquake, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding or contracting of earth or soil.

This Exclusion applies regardless of the cause or causes of the earth movement and includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated,caused or acted jointly, concurrently, or in any sequence with earth movement in causing the **bodily injury** or **property damage**. This Exclusion further applies to **bodily injury** and **property damage** arising from the mitigation, repair or avoidance of earth movement.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such suit, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

T.  **PERSONAL INJURY** AND **ADVERTISING INJURY** EXCLUSION

**Personal injury** or **advertising injury**:

(1) Arising out of oral or written publication of material, if done by or at the direction of an **insured** with knowledge of its falsity;

(2) Arising out of oral or written publication of material, the first publication of which took place before the **policy period**;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of any **insured**; or

(4) For which **you** have assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that **you** would have in the absence of a contract or an agreement.

U.  **ADVERTISING INJURY** EXCLUSION

**Advertising injury** arising out of:

(1) The failure of goods, products or services to conform with advertised quality or performance;

(2) The wrong description of the price of goods, products or services;

(3) An offense committed by an **insured** whose business is advertising, broadcasting, publishing or telecasting;

(4) Misappropriation of advertising ideas or style of doing business;

(5) Infringement of copyright, title, trademark, trade dress, patent, or slogan; or

(6) Oral or written publication of material that disparages a person's or organization's goods, products or services.

V.  NUCLEAR ENERGY EXCLUSION

Any **claim** for **bodily injury** or **property damage**:

(1) arising from, aggravated by, or as a consequence of the **hazardous properties** of **nuclear material,** whether any other cause or causes acted jointly, concurrently or in any sequence to result in such **bodily injury** or **property damage** and without regard to whether any other such cause or causes of the **bodily injury** or **property damage** would be covered under this policy

The following definitions apply only to this Exclusion:

(1) **Hazardous properties** include radioactive, toxic or explosive properties.

(2) **Nuclear material** means **source material, special nuclear material** or **by-product material**.

(3) **Source material, special nuclear material,** and **by-product material** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

For purposes of this Exclusion, **property damage** includes all forms of radioactive contamination of property. This Exclusion includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of **nuclear material** or property containing **nuclear material**, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from **nuclear material**.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

W.  ELECTROMAGNETIC RADIATION EXCLUSION

**Bodily injury**, **property damage** or **personal injury** arising from or caused by exposure to or the existence of harmful levels or frequencies of electromagnetic radiation, whether such electromagnetic radiation is naturally occurring or artificially created, and whether such electromagnetic radiation acted or is said to have acted in any sequence or combination with any other cause or causes of damage or injury. This Exclusion shall apply without regard to the source or sources of such electromagnetic radiation, or the allegations against an **insured** or basis of an **insured's** liability.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

X.  EMPLOYMENT PRACTICES EXCLUSION

**Bodily injury**, **personal injury** or **property damage** arising out of any:

(1)  Refusal to employ;

(2)  Termination of employment;

(3)  Coercion, demotion, evaluation, reassignment, discipline, defamation,

harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

(4)  Consequential injury as a result of (1) through (3) above.

This Exclusion applies whether an **insured** may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

Y.  MOLD, BACTERIA AND OTHER ORGANICALLY-CAUSED **BODILY INJURY**, **PROPERTY DAMAGE** OR **PERSONAL INJURY** EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** which is, in whole or in part caused by, results from, is attributable or contributed to, or is aggravated by, any stage or form of mold, fungus, bacteria, virus, pollen, including any by-product or substance released by such mold, bacteria, virus, pollen, allergen or other organism or organic matter.

This Exclusion includes any **property damage**, **bodily injury** or **personal injury** caused by removal, eradication, detoxification, remediation or decontamination of mold, fungus, bacteria, pollen, virus, allergen or organic pathogen, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from mold, fungus, bacteria, pollen, virus, allergen or organic pathogen.

This Exclusion applies regardless of the origin or cause of the mold, fungus, bacteria, virus, pollen, allergen or organic pathogen, and whether any other cause of said **bodily injury**, **property damage**, or **personal injury** acted jointly, concurrently or in any sequence with said mold, fungus, bacteria, virus, pollen, allergen or other organic pathogen.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)                        8 2002, all rights reserved.

defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

Z. CERTAIN PROJECTS NOT COVERED EXCLUSION

**Bodily injury** or **property damage** arising from **your work** on or **your product** which is incorporated in a project of construction, including multiple units of construction or developments, where a **claim** of defective construction resulting in **bodily injury** or **property damage** was made before the **policy period**, whether more or different allegations of defective construction and/or resulting damage are made during or after the **policy period.**

AA. PAST PROJECTS EXCLUSION

**Property damage** arising from **your work** or **your product** included within the **products-completed operations hazard**, which is incorporated in a project of construction before the **policy period**, unless the project is specifically endorsed on this Policy and a premium is charged therefor.

BB. LEAD EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** arising from or caused by the existence of or exposure to lead, whether such lead is in pure form or is or was combined with any other chemical or material, and whether the existence of or exposure to lead is or is alleged to have caused damage in any sequence or combination with, or contributed to or was contributed to by any other cause or causes of injury or damage. This Exclusion shall apply without regard to the allegations or basis of the **insured's** liability. This Exclusion includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of lead or property containing lead, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from lead.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph

15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

CC. CONDOMINIUM OR TOWNHOUSE LIABILITY EXCLUSION

(1) **Property damage** or **bodily injury** within the **products-completed operations hazard** arising from, related to or in any way connected with **your work** or **your product** which is, is part of or is incorporated into or upon a condominium, or townhouse project, or to **personal injury** or **advertising injury** arising or resulting from **your** operations performed upon, at or for a condominium or townhouse project.

This Exclusion applies to **property damage, bodily injury, personal injury,** or **advertising injury** arising from, related to or connected with operations, including **your work** or **your product**, performed or supplied with respect to any apartment project or structure which, at the time a claim for such **property damage, bodily injury, personal injury,** or **advertising injury** is first made, has been or is being converted into a condominium or townhouse, whether **your** operations, including **your work** or **your product,** were performed, incorporated or supplied before or after the apartment was converted to a condominium or townhouse project or structure.

A project or development of condominiums or townhomes includes such projects or developments where any or all of the units are held for rental or lease.

(2) Liability for **property damage, bodily injury, personal injury,** or **advertising injury** of any **insured,** or any person or entity for which **you** have assumed liability in an **insured contract,** arising from, related to or in any way connected with the operations on or products supplied to a condominium or townhouse project or development.

DD. FORMALDEHYDE EXCLUSION

**Bodily injury, property damage,** or **personal injury** arising from the manufacture, handling, distribution, sale, application, consumption, use or exposure to any product known as formaldehyde or which has the same chemical formular or which is a formaldehyde derivative or which is generally known in the trade in which it is used as having a like formulation, structure or function by whatever name manufactured, sold or distributed and whether the existence of or exposure to formaldehyde caused or is alleged to have caused damage in any sequence or combination with, or

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

contributed to or was contributed to by any other cause or causes of injury or damage. This Exclusion shall apply without regard to the basis of an **insured's** liability. This Exclusion applies to any injury or damage caused by the removal, eradication, detoxification, remediation or decontamination of formaldehyde or property containing formaldehyde, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from formaldehyde.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

EE. PROFESSIONAL LIABILITY EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of the performance of **professional services**.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon the performance of **professional services**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such suit, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with Paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

FF. **FINANCIAL SERVICES** EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of the rendering or failure to render **financial services**.

GG. BLASTING OPERATIONS EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of blasting or explosion operations.

HH. EXTERIOR INSULATION AND FINISH SYSTEMS EXCLUSION

**Bodily injury** or property **damage** arising out of

or included within the **products-completed operations hazard** which was claimed or alleged to be caused by, or contributed to, or in consequence of exterior insulation and finish systems (E.I.F.S.)

II. CONCRETE SULFATES EXCLUSION

**Property damage** arising from or caused by the exposure of concrete to, or the adsorption or absorption by concrete products of sulfates, whether such sulfate is in pure form or is or was combined with any other chemical or material. This Exclusion applies regardless of the any other cause or causes of the **property damage** and includes defects or negligence in design, construction, inspection or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with the exposure of concrete to sulfates in causing the **property damage**. This Exclusion shall apply without regard to the allegations or basis of the **insured's** liability.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

COVERAGE C. MEDICAL PAYMENTS

1. INSURING AGREEMENT

   a. **We** will pay medical expenses as described below for **bodily injury** caused by an accident:

      (1) On premises **you** own or rent; or

      (2) On ways next to premises **you** own or rent;

   provided that:

      (1) The accident takes place in the **coverage territory**, during the **policy period**;

      (2) The expenses are incurred and reported to **us** within the **policy period**; and

      (3) The injured person submits to examination, at **our** expense, by physicians of **our** choice as often as **we**

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)                    8 2002, all rights reserved.

reasonably require.

b. **We** will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. **We** will pay reasonable expenses for:

(3) First aid at the time of an accident;

(4) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(5) Necessary ambulance, hospital, professional nursing and funeral services.

(3) EXCLUSIONS

**We** will not pay expenses for **bodily injury**:

a. To any **insured**.

b. To a person hired to do work for or on behalf of any **insured** or a tenant of any **insured**.

c. To a person injured on that part of premises any **insured** owns or rents that the person normally occupies.

d. To a person if benefits for the **bodily injury** are payable or must be provided under a workers compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Excluded under Coverage A.

g. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, act of terrorism, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

**We** will pay, with respect to any **claim**, or any **suit we** defend:

1. All expenses **we** incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the **Bodily Injury** Liability Coverage applies. **We** do not have to furnish these bonds nor provide security or collateral for them.

3. The cost of bonds to release attachments or to stay a judgment on appeal, but only for bond amounts within the applicable limit of insurance.

**We** do not have to furnish these bonds nor provide collateral for them.

4. All reasonable expenses **you** incur at **our** request to assist **us** in the investigation or defense of the **claim** or **suit**, including actual loss of earnings up to $100 a day because of time off from work.

5. Costs awarded against **you** in the **suit** for damages, if awarded on a cause or causes of action covered by this insurance, but we will not pay costs which are awarded for attorneys= fees incurred by the opposing party by reason of statute, court rule, regulation or a contractual obligation (except as set forth in paragraph 8 of this section or paragraph b. of EXCLUSIONS: COVERAGES A AND B).

6. Prejudgment interest awarded against **you** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of insurance, **we** will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before **we** have paid, offered to pay, or deposited in court that part of the judgment that is within the coverage of this policy and the applicable limit of insurance.

8. If we defend **you** against a **suit** and **your** indemnitee is also named as a party to the **suit**, we will defend that indemnitee only if all of the following conditions are met:

a. The **suit** against the indemnitee seeks damages for which **you** have assumed the liability of the indemnitee in a contract or agreement that is an **insured contract**;

b. This insurance applies to such liability assumed by **you**;

c. The obligation to defend or the cost of the defense of that indemnitee has also been assumed by **you** in the same **insured contract**;

d. The allegations in the **suit** and the information **we** know about the **occurrence** are such that no conflict appears to exist between **your** interests and the interests of the indemnitee or **you** and the indemnitee agree in writing to waive any such conflict of interest;

e. The indemnitee and **you** ask us to conduct and control the defense of that indemnitee against such **suit** and agree that **we** can assign the same counsel to defend **you** and the indemnitee; and

f. The indemnitee agrees in writing to be bound by the section of this Policy entitled "INSURED'S DUTIES IN THE EVENT OF

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

**OCCURRENCE**, OFFENSE, **CLAIM OR SUIT"** (Section IV.6.);

So long as the above conditions are met, attorneys fees incurred by **us** in the defense of that indemnitee, necessary litigation expenses incurred by **us** and necessary litigation expenses incurred by the indemnitee at **our** request will be paid as Supplementary Payments. Notwithstanding the provisions of EXCLUSIONS: COVERAGES A AND B in exclusion B(2), such payments will not be deemed to be damages for **bodily injury** and **property damage** and will not reduce the limits of insurance.

Our obligation to defend your indemnitee and to pay for attorney's fees and necessary litigation expenses as Supplementary Payments ends when:

  a.  **We** have used up the applicable limit of insurance in the payment of judgments or settlements; or

  b.  The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

These payments will not reduce the limits of insurance.

## SECTION II - WHO IS AN INSURED

1.  If the **Named Insured** is designated in the declarations as:

  a.  An individual, **you** and **your** spouse are **insureds**, but only with respect to the conduct of a business of which **you** are the sole owner and which is designated in the Declarations.

  b.  A partnership or joint venture, **you** are an **insured. Your** members, **your** partners, and their spouses are also **insureds**, but only with respect to the conduct of **your** business.

  c.  A Limited Liability Company, **you** are an **insured, your** members are also **insureds**, but only with respect to the conduct of **your** business. **Your** managers are **insureds**, but only with respect to their duties as **your** managers.

  d.  An organization other than a partnership, joint venture, or Limited Liability Company, **you** are an **insured. Your** executive officers and directors are **insureds**, but only with respect to their duties as **your** officers or directors. **Your** stockholders are also **insureds**, but only with respect to their liability as stockholders.

2.  Each of the following is also an **insured**:

  a.  **Your** employees, other than **your** executive officers, but only for acts within the scope of

their employment by **you**. However, no employee is an **insured** for:

  (1)  **Bodily injury,** or **personal injury** to **you** or to a co-employee while in the course of his or her employment, or the spouse, child, parent, brother or sister of that co-employee as a consequence of such **bodily injury** or **personal injury,** or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

  (2)  **Bodily injury** or **personal injury** arising out of his or her providing or failing to provide professional health care services; or

  (3)  **Property damage** to property owned or occupied or rented or loaned to that employee, any of **your** other employees, or any of **your** partners or members (if **you** are a partnership, joint venture or limited liability company).

  b.  Any person (other than **your** employee) or any organization while acting as **your** real estate manager.

  c.  Any person or organization having proper temporary custody of **your** property if **you** die, but only:

  (1)  With respect to liability arising out of the maintenance or use of that property; and

  (2)  Until **your** legal representative has been appointed.

  d.  **Your** legal representative if **you** die, but only with respect to duties as such. That representative will have all **your** rights and duties under this insurance.

3.  Any organization **you** newly acquire or form during the **policy period,** other than a partnership or joint venture, and over which **you** maintain ownership or majority interest, will qualify as an **insured** if there is no other similar insurance available to that organization. However:

  a.  Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the **policy period,** whichever is earlier;

  b.  Coverage A does not apply to **bodily injury** or **property damage** that occurred before **you** acquired or formed the organization; and

  c.  Coverage B does not apply to **personal injury** or **advertising injury** arising out of an offense committed before **you** acquired or formed the organization

4.  Any other person or entity added by endorsement to this policy as an **insured**, but only to the extent and with the limitations set forth in said

endorsement.

5. No person or entity is an **insured** by virtue of the acquisition of all or any part of the assets of an **insured.**

No person or organization is an **insured** with respect to the conduct of any current or past partnership or joint venture that is not shown as a **Named Insured** in the declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most **we** will pay regardless of the number of:

   a. **Insureds**

   b. **Claims** made or **suits** brought; or

   c. Persons or organizations making **claims** or bringing **suits.**

2. The Aggregate Limit is the most **we** will pay for the sum of:

   a. Damages under Coverage A;

   b. Damages under Coverage B;

   c. Medical expenses under Coverage C.

3. Subject to 2. above, the **Personal** and **Advertising Injury** Limit is the most **we** will pay under Coverage B for the sum of all damages because of all **personal injury** and all **advertising injury** sustained by any one person or organization.

4. Subject to 2. above, the Each **Occurrence** limit is the most **we** will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C because of all **bodily injury** and **property damage** arising out of any one occurrence.

   d. The Medical Expense Limit is the most **we** will pay under Coverage C for all medical expenses because of **bodily injury** sustained by any one person.

5. For purposes of paragraph 4., above, all **bodily injury** and **property damage** caused or alleged to have been caused by **your work** or **your product** which are incorporated into a project of construction, including a development of multiple distinct units, shall be deemed to have been caused by a single **occurrence.**

6. If a single **occurrence** as defined in the policy or as modified for purposes of the application of this section in Paragraph 5., above, causes **bodily injury** or **property damage** in more than one policy period, **we** shall only be liable for a pro-rata share of the highest per **occurrence** limit purchased by an **insured** for any single policy year, even if purchased from another insurer. In calculating **our** pro rata share, only one policy issued by **us** may be utilized.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**We** have no duty to provide coverage or defense under this insurance unless **you** and any other involved **insured** have fully complied with the conditions contained in this policy.

1. BANKRUPTCY

   Bankruptcy or insolvency of the **insured** or of the **insured's** estate will not relieve **us** of **our** obligations under this policy.

2. CANCELLATION

   a. The first **Named Insured** shown in the Declarations may cancel this policy by mailing or delivering to **us** advance written notice of cancellation.

   b. **We** may cancel this policy by mailing or delivering to the first **Named Insured** written notice of cancellation at least:

      (1) Ten (10) days before the effective date of cancellation if **we** cancel for non-payment of premium; or

      (2) Thirty (30) days before the effective date of cancellation if **we** cancel for any other reason.

   c. **We** will mail or deliver **our** notice to the first **Named Insured's** address shown in the declarations.

   d. Notice of cancellation will state the effective date of cancellation. The **policy period** will end on that date.

   e. If this policy is cancelled, **we** will send the first **Named Insured** any premium refund due as follows:

      (1) if **we** cancel, the refund will be pro rata; or

      (2) if the first **Named Insured** cancels, the refund may be less than pro rata and will be computed by the Company's customary short-rate procedure.

   The cancellation will be effective even if **we** have not made or offered a refund. Notwithstanding the foregoing, if **we** have elected to audit the policy rate basis under the provisions of Section IV. paragraph 4. - EXAMINATION OF **YOUR** BOOKS AND RECORDS, the first **Named Insured** agrees to

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)                                        8 2002, all rights reserved.

pay the higher of:

(1) the earned premium as computed by such audit; or

(2) the earned premium as computed by such customary short-rate procedure of the minimum and deposit premium if the first **Named Insured** cancels, or as computed pro rata if **we** cancel.

f. If notice is mailed, proof of mailing will be sufficient proof of notice.

3. CHANGES

This policy contains all the agreements between **you** and **us** concerning the insurance afforded. The first **Named Insured** shown in the Declarations is authorized to make changes in the terms of this policy with **our** written consent. This policy's terms can be amended or waived only by endorsement issued by **us** and made a part of this policy.

4. EXAMINATION OF **YOUR** BOOKS AND RECORDS

**We** may examine and audit **your** books and records as they relate to this policy at any time during the **policy period** and up to three years afterward.

5. INSPECTIONS AND SURVEYS

**We** have the right but are not obligated to:

a. Make inspections and surveys at any time;

b. Give **you** reports on the conditions **we** find; and

c. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. **We** do not make safety inspections. **We** do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. **We** do not warrant that conditions:

a. Are safe or healthful; or

b. Comply with laws, regulations, codes or standards.

6. **INSURED'S** DUTIES IN THE EVENT OF AN **OCCURRENCE**, OFFENSE, **CLAIM** OR **SUIT**.

a. **You** or any involved **insured** must see to it that **we** are notified as soon as possible of an **occurrence** or an offense which may result in a **claim**, whether or not covered by this Policy, but notification to **us** must be made within thirty (30) days from **your**, or any involved **insured's**, first notice of an **occurrence** or offense. To the extent possible, notice should include:

(1) How, when and where the **occurrence** or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the **occurrence** or offense.

b. If a **claim** or **suit** is received by any **insured**, **you** or that **insured** must, as a condition to recovery under this policy:

(1) Immediately record the specifics of the **claim** or **suit** and the date received, and

(2) Notify **us** as soon as practicable, but not more than fifteen (15) days following initial receipt of the **claim** or **suit**.

(3) The requirement to notify **us** applies without regard to whether an **insured** believes, reasonably or otherwise, that the **claim** or **suit** is not covered by this Policy.

(4) Failure to provide the notice required above within the time specified without legal cause or justification shall be presumed to prejudice **us**.

c. **You** and any other involved **insured** must:

(1) Immediately send **us** copies of any demands, notices, summonses or legal papers received in connection with the **claim** or **suit**;

(2) Authorize **us** to obtain records and other information;

(3) Cooperate with **us** in the investigation, settlement or defense of the **claim** or **suit**; and

(4) Assist **us**, upon **our** request, in the enforcement of any right against any person or organization which may be liable to the **insured** because of injury or damage to which this insurance may also apply.

Notice of an **occurrence** or offense is not notice of a **claim** or **suit**.

d. Irrespective of reasons, excuse, justification, or prejudice to us:

(1) **We** shall not be liable for any cost, payment, expense (including legal expense) or obligation assumed or incurred by an **insured** or anyone acting for or on behalf of an **insured**, without **our** express consent; and

(2) **We** shall have no liability for any default judgment entered against any **insured**, nor for any judgment, or settlement or determination of liability rendered or

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

entered before notice to **us** giving **us** a reasonable time in which to protect **our** and the **insured's** interests.

Nothing in this paragraph d. shall be construed to expand upon coverage nor lengthen or expand the periods in which **claims** or **suits** are to be reported as set forth in paragraphs a. through c. of this Section.

## 7. LEGAL ACTION AGAINST **US**

No person or organization has a right under this insurance:

a. To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an **insured**; or

b. To sue **us** on this insurance unless all of its terms have been fully complied with.

Subject to paragraph 6, above, a person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an **insured** obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by **us**, the **insured** and the claimant or the claimant's legal representative.

## 8. OTHER INSURANCE, DEDUCTIBLES AND SELF-INSURED RETENTIONS

If other insurance is available to an **insured** for a loss **we** cover under Coverages A or B of this policy, **our** obligations are limited as follows:

a. Excess Insurance

This insurance is excess over any other insurance, and deductibles or self-insured amounts applicable to the loss, damage, or injury, whether such insurance is primary, excess, contingent or contributing, and whether an **insured** is a **named insured** or additional insured under said policy.

When this insurance is excess, **we** will have no duty under Coverage A or B to defend any **claim** or **suit** that any other insurer has a duty to defend.

When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all other insurance.

**We** will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations.

b. Primary Insurance

Where no other insurance is available to an **insured**, this insurance is primary. When other insurance applicable to the loss, injury or damage on behalf of the **insured** is also excess, as set forth in paragraph a. above, then **we** will share with all that other excess insurance by the method described in paragraph c. below, except that this insurance shall always be excess to any other insurance available to an **insured** who is not a **Named Insured** under this policy, and which is issued to such **insured** as a **Named Insured**.

c. Method of Sharing

Where the loss, damage or injury does not involve or arise from continuous or progressive **bodily injury** or **property damage**, or an exposure to conditions in more than one policy year, the following method of sharing shall be followed, subject to the per **occurrence** and per offense limits of coverage:

(1) If all of the other contributing insurance permits contribution by equal shares, **we** will follow this method, subject to the policy limits, until the highest per occurrence limit of available insurance has been reached.

(2) If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits, up to the applicable per occurrence policy limit as set forth in this policy

The above methods of sharing will also apply where no primary insurance, as set forth in paragraph b. above, is applicable to the loss. In such instance, all applicable deductibles and/or self-insured amounts must first be exhausted before this insurance will apply.

## 9. PREMIUM AUDIT

a. **We** will compute all premiums for this policy in accordance with **our** rules and rates.

b. If the premium for this policy is designated as a MINIMUM AND DEPOSIT PREMIUM, then **we** shall be entitled to retain that premium in full, notwithstanding any subsequent audit showing an earned premium to be less than the amount designated as the MINIMUM AND DEPOSIT PREMIUM. Notwithstanding the foregoing, a MINIMUM AND DEPOSIT PREMIUM is subject to an upward adjustment if an audit shows that the total

OCC1-19 (Ed. 02/05/02 rev. 04/22/02) ⓒ 2002, all rights reserved.

earned premium exceeds the MINIMUM AND DEPOSIT PREMIUM. In that case, the amount by which the total earned premium exceeds the MINIMUM AND DEPOSIT PREMIUM shall be due and payable on notice to the first **Named Insured**.

c.   The first **Named Insured** must keep records of the information **we** need for the premium computation, and send **us** copies at such times as **we** may request.

d.   If any **Named Insured** refuses to allow **us** access to its records sufficiently to conduct such audit, then **we** shall, at **our** sole discretion, have the option to pursue either one of the following:

(1)  To initiate all available legal and/or equitable remedies available in a court of proper jurisdiction to enforce and accomplish the subject audit; or,

(2)  To invoice the first **Named Insured** for an additional premium equal to the greater of twenty-five percent (25%) of the original minimum and deposit premium shown on the declarations page of this policy or five thousand dollars ($5,000) for each **Named Insured**.

e.   Additional premiums invoiced under Section IV.9.d(2), above, are due and payable on such invoicing to the first **Named Insured**. Interest allowed by the first **Named Insured's** state laws, or if no such laws, then ten percent (10%) interest, shall begin to accrue thirty (30) days after such invoicing on all amounts due from the first **Named Insured** under said Section IV, Paragraph 9d. above. The first **Named Insured** further agrees to pay, upon demand, all reasonable attorneys' fees, collection costs, and court costs required by **us** to enforce **our** rights and remedies under either option (1) or option (2) set forth in said Section IV, Paragraph 9d. above.

f.   Any single waiver by **us** of auditing the subject policy, including but not limited to waiving the audit upon a return premium, shall not act as a continuing or permanent waiver, and **we** shall still have the right to audit at any time, at **our** sole discretion, for a three year time period following the termination date of this policy.

10. PREMIUMS

The first **Named Insured** shown in the Declarations:

a. Is responsible for the payment of all premiums; and

b. Will be the payee for any return premiums **we** pay.

11.       REPRESENTATIONS

By accepting this policy, **you** agree:

a.   The statements **you** made in the declarations and applications and questionnaires are accurate and complete;

b.   **We** have issued this policy in reliance upon **your** representations; and

c.   False, misleading, inaccurate or incomplete statements may void coverage.

12. SEPARATION OF **INSUREDS**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned to the first **Named Insured**, this insurance applies:

a.   As if each **insured** were the only **insured**; and

b.   Separately to each **insured** against whom **claim** is made or **suit** is brought.

13. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any **insured** has the right to recover all or part of any payment **we** have made under this insurance, those rights are transferred to **us**. An **insured** must do nothing after loss to impair these rights. At **our** request, an **insured** will bring **suit** and help **us** enforce these rights.

14. TRANSFER OF **YOUR** RIGHTS AND DUTIES UNDER THIS POLICY

**Your** rights and duties under this policy may not be transferred without **our** written consent except in the case of death of an individual **Named Insured**.

If **you** die, **your** rights and duties under this policy will be transferred to **your** legal representative, but only while acting within the scope of duties as **your** legal representative. Until **your** legal representative is appointed, anyone having proper temporary custody of **your** property will have **your** rights and duties, but only with respect to that property.

15. REIMBURSEMENT OF DEFENSE COSTS WHERE **WE** ELECT NOT TO DEFEND

Where pursuant to an exclusion giving us the right, but not the obligation to defend a **suit**, **we** do not elect to defend such **suit**, at the conclusion or resolution of the **suit** **we** shall reimburse **you** for **your** reasonable attorneys' fees and litigation costs incurred in defending such **suit** which would otherwise have been incurred by **us**, in accordance with the following:

a.   Upon a settlement or final judgment comprised of liability covered by this policy and liability excluded by an exclusion giving **us** the right but not the obligation to defend, **we** will reimburse said fees and costs in the proportion to which damages not excluded

§ 2002, all rights reserved.

therein bear to the entire amount of damages paid by **you** or on **your** behalf.

b. Where no damages are awarded against **you** in a final judgment, nor any settlement reached requiring payment by **you** or on **your** behalf or where no damages are paid for liability excluded by an exclusion giving **us** the right but not the obligation to defend, **you** and **we** agree to be bound by the decision of an impartial arbitrator who shall review all invoices and work performed by **your** attorneys.

c. As a condition precedent to **your** right to reimbursement, **you** and **your** attorneys shall keep **us** informed of the progress of **suit** and provide to **us** access to all information necessary or appropriate to evaluate the **claim**, **suit**, settlement and the reasonableness, amount and allocation of attorneys' fees and litigation expense.

d. In any proceeding to seek reimbursement of costs and expenses incurred in defending the **suit**, **you** shall bear the burden of proving the amount of damages allocable to claims or allegations excluded by an exclusion giving **us** the right, but not the obligation to defend, the amount of damages allocable for claims or allegations not excluded by this Exclusion, and the amount of reimbursement to which **you** are entitled.

## SECTION V – DEFINITIONS

1. **ADVERTISING INJURY**

   **Advertising injury** means injury other than **bodily injury** arising out of one or more of the following offenses committed in the course of and through the means of **your** advertising activities:

   (a) Oral or written publication of material that slanders or libels a person, or

   (b) Oral or written publication of material that violates a person's right of privacy.

2. **AUTO**

   **Auto** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. **Auto** does not include **mobile equipment**.

3. **BODILY INJURY**

   **Bodily injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. **Bodily injury** does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from prior physical injury, physical sickness or

physical disease otherwise covered under this policy.

4. **CLAIM**

   **Claim** means a request or demand for money or services because of **bodily injury**, **property damage**, **personal injury** or **advertising injury**, received by **us** or an **insured** including the service of **suit** or institution of arbitration proceedings against an **insured**. **Claim** does not include reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a **claim** under this policy.

5. **COVERAGE TERRITORY**

   **Coverage territory** means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

   c. All parts of the world if:

      1. The injury or damage arises out of:

         a. Goods or products made and sold by **you** in the territory described in paragraph a. above; or

         b. The activities of a person whose home is in the territory described in paragraph a. above, but is away for a period of less than thirty (30) days on **your** business; and

      2. **Your** responsibility to pay damages is determined in a **suit** on the merits, in the territory described in paragraph a. above or in a settlement **we** agree to.

6. **FINANCIAL SERVICES**

   **Financial services** means services related to or arising out of the following:

   a. Planning, administering or advising on:

      1. Any investment, pension, annuity, savings, checking or retirement plan, fund or account;

      2. The issuance or withdrawal of any bond, debenture, stock or other securities;

      3. The trading of securities, futures, commodities, or currencies;

   b. Acting as a dividend disbursing agent, exchange agent, redemption or subscription agent, warrant or script agent, fiscal or paying agent, tax withholding agent, escrow agent, clearing agent, or electronic funds transfer

16

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

§ 2002, all rights reserved.

agent;

c. Lending or arranging for the lending of money, including credit card, debit card, leasing or mortgage operations or activities, including securing financing, refinancing, or interbank transfers;

d. Repossessing of real or personal property or acting as an assignee for the benefit of creditors;

e. Checking, evaluating or reporting of credit;

f. Maintaining of financial accounts or records;

g. Compliance with local, State or Federal tax laws including but not limited to tax planning, tax advising or the preparation of tax returns;

h. Selling or issuing travelers checks, letters of credit, certified checks, cashier checks, bank checks, money orders or advances on payroll checks.

## 7. IMPAIRED PROPERTY

**Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

b. **You** have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

(1) The repair, replacement, adjustment or removal of **your product** or **your work**; or

(2) **Your** fulfilling the terms of the contract or agreement, even though such property may be damaged in the course of the repair, replacement, adjustment or removal of **your product** or **your work**.

## 8. INSURED

**Insured** means the **Named Insured** and any other person or organization qualifying as such under this policy.

## 9. INSURED CONTRACT

**Insured contract** means that part of any written contract or written agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the **tort liability** of another party to pay for **bodily injury** or **property damage** to a third person or organization, but only if such **bodily injury** or **property damage** is not otherwise excluded by

this insurance.

An **insured contract** does not include that part of any contract or agreement:

a. That indemnifies any person or organization for **bodily injury** or **property damage** arising out of construction or demolition operations, within fifty (50) feet of any railroad property;

b. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, field orders, change orders, or drawings, designs or specifications; or

(2) Giving directions or instructions, or failing to give them;

c. Under which **you**, if an architect, engineer or surveyor, assume liability for an injury or damage arising out of **your** rendering or failure to render **professional services**;

d. That indemnifies any person or organization for damage by fire to premises rented or loaned to **you**;

e. That portion of the contract for the lease of premises that indemnifies any person or organization for damage by fire to premises rented to **you** or temporarily occupied by **you**.

## 10. LOADING OR UNLOADING

**Loading** or **unloading** means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**.

b. While it is in or on an aircraft, water craft or **auto**; or

c. While it is being moved from an aircraft, water craft or **auto** to the place where it is finally delivered;

but **loading** or **unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

## 11. MOBILE EQUIPMENT

**Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises **you** own or rent;

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

17

8 2002, all rights reserved.

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted.

   (1) Power cranes, shovels, loaders, diggers or drills; or

   (2) Road construction or resurfacing equipment such as graders, scrapers or rollers.

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   (1) Air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment; or

   (2) Cherry pickers and similar devices used to raise or lower workers.

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

   (1) Equipment designed primarily for:

     (a) Snow removal;

     (b) Road maintenance, but not construction or resurfacing;

     (c) Street Cleaning;

   (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   (2) Air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment.

## 12. NAMED INSURED

**Named Insured** means the person or organization named in Item 1.of the Declarations of this policy.

## 13. OCCURRENCE

**Occurrence** means an accident, including a continuous or repeated exposure to substantially the same generally harmful condition.

## 14. PERSONAL INJURY

**Personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. Actual and complete physical eviction of a person from a dwelling;

d. Oral or written publication of material that slanders or libels a person or organization; or

e. Oral or written publication of material that violates a person's right of privacy.

## 15. POLICY PERIOD

**Policy period** means the term of this policy from its inception date to the earlier of its expiration date, shown in the Declarations, or the date of any cancellation.

## 16. POLLUTANT

**Pollutant** means any solid, liquid, gaseous or thermal irritants or contaminants, which include but are not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, waste, biological elements and agents, and intangibles such as noise, light and visual esthetics, the presence of any or all of which adversely affects human health or welfare, unfavorably alters ecological balances or degrades the vitality of the environment for esthetic, cultural or historical purposes, whether such substances would be or are deemed or thought to be toxic, and whether such substances are naturally occurring or otherwise.

**Waste** includes but is not limited to any material or substances to be recycled, reconditioned or reclaimed, and any substance or material produced as a by-product or side effect of any process.

**Pollution** as used herein means any form of **pollutant** which forms the basis for liability, whether the **pollution** is said to cause physical injury or not, which by volume or timing or any other factor is said to give rise to liability.

## 17. PRODUCTS-COMPLETED OPERATIONS HAZARD

**Products-completed operations hazard**:

a. includes all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your work** except:

   (1) Products that are still in **your** physical possession; or

   (2) Work that has not yet been completed.

b. **Your work** will be deemed completed at the earliest of the following times:

   (1) When all of the work called for in **your** contract has been completed.

   (2) When all of the work to be done at the job site has been completed if **your** contract

18

8 2002, all rights reserved.

calls for work at more than job site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, after it is complete as set forth in paragraph b. above, will be treated as completed even though a contract requires such service, maintenance, correction, repair or replacement.

c. This hazard does not include **bodily injury** or **property damage** arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the **loading** or **unloading** of that vehicle; or

(2) The existence of tools, uninstalled equipment or abandoned or unused materials;

## 18. PROFESSIONAL SERVICES

**Professional services** means services arising out of a vocation, calling, occupation or employment involving specialized knowledge, labor or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual including but not limited to services rendered as an accountant, attorney, paralegal, insurance agent and/or broker, nurse, physician, hospital, real estate agent and/or broker, architect, engineer, surveyor, literary agent or veterinarian.

## 19. PROPERTY DAMAGE

**Property damage** means physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it. Loss of use of tangible property unaccompanied by physical injury to that property is not **property damage**.

## 20. SUIT

**Suit** means a civil proceeding in which damage because of **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies are alleged. **Suit** includes:

a. An arbitration proceeding in which such damages are claimed and to which an **insured** must submit or does submit with **our** consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which an **insured** submits with **our** consent.

## 21. TORT LIABILITY

**Tort liability** or **tort damages** means liability or damages that would be imposed by law in the absence of any contract or agreement.

## 22. YOUR PRODUCT

**Your product** means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) **You**;

(2) Others trading under **your** name; or

(3) A person or organization whose business or assets **you** have acquired; and

b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Your product** includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and

b. The providing of or failure to provide warnings or instructions.

**Your product** does not include vending machines or other property rented to or located for the use of others but not sold.

## 23. YOUR WORK

**Your work** means:

a. Work or operations performed by **you** or on **your** behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

**Your work** includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**; and

b. The providing of or failure to provide warnings or instructions.

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)          § 2002, all rights reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

1446296v.1                    COMPLAINT

# BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG

## A Risk Retention Group

8961 West Sahara - Suite 106
LAS VEGAS, Nevada 89117  (702) 254-4494

# D E C L A R A T I O N S

This Declaration Page is issued in conjunction with and forms a part of Policy Number: APG 4500148

Renewal of Number: WES 1500093

**Item 1.**  **Name of Insured:**  LITTRELL HOMES    See *9

**Address**   1625 HOWARD RD., #158

MADERA, CA 93637

**Item 2.**  **Policy Period:**    SEPTEMBER 16, 2003    **to**    SEPTEMBER 16, 2004
(12:01 a.m. unless otherwise specified)

**Item 3.**  **Description of Insurance afforded hereunder:**  COMMERCIAL GENERAL LIABILITY

**Item 4.**  **Limits of Liability:**  Coverage is provided only if a limit is shown below:

| | |
|---|---|
| Aggregate Limit | $ 1,000,000.00 |
| Personal & Advertising Injury Limit | $ 1,000,000.00 |
| Each Occurrence Limit | $ 1,000,000.00 |
| Medical Payments Limit | $ 5,000.00 (any one person) |

**Item 5.**  **Self Insured Retention:** $ _____   ☐ Per Claim   ☐ Per Occurrence/Offense

**Item 6.**  **Deductible:**   $ 7,500.00   ☒ Per Claim   ☐ Per Occurrence/Offense
*SEE ENDORSEMENT #2*

**Item 7.**  **The Named Insured is:** ☐ Individual   ☒ Corporation   ☐ Partnership
☐ Joint Venture   ☐ Other   ☐ Limited Liability Company

**Item 8.**  **Premium:  The premium stated herein is the minimum premium for the policy period.**  Any adjustment upon audit will be upward only.  There will be no premium refund of the minimum premium upon audit, if the estimated exposure is less than shown herein.

☒ Annual   ☐ Term   $ ████████████████

☐ Flat   ☒ Adjustable at a Rate of ████████████████

☐ Flat Fully Earned   **Estimated Exposure:** ████████

**Item 9.**  **Endorsements and forms attached to this Policy:**  OCC1-19 (Ed. 02/05/02) (rev. 04/22/02);

ENDORSEMENTS 1 THROUGH 8

_____   _____
Company   Countersignature of Authorized Representative

NOTE: **This policy is issued by your risk retention group. Your risk retention group may not be subject to all of insurance laws and regulations of your state. State insurance insolvency guaranty funds are not available for retention group.**

JR (Ed. 02/05/02)

# ENDORSEMENT

R0200
(E.D. 02/05/02) (Rev. 06/19/03)

| ENDT. NO. | 1 |
|---|---|

## CLAIMS REPORTING

IN THE EVENT OF ANY OCCURRENCE THAT MAY RESULT IN A CLAIM AGAINST THIS POLICY, THE INSURED SHOULD IMMEDIATELY REPORT SUCH OCCURRENCE TO:

**CLAIMS ADJUSTING SERVICES, INC.**
P.O. BOX 317
SOLVANG, CALIFORNIA 93464-0317
TELEPHONE:  (805) 691-1670
FAX NUMBER:  (805) 691-1672

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0401
(E.D. 02/05/02)

| | ENDT. NO. | 2 |

## PER CLAIM DEDUCTIBLE

IT IS AGREED THAT $___7,500.00___ SHALL BE DEDUCTED FROM EACH AND EVERY **CLAIM** UNDER THIS POLICY, IRRESPECTIVE OF THE NUMBER OF **CLAIMS** WHICH MAY BE JOINED IN ANY ONE **SUIT**, ARBITRATION, MEDIATION, OR ANY OTHER FORM OF LEGAL PROCEEDING.  SUCH COVERAGE AS IS AFFORDED UNDER THIS POLICY APPLIES SUBJECT TO THE FOLLOWING CONDITIONS:

1.   THE DEDUCTIBLE(S) SHALL APPLY TO THE **NAMED INSURED** FOR ALL COSTS INCURRED BY **US** ON BEHALF OF ANY **INSURED** FOR ADJUSTING, LEGAL AND RELATED EXPENSES AS WELL AS ANY PAYMENTS MADE BY US TOWARD THE SETTLEMENT OF EACH AND EVERY **CLAIM**.

2.   ALL OF THE OTHER TERMS AND PROVISIONS OF THIS POLICY, INCLUDING THOSE WITH RESPECT TO AN **INSURED'S** OBLIGATIONS UPON AN **OCCURRENCE** OR **CLAIM** AND **OUR** RIGHT TO INVESTIGATE, DEFEND, NEGOTIATE AND/OR SETTLE ANY **CLAIM** OR **SUIT**, APPLY IRRESPECTIVE OF THE APPLICATION OF THE DEDUCTIBLE(S).

3.   THE **NAMED INSURED** SHALL CONTRIBUTE THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS FROM THE DATE OF REQUEST BY **US** OR **OUR** REPRESENTATIVE. THE REQUEST FOR PAYMENT OF THE DEDUCTIBLE(S) HEREIN SET FORTH SHALL BE SENT TO THE **NAMED INSURED** BY ORDINARY MAIL ADDRESSED TO THE FIRST **NAMED INSURED** AT THE ADDRESS LISTED IN THE POLICY. THE TEN (10) DAYS SHALL BEGIN TO APPLY FROM THE POSTMARK OF THE LETTER BEARING SUCH REQUEST. FAILURE OF THE **NAMED INSURED** TO PAY THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS AS HEREIN SET FORTH SHALL VOID THE POLICY WITH RESPECT TO THE **CLAIM(S)** INVOLVED.

4.   **WE** SHALL HAVE THE RIGHT TO MAKE PARTIAL DEDUCTIBLE RECOVERIES FROM THE **NAMED INSURED** WHEN PARTIAL SETTLEMENTS AND/OR EXPENSE BELOW THE FULL AMOUNT OF THE DEDUCTIBLE(S) ARE INCURRED BY **US**.

5.   AS RESPECTS COVERAGES A, B AND C OF THIS POLICY, THE DEDUCTIBLE APPLIES EQUALLY TO ALL DAMAGES SUSTAINED BY ANY ONE PERSON OR ORGANIZATION AS A RESULT OF ANY ONE **CLAIM**.

6.   FAILURE OR DELAY BY **US** IN SEEKING REIMBURSEMENT OF THE DEDUCTIBLE(S) SHALL NOT BE CONSIDERED A WAIVER BY US.  **WE** MAY DEDUCT FROM ANY PAYMENT ON JUDGEMENT OR SETTLEMENT THE AMOUNT OF ANY DEDUCTIBLE(S) NOT REIMBURSED AS OF THE DATE SUCH PAYMENT IS DUE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| **BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG** | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0500
(E.D. 02/05/02)

| ENDT. NO. | 3 |
|---|---|

## CONTRACTORS SPECIAL CONDITIONS

AS A CONDITION PRECEDENT TO THIS POLICY APPLYING TO ANY CLAIM IN WHOLE OR IN PART BASED UPON WORK PERFORMED BY INDEPENDENT CONTRACTORS, THE INSURED MUST HAVE PRIOR TO THE DATE OF THE LOSS GIVING RISE TO THE **CLAIM**:

(1)   RECEIVED A WRITTEN INDEMNITY AGREEMENT FROM THE INDEPENDENT CONTRACTOR HOLDING THE INSURED HARMLESS FOR ALL LIABILITIES, INCLUDING COSTS OF DEFENSE, ARISING FROM THE WORK OF THE INDEPENDENT CONTRACTOR; AND

(2)   OBTAINED CERTIFICATES OF INSURANCE FROM THE INDEPENDENT CONTRACTOR INDICATING THAT THE INSURED IS NAMED AS AN ADDITIONAL INSURED AND THAT COVERAGE IS MAINTAINED EQUAL TO OR GREATER THAN PROVIDED BY THIS POLICY WITH LIMITS OF AT LEAST $1,000,000 PER OCCURRENCE.

(3)   THE INSURED HAS MAINTAINED THE RECORDS EVIDENCING COMPLIANCE WITH SUBSECTIONS 1 AND 2.

THE INSURANCE PROVIDED BY THIS POLICY SHALL BE EXCESS OVER AND ABOVE ANY OTHER VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE INSURED UNDER SUBSECTION (2).

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0600
(E.D. 02/05/02  Rev 07/18/02)

| ENDT. NO. | 4 |
|---|---|

## MINIMUM EARNED PREMIUM

IT IS AGREED THAT ████████████████ OF THE ANNUAL PREMIUM IS
FULLY EARNED AS OF THE INCEPTION DATE OF THE POLICY.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0101
(E.D. 02/05/02)

| ENDT. NO. | 5 |

### ADDITIONAL INSURED

IT IS AGREED THAT COVERAGE IS PROVIDED TO THE ADDITIONAL INSURED(S) AS FOLLOWS:

1.  SECTION II OF THE POLICY (WHO IS AN INSURED) IS AMENDED TO INCLUDE ANY PERSON OR ORGANIZATION THAT THE **NAMED INSURED** HAS AGREED IN AN **INSURED CONTRACT** TO NAME AS AN ADDITIONAL **INSURED** PROVIDED THE **BODILY INJURY** OR **PROPERTY DAMAGE** OCCURS SUBSEQUENT TO THE EXECUTION OF THE **INSURED CONTRACT** AND THE **BODILY INJURY** OR **PROPERTY DAMAGE** ARISES FROM **YOUR WORK** PERFORMED DURING THE POLICY TERM.

2.  THE APPLICABLE LIMIT OF THE COMPANY'S LIABILITY SHALL NOT BE INCREASED BY THE INCLUSION OF ANY NUMBER OF ADDITIONAL INSUREDS.

3.  OTHER THAN AS EXPRESSLY MODIFIED HEREIN, COVERAGE FOR THE ADDITIONAL INSURED IS GOVERNED BY THE TERMS AND CONDITIONS OF THIS POLICY, INCLUDING THE INSURING AGREEMENTS.

4.  THE COVERAGE PROVIDED FOR THE ADDITIONAL INSURED IS ONLY TO THE EXTENT THE ADDITIONAL INSURED IS HELD LIABLE FOR THE NEGLIGENCE OR STRICT LIABILITY OF THE NAMED INSURED. NO COVERAGE IS PROVIDED FOR LIABILITY BASED UPON THE ACTS, ERRORS OR OMISSIONS OF THE ADDITIONAL INSURED.

5.  NO COVERAGE IS PROVIDED TO AN ADDITIONAL INSURED FOR DAMAGES BECAUSE OF BODILY INJURY TO AN EMPLOYEE OF THE NAMED INSURED, WHETHER SUIT IS BROUGHT OR CLAIM IS MADE BY THE EMPLOYEE OR THE PARENT, SPOUSE, CHILD OR SIBLING OF SUCH EMPLOYEE, OR ANY ENTITY SEEKING DAMAGES BECAUSE OF INJURY TO SUCH EMPLOYEE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0905
(E.D. 02/05/02)

| ENDT. NO. | 6 |
|---|---|

## WAIVER OF SUBROGATION

IT IS AGREED WAIVER OF SUBROGATION IS ADDED TO THIS POLICY REGARDING ANY ADDITIONAL INSURED.

WE WAIVE ANY RIGHT OF RECOVERY WE MAY HAVE AGAINST THE PERSON OR ORGANIZATION SHOWN IN ENDORSEMENT NUMBER ( 5 ), THE ADDITIONAL INSURED ENDORSEMENT, BECAUSE OF PAYMENTS WE MAKE FOR INJURY OR DAMAGE ARISING OUT OF "YOUR WORK" DONE UNDER A CONTRACT WITH THAT PERSON OR ORGANIZATION.  THE WAIVER APPLIES ONLY TO THE PERSON OR ORGANIZATION SHOWN IN THE SCHEDULE (BLANKET).

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0024
(E.D. 02/05/02)

| | |
|---|---|
| **ENDT. NO.** | 7 |

## COURSE OF ROOFING OPERATIONS EXCLUSION

IT IS AGREED THAT THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED DOES NOT PROVIDE COVERAGE FOR LIABILITY OF ANY INSURED ARISING FROM PROPERTY DAMAGE TO BUILDINGS, STRUCTURES, CONTENTS OR ANY REAL OR PERSONAL PROPERTY RELATED THERETO, ARISING FROM OR CAUSED BY, IN WHOLE OR IN PART, THE INFLUX OR INTRUSION OF RAIN, HAIL, SNOW OR ANY OTHER FORM OF PRECIPITATION DURING THE COURSE OF WORK OR OPERATIONS TO OR UPON A ROOF OR OTHER COVERING SUCH BUILDING OR OTHER STRUCTURE, WHETHER OR NOT CAUSED BY THE NEGLIGENCE OF THE INSURED, ITS PRINCIPALS, AGENTS, SUBCONTRACTORS OR ANY OTHER PERSON OR ENTITY FOR WHICH THE INSURED MAY BE LIABLE.  WORK OR OPERATIONS UPON A ROOF OR OTHER COVERING STRUCTURE SHALL BE DEEMED COMPLETE ONLY WHEN ALL WORK OR OPERATIONS UPON IT HAS BEEN FINISHED, WHETHER THE SCOPE OF THE INSURED'S WORK OR OPERATIONS INCLUDES COMPLETION OF THE ROOF OR OTHER COVERING STRUCTURE, AND EVEN THEN NOT UNTIL THE ROOF OR OTHER STRUCTURE IS COMPLETELY FINISHED FROM THE STANDPOINT OF ANY PERSON OR ENTITY INVOLVED.  THIS EXCLUSION APPLIES TO LIABILITY OF AN INSURED HOWSOEVER INCURRED OR ALLEGED, INCLUDING LIABILITY CLAIMED TO ARISE UNDER AN INSURED CONTRACT.

*THIS COURSE OF ROOFING EXCLUSION DOES NOT APPLY TO PROPERTY DAMAGE ARISING OUT OF **YOUR WORK** OR **YOUR PRODUCT** FIRST PERFORMED OR SUPPLIED OR INCORPORATED PRIOR TO CERTIFICATION FOR OCCUPANCY.*

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| **BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG** | Countersignature of Authorized Representative |
|---|---|
| | |

# ENDORSEMENT

R0049
(E.D. 04/05/02)

| ENDT. NO. | 8 |

## <u>TORCH DOWN AND TORCH ON ROOFING EXCLUSION</u>

IT IS AGREED THAT NO COVERAGE IS AFFORDED FOR ANY LIABILITY OR CLAIM THAT ARISE OUT OF, IS RELATED TO, OR CONNECTED WITH WAND, OPEN FLAME, TORCH AND/OR HEAT APPLICATIONS COMMONLY KNOWN IN THE ROOFING INDUSTRY AS TORCH DOWN AND/OR TORCH ON.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2003 |

| BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R1005
(E.D. 02/05/02)

| ENDT. NO. | 9 |
|---|---|

## <u>NAMED INSURED AMENDMENT</u>

IT IS AGREED THE DECLARATIONS PAGE, FORM NBIS_OCUR (Ed 02/05/02), IS AMENDED, IN PART, TO READ AS FOLLOWS:

ITEM 1.   NAME OF INSURED:

      L & L CONSTRUCTION
      DBA:  LITTRELL HOMES

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 03/31/2004 |

| **ProBuilders Specialty Insurance Company, RRG**<br>**A Risk Retention Group** | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

| ENDORSEMENT |
|---|

R0802
(E.D. 02/05/02)

| ENDT. NO. | 10 |
|---|---|

## FINAL AUDIT

IT IS AGREED FOR AN ADDITIONAL PREMIUM OF ▇▇▇▇▇▇, THE FINAL AUDIT IS COMPLETED
AS OUTLINED BELOW.

PERIOD:                          09/16/03   TO   09/16/04

EXPOSURE FOR PERIOD:             ▇▇▇▇▇▇

RATE:                            ▇▇▇▇

RATE BASIS:                      ▇▇▇▇

PREMIUM BASIS:                   ▇▇▇▇▇▇

EARNED PREMIUM:                  ▇▇▇▇▇

LESS DEPOSIT PREMIUM:            ▇▇▇▇▇

TOTAL ADDITIONAL PREMIUM:        ▇▇▇▇▇

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 4500148 | LITTRELL HOMES | 09/16/2004 |

| **ProBuilders Specialty Insurance Company, RRG**<br>**A Risk Retention Group** | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

SEP-09-2003 TUE 12:26 PM                    FAX NO.                         P. 02/07

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION - APG INSURANCE SERVICES**

| | |
|---|---|
| 1. PRODUCER NAME: | APG Insurance Services |
| 2. PRODUCER ADDRESS: | 22837 Ventura Blvd. #301, Woodland Hills, Ca. 91364 |

| | | |
|---|---|---|
| 3. PRODUCER TELEPHONE: | 818 591 1999 | 4. PRODUCER CONTACT NAME  Shani Rettberg x 202  or Joni Macdessi x 212 |
| 5. PRODUCER FAX | 818 225 9411 | 6. PRODUCER E-MAIL  srettberg@apginsurance.com or jmacdessi@apginsurance.com |

| | |
|---|---|
| 7. APPLICANT NAME | L&C Construction  DBA: Littrell Homes |

☐ INDIVIDUAL   ☐ PARTNERSHIP   ☒ CORPORATION   ☐ JOINT VENTURE   ☐ LLC   ☐ OTHER

| | |
|---|---|
| 8. APPLICANT STREET ADDRESS | 2422 Alexander |
| 9. CITY | Chowchilla |

10. STATE  CA     11. ZIP  93610

| | |
|---|---|
| 12. APPLICANT MAILING ADDRESS | 1125 Elwood Road #158 |
| 13. CITY | Madera |

14. STATE  CA     15. ZIP  93637

| | |
|---|---|
| 16. PHONE NUMBER | (559) 665-3102 |
| 17. INSPECTION CONTACT NAME: | Robbie Littrell |

| | | |
|---|---|---|
| 18. YEARS IN BUSINESS UNDER CURRENT NAME | 20 yrs. | 19. TOTAL YEARS EXPERIENCE AS A CONTRACTOR  20 yrs     YEARS |
| 20. CONTRACTOR LICENSE NUMBER (S)  601150 | 21. LICENSED STATE (S)  CA | 22. TAX ID NUMBER |

| | | | | |
|---|---|---|---|---|
| 23. PROPOSED POLICY EFFECTIVE DATE  9/16/2003 | 24. REQUESTED PER OCCUR. LIMIT  $ 1,000,000. | 25. REQUESTED AGGREGATE LIMIT  $ 1,000,000. | 26. REQUESTED PER CLAIM DEDUCTIBLE  $ 5,000. |

| | |
|---|---|
| 27. DESCRIPTION OF YOUR OPERATIONS | Insured is building approximately 40 homes annually.  Of the 40 homes 35 will be built in development (called Greenhills, Chowchilla, CA. |

**EXPLAIN ALL "YES" RESPONSES IN REMARKS**

28. HAVE YOU PERFORMED IN THE PREVIOUS THREE (3) YEARS, OR PLAN TO PERFORM IN THE NEXT YEAR, ANY OF THE FOLLOWING:

| | YES | NO | | YES | NO | | YES | NO | | YES | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A. AIRPORT WORK | ☐ | ☒ | F. DAMS, LEVEES OR BRIDGES | ☐ | ☒ | K. OIL LEASE WORK | ☐ | ☒ | O. TOWNHOUSES | ☐ | ☒ |
| B. ASBESTOS ABATEMENT | ☐ | ☒ | G. DEMOLITION XS 3 STORIES | ☐ | ☒ | L. RAILROADS | ☐ | ☒ | P. TRAFFIC SIGNALS | ☐ | ☒ |
| C. BLASTING OPERATIONS | ☐ | ☒ | H. EARTHQUAKE RETROFIT | ☐ | ☒ | M. SCAFFOLDING ERECTION | ☐ | ☒ | Q. TUNNELING | ☐ | ☒ |
| D. CHEMICAL SPRAYING | ☐ | ☒ | I. EMPLOYEE LEASING | ☐ | ☒ | N. SWIMMING POOLS | ☒ | ☐ | R. WRAP UPS OR OCIPS | ☐ | ☒ |
| E. CONDOMINIUMS | ☐ | ☒ | J. EXTERMINATION | ☐ | ☒ | | | | | | |

REMARKS: Approximately 2 times a year will build a swimming pool with new home. Mr. Littrell bid home with pool in it he builds home he subcontracts all pool work.

© BCIC 2002 (5/20/02)                         1 OF 1                              BCICAPP

SEP-09-2003 TUE 12:25 PM                FAX NO.                          P. 03/07

## BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
## CONTRACTORS APPLICATION - APG INSURANCE SERVICES

**NEXT 12 MONTHS - TYPE OF WORK PERFORMED:**

| | | | | |
|---|---|---|---|---|
| 29. PERCENTAGE OF WORK PERFORMED = 100% | RESIDENTIAL | 100 % | COMMERCIAL | 0 % |
| 30. PERCENTAGE OF WORK PERFORMED = 100% | GENERAL CONTRACTOR | 100 % | SUBCONTRACTOR | 0 % |
| 31. PERCENTAGE OF WORK PERFORMED = 100% | NEW CONSTRUCTION | 100 % | OTHER | 0 % |

**NEXT 12 MONTHS - TYPE OF HOMES TO BE BUILT OR WORKED ON - TRACT OR CUSTOM HOMES - TRACT SIZE:**

| 32. IN THE NEXT 12 MONTHS: WHAT % OF YOUR RESIDENTIAL CONSTRUCTION WORK WILL BE ON | CUSTOM HOMES | % | TRACT HOMES - 2 TO 10 HOMES | % | TRACT HOMES - 11 TO 50 HOMES | % | TRACT HOMES - MORE THAN 50 HOMES | % |
|---|---|---|---|---|---|---|---|---|
| | | 25 | — | | | 75 | — | |

**LAST YEAR - TYPE OF HOMES BUILT OR WORKED ON - TRACT OR CUSTOM HOMES - TRACT SIZE:**

| 33. IN THE PAST 12 MONTHS: WHAT % OF YOUR RESIDENTIAL CONSTRUCTION WORK WAS ON | CUSTOM HOMES | % | TRACT HOMES - 2 TO 10 HOMES | % | TRACT HOMES - 11 TO 50 HOMES | % | TRACT HOMES - MORE THAN 50 HOMES | % |
|---|---|---|---|---|---|---|---|---|
| | | 30 | — | | | 70 | — | |

**FINANCIAL INFORMATION:**

| PERIOD | 34. YEAR | 35. # OF HOMES COMPLETED | 36. # OF HOMES WORKED ON | 37. GROSS RECEIPTS | 38. SUBCONTRACTING COSTS | 39. GROSS PAYROLL |
|---|---|---|---|---|---|---|
| A. NEXT 12 MONTHS | 20__ 04 | 50 | 50 | $ | $ | $ |
| B. CURRENT YEAR | 20__ 3 | 40 | 40 | $ | $ | $ |
| C. 1ST PRIOR YEAR | 200_ _ | 35 | 35 | $ | $ | $ |
| D. 2ND PRIOR YEAR | 200_ _ | 31 | 31 | $ | $ | $ |

**PRIOR INSURANCE COMPANY INFORMATION:**

| PERIOD | 40. POLICY PERIOD | 41. INSURANCE COMPANY | 42. POLICY NUMBER | 43. POLICY PREMIUM | 44. POLICY RATE | 45. POLICY LIMIT | 46. POLICY DED. |
|---|---|---|---|---|---|---|---|
| A. CURRENT YEAR | 9/16/0_ -03 | Builders & Contractors | 01815000_5 | $ | $ | $1,000,000 | $5000 |
| B. 1ST PRIOR YEAR | 1/1/0_ 1/1/0_ | Zurich Ins | CGP124914_91 | $ | $ | $1,000,000 | $0 |
| C. 2ND PRIOR YR. | 1/1/0_ 1/1/0_ | Zurich Ins | CGP124914_91 | $ | $ | $1,000,000 | $0 |

**EXPLAIN ALL "YES" RESPONSES IN REMARKS – NEXT PAGE (FOR PAST, PRESENT OR PLANNED FUTURE OPERATIONS):**

| # | QUESTIONS | YES | NO | # | QUESTIONS | YES | NO |
|---|---|---|---|---|---|---|---|
| 47. | DOES APPLICANT LEASE EQUIPMENT TO OTHERS? | ☐ | ☒ | 48. | HAS APPLICANT ALLOWED OR WILL YOU ALLOW YOUR LICENSE TO BE USED BY ANY OTHER CONTRACTOR? | ☐ | ☒ |
| 49. | DOES APPLICANT HAVE ANY OPERATIONS OTHER THAN CONTRACTING? | ☐ | ☒ | 50. | HAS APPLICANT EVER BEEN ADJUDGED BANKRUPT OR INSOLVENT? | ☐ | ☒ |
| 51. | HAS THE APPLICANT EVER BEEN REFUSED A PERFORMANCE BOND OR HAD LIABILITY INSURANCE CANCELLED. | ☒ | ☒ | 52. | HAS APPLICANT WORKED OR WILL YOU OR YOUR EMPLOYEES WORK UNDER THE USL&H ACT OR THE JONES ACT (MARITIME WORK)? | ☐ | ☒ |

**EXPLAIN ALL "NO" RESPONSES IN REMARKS:**

| | | YES | NO | | | YES | NO |
|---|---|---|---|---|---|---|---|
| 53. | DOES APPLICANT ALWAYS CHECK WITH LOCAL UTILITIES AUTHORITY BEFORE DIGGING? | ☒ | ☐ | 64. | DOES THE APPLICANT CARRY WORKERS COMPENSATION ON ALL OF ITS EMPLOYEES? | ☒ | ☐ |

REMARKS (ATTACH SHEET (S) IF NECESSARY)  Q # 51   Last year, this answer was yes. This year, answer
is no. Reason being insurer settled with prior carrier, Zurich, by having them reinstate
prior policy and renew coverage to fill 9/16/02 when Builders Contractors policy was issued. Insured was
recently (9/03) for premium difference.

SEP-09-2003 TUE 12:26 PM          FAX NO.                    P. 04/07

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION - APG INSURANCE SERVICES**

PLEASE PROVIDE ANSWERS TO THE FOLLOWING QUESTIONS:

| # | QUESTION | ANSWER | # | QUESTION | ANSWER |
|---|----------|--------|---|----------|--------|
| 55. | HOW MANY HOMES WILL APPLICANT BUILD AS A GENERAL CONTRACTOR IN THE NEXT YEAR? | 50 | 56. | WHAT IS THE MAXIMUM NUMBER OF STORIES OF A STRUCTURE THE APPLICANT WILL WORK ON IN THE NEXT YEAR? | 2 |
| 57. | WHAT IS THE GREATEST NUMBER OF HOMES THE APPLICANT HAS BUILT AS A GENERAL CONTRACTOR IN ANY ONE YEAR (LAST 3 YEARS)? | 40 | 58. | STATES IN WHICH THE APPLICANT HAS OR WILL PERFORM CONTRACTING WORK (LAST 3 YEARS AND NEXT YEAR). | CA |

PLEASE LIST YOUR THREE LARGEST JOBS IN THE LAST THREE YEARS:

| | 59. PROJECT NAME | 60. PROJECT TYPE | 61. NATURE OF WORK | 62. GROSS RECEIPTS |
|---|---|---|---|---|
| A | Parra Residence | Custom Dwelling | Residential | $ |
| B | Wells Residence | Custom dwelling | Residential | $ |
| C | J. Rowe residence | Custom dwelling | Residential | $ |

PLEASE LIST THREE LARGEST PROJECTS THAT YOU ARE CURRENTLY WORKING ON OR WILL COMMENCE IN THE NEXT 12 MONTHS:

| | 63. PROJECT NAME | 64. PROJECT TYPE | 65. NATURE OF WORK | 66. GROSS RECEIPTS |
|---|---|---|---|---|
| A | Personal Residence | | Residential | $ |
| B | Personal Residence | | Residential | $ |
| C | Personal Residence | | Residential | $ |

REGARDING SUBCONTRACTORS WHO DO WORK FOR APPLICANT. (QUESTIONS 67, 68, 70 & 71 ARE CONDITIONS OF ANY POLICY THE COMPANY MAY ISSUE AND MUST BE COMPLIED WITH:)

| # | QUESTIONS | YES | NO |
|---|-----------|-----|----|
| 67. | DOES APPLICANT HAVE A WRITTEN CONTRACT WITH ITS SUBCONTRACTORS WHICH INCLUDES A HOLD HARMLESS AGREEMENT RELATIVE TO WORK PERFORMED BY THE SUBCONTRACTOR? | ☒ | ☐ |
| 68. | ARE YOU NAMED AS AN ADDITIONAL INSURED ON YOUR SUBCONTRACTORS' POLICIES? | ☒ | ☐ |
| 69. | DOES APPLICANT HOLD OTHERS HARMLESS AND/OR ARE YOU REQUIRED TO PROVIDE ADDITIONAL INSURED ENDORSEMENTS FOR OTHERS? | ☐ | ☒ |
| 70. | ARE YOUR SUBCONTRACTORS REQUIRED TO PROVIDE YOU WITH A CERTIFICATE OF INSURANCE BEFORE COMMENCING WORK? | ☒ | ☐ |
| 71. | DOES APPLICANT REQUIRE SUBCONTRACTORS WHO DO WORK FOR THE APPLICANT TO MAINTAIN LIMITS OF LIABILITY OF AT LEAST $1,000,000 PER OCCURRENCE? | ☒ | ☐ |

LOSS AND CLAIM INFORMATION (5 YEARS):

| PERIOD | 72. YEAR | 73. TOTAL LOSSES | 74. # OF CLAIMS | 75. LARGEST LOSS | 76. CAUSE OF LARGEST LOSS |
|--------|----------|------------------|-----------------|------------------|---------------------------|
| A. CURRENT YEAR | 2003 | $ 0 | 0 | $ 0 | |
| B. 1ST PRIOR YEAR | 2002 | $ 0 | 0 | $ 0 | |
| C. 2ND PRIOR YEAR | 2001 | $ 0 | 0 | $ 0 | |
| D. 3RD PRIOR YEAR | 2000 | $ 0 | 0 | $ 0 | |
| E. 4TH PRIOR YEAR | 1999 | $ 0 | 0 | $ 0 | |

SEP-09-2003 TUE 12:27 PM                    FAX NO.                          P. 05/07

## BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
## CONTRACTORS APPLICATION - APG INSURANCE SERVICES

ARE YOU AWARE OF ANY FACTS, CIRCUMSTANCES, INCIDENTS, SITUATIONS, DAMAGES OR ACCIDENTS THAT MAY GIVE RISE TO A CLAIM OR LAWSUIT (WHETHER VALID OR NOT OR WHETHER COVERED BY INSURANCE OR NOT)? – ANSWER YES OR NO: Yes ☐  No ☒  IF YES, PLEASE COMPLETE THE FOLLOWING:

|   | 77. PROJECT NAME | 78. PROJECT TYPE | 79. NATURE OF YOUR WORK | 80. CLAIMED DAMAGES |
|---|---|---|---|---|
| A |  |  |  | $ |
| B |  |  |  | $ |
| C |  |  |  | $ |
| D |  |  |  | $ |
| E |  |  |  | $ |

| # | QUESTIONS | YES | NO |
|---|---|---|---|
| 81. | HAS ANY LOCAL, STATE OR FEDERAL GOVERNMENT AGENCY OR LICENSING BOARD CITED YOU FOR VIOLATION OF ANY LAW OR REGULATION OR INVESTIGATED YOU IN THE PAST FIVE YEARS? | ☐ | ☒ |
| 82. | WITHIN THE LAST FIVE YEARS HAVE YOU BEEN NAMED IN LITIGATION REGARDING FAULTY CONSTRUCTION? | ☒ | ☐ |
| 83. | WITHIN THE LAST FIVE YEARS, HAS ANY PERSON OR ENTITY DEMANDED THAT YOU DEFEND THEM, OR HOLD THEM HARMLESS, IN ANY CLAIM OR LAWSUIT? | ☒ | ☐ |
| 84. | WITHIN THE LAST FIVE YEARS HAS ANY LAWSUIT BEEN FILED, OR CLAIM OTHERWISE BEEN MADE, AGAINST YOU OR YOUR COMPANY OR ANY PARTNERSHIP OR JOINT VENTURE OF WHICH YOU HAVE BEEN A MEMBER, OR YOUR COMPANY'S PREDECESSORS IN BUSINESS, OR AGAINST ANY PERSON, COMPANY OR ENTITIES ON WHOSE BEHALF YOUR COMPANY HAS ASSUMED LIABILITY?  FOR THE PURPOSES OF THIS APPLICATION ONLY, A CLAIM OR LAWSUIT MEANS A RECEIPT OF A DEMAND FOR MONEY, SERVICES, ARBITRATION OR MEDIATION. | ☒ | ☐ |

IF APPLICANT ANSWERED QUESTIONS 81, 82, 83 OR 84 WITH A YES, PLEASE PROVIDE THE FOLLOWING INFORMATION FOR EACH CLAIM AND OR LAWSUIT:

|   | 85. PROJECT NAME | 86. PROJECT TYPE | 87. NATURE OF YOUR WORK | 88. CLAIMED DAMAGES |
|---|---|---|---|---|
| A | New City Corporation | Subdivision | Used framing of Dwellings as subcontractor | $ 101,344 |
| B |  |  |  | $ |
| C |  |  |  | $ |
| D | New City Corporation filed cross complaint against insured for his work as sub doing framing | | | |
| E | work for New City Corporation. | | | |

REMARKS: Insured started out in the contracting business as a framing contractor. In 2003 his App. he would build custom homes for individuals while doing framing work for general contractors. The past several years he has only been doing general contracting and building homes.

| 89. | BLANKET ADDITIONAL INSURANCE COVERAGE | ☒ YES ☐ NO | 90. | BLANKET WAIVER OF SUBROGATION | ☒ YES ☐ NO |
|---|---|---|---|---|---|
| 91. | SUNSET CLAUSE LIMITATION | ☐ YES ☒ NO | | SUNSET CLAUSE YEARS | ☐ TWO YEARS ☐ THREE YEARS |
| 92. | PREMIUM FINANCING | ☒ YES ☐ NO | | | |

© BCIC 2002 (5/20/02)                    4 OF 4                    BCICAPP

SEP-09-2003 TUE 12:28 PM                    FAX NO.                    P. 06/07

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION - APG INSURANCE SERVICES**

### ROOFERS APPLICATION SECTION

THIS SECTION OF THE APPLICATION MUST BE COMPLETED BY ALL COMMERCIAL AND RESIDENTIAL ROOFERS AND ALL OTHER CLASSES OF CONTRACTORS THAT HAVE A ROOFING EXPOSURE.

PLEASE ANSWER THE FOLLOWING QUESTIONS:

| 93. CHECK THE TYPE OF ROOFING OPERATIONS PERFORMED AND PROVIDE THE PERCENTAGE FOR EACH TYPE | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | A. HOT TAR | | ☐ | B. FOAM | % | ☐ | C. TILE | % |
| ☐ | D. TORCH DOWN | | ☐ | E. SHINGLES | % | ☐ | F. METAL | % |
| ☐ | G. OTHER | | G1. IF OTHER: DESCRIBE | | | | |

| 94. QUESTIONS FOR HOT TAR AND TORCH DOWN WORK: | YES | NO |
|---|---|---|
| A. DOES THE APPLICANT HAVE AT LEAST 2 YEARS' EXPERIENCE WITH THESE METHODS? | ☐ | ☐ |
| B. IS A FULLY CHARGED ABC FIRE EXTINGUISHER ON THE ROOF WHILE WORK IS BEING DONE? | ☐ | ☐ |
| C. DOES THE APPLICANT REMAIN ON SITE FOR AT LEAST TWO HOURS AFTER WORK COMPLETION? | ☐ | ☐ |
| D. DOES THE APPLICANT USE A THERMAL BARRIER WHEN INSTALLING TORCH APPLIED ROOFING MATERIALS OVER A COMBUSTIBLE BASE? | ☐ | ☐ |

95. DESCRIBE THE TRAINING THAT YOUR APPLICATORS HAVE RECEIVED IN WORKING WITH OPEN FLAME AND/OR HOT TAR PRODUCTS.

| 96. CHECK IN WHAT MANNER OPENINGS IN ROOFS ARE PROTECTED? | | | | | |
|---|---|---|---|---|---|
| ☐ | A. TARP | ☐ | B. WATERPROOF PLYWOOD | ☐ | C. NEVER LEAVE OPEN | ☐ | D. OTHER |
| D1. IF OTHER: DESCRIBE | | | | | |

All Roofs Are completed by Sub contractor,
Roofs Are ~~was while~~ composition or tile

### BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG. A RISK RETENTION GROUP
### CONTRACTORS APPLICATION - APG INSURANCE SERVICES

### ATTENTION:

1.  THE APPLICANT WARRANTS THAT THE ABOVE STATEMENTS AND PARTICULARS, TOGETHER WITH ANY ATTACHED OR APPENDED DOCUMENTS OR MATERIALS ("THIS APPLICATION"), ARE TRUE AND COMPLETE AND DO NOT MISREPRESENT, MISSTATE OR OMIT ANY MATERIAL FACTS;

2.  THE APPLICANT UNDERSTANDS THAT THE COMPANY RELIED UPON THE INFORMATION CONTAINED WITHIN THIS APPLICATION TO DETERMINE ACCEPTABILITY, RATES AND COVERAGE.

3.  THE APPLICANT UNDERSTANDS THAT ANY MISREPRESENTATION OR OMISSION SHALL CONSTITUTE GROUNDS FOR RECISSION OF COVERAGE AND DENIAL OF CLAIMS.

4.  THE APPLICANT UNDERSTANDS THE COMPANY IS NOT OBLIGATED NOR UNDER ANY DUTY TO ISSUE A POLICY OF INSURANCE BASED UPON THIS APPLICATION.  THE APPLICANT FURTHER UNDERSTANDS THAT, IF A POLICY IS ISSUED, THIS APPLICATION WILL BE INCORPORATED INTO AND FORM A PART OF SUCH POLICY.

5.  IF THE APPLICANT BECOMES AWARE THAT ANY RESPONSE ON THIS APPLICATION BECOMES INACCURATE AS A RESULT OF INFORMATION OR CHANGE OF CIRCUMSTANCES BEFORE A POLICY IS ISSUED, THE APPLICANT MUST INFORM THE COMPANY OF SUCH CHANGE, IN WRITING, AND ANY POLICY ISSUED BEFORE SUCH NOTIFICATION IS SUBJECT TO IMMEDIATE CANCELLATION.

6.  THE APPLICANT AUTHORIZES THE COMPANY TO MAKE ANY INVESTIGATION AND INQUIRY IN CONNECTION WITH THE QUESTIONNAIRE AS IT MAY DEEM NECESSARY.

THE UNDERSIGNED, BEING AUTHORIZED BY AND ACTING ON BEHALF OF THE PROSPECTIVE INSUREDS, REPRESENTS THAT THE ANSWERS GIVEN ARE TRUE.  FAILURE TO PROVIDE TRUTHFUL ANSWERS AND ALL MATERIAL INFORMATION CAN RESULT IN THE COMPANY ELECTING TO CANCEL, REFORM AND/OR RESCIND THE POLICY.

("APPLICANT", "YOU", "YOUR" AND SIMILAR WORDS REFER TO THE PROSPECTIVE INSURED)

Signature of Applicant:        _Robert Littrell_

Date:        _9/9/03_

Title (Officer, Partner or Owner)        _Owner_

ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD.

### MAIL, FAX OR E-MAIL APPLICATION TO

APG INSURANCE SERVICES
22807 VENTURA BLVD #301 WOODLAND HILLS, CA 91364
PHONE (818) 591-1999  FAX (818) 225-9411
CA LIC. NO. 0D06594

### BUILDERS & CONTRACTORS INSURANCE COMPANY, A RISK RETENTION GROUP

NOTICE:  A POLICY ISSUED BASED ON THIS APPLICATION WOULD BE ISSUED BY YOUR RISK RETENTION GROUP.  YOUR RISK RETENTION GROUP MAY NOT BE SUBJECT TO ALL OF THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE.  STATE INSURANCE INSOLVENCY GUARANTY FUNDS ARE NOT AVAILABLE FOR YOUR RISK RETENTION GROUP.

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**THIS POLICY IS ISSUED BY YOUR RISK RETENTION GROUP. YOUR RISK RETENTION GROUP MAY NOT BE SUBJECT TO ALL OF THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE. STATE INSURANCE INSOLVENCY GUARANTY FUNDS ARE NOT AVAILABLE FOR YOUR RISK RETENTION GROUP.**

**Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.**

Throughout this policy the words **you** and **your** refer to the **Named Insured** shown in the Declarations, and any other person or organization qualifying as a **Named Insured** under this policy. The words **we**, **us** and **our** refer to the company providing this insurance.

The word **insured** means any person or organization qualifying as such under WHO IS AN **INSURED** (SECTION II).

Other words and phrases that appear in bold face have special meanings as set forth in SECTION V (DEFINITIONS) or as elsewhere defined in this Policy.

## SECTION I - COVERAGES

COVERAGE A. **BODILY INJURY AND PROPERTY DAMAGE** LIABILITY

1.  INSURING AGREEMENT

    a.  **We** will pay those sums that an **insured** becomes legally obligated to pay as **tort damages** for **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend **you**, the Named Insured, against any **suit** seeking those damages provided that no other insurance affording a defense against such a suit is available to **you**. **Our** duty to defend **you** is further limited as provided below or in the Section of the policy entitled "EXCLUSIONS: COVERAGES A AND B". Except as otherwise provided in this policy, **we** have no duty to defend any other **insured**. **We** will have no duty to defend any **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may at **our** discretion investigate any **occurrence** and settle any **claim** or suit that may result. But:

        (1) The amount **we** will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III).

        (2) Subject to (1) above, **our** right and duty to defend end when **we** have used up the applicable limit of insurance by payment of judgments or settlements under Coverages A or B or Medical Expenses

under Coverage C.

        (3) **We** shall have no duty to defend any **suit** in which it is alleged or claimed, in whole or in part, that any **bodily injury** or **property damage** is continuous or progressive in nature or results from continuous or repeated exposure to a condition, regardless of the potential for indemnity under this policy, unless the **suit** specifically alleges that all of the **bodily injury** and **property damage** for which damages are sought occurred during the **policy period** or during the period during which **we** provide continuous coverage under this or any other policy issued by **us**.

        (4) **We** shall have no duty to defend any **suit** filed before the **policy period**, even though **you** were not a party to such **suit** at the time it was filed.

        (5) **We** shall have no duty to defend any **suit** in which it is alleged or claimed, in whole or in part, that any **bodily injury** or **property damage** began before the **policy term**.

        (6) In those cases in which **we** have no obligation or duty to defend for the reasons set forth in paragraph 1.a. of this Insuring Agreement, **we** shall have the right to defend or to intervene in the defense of any **suit** which may involve liability covered by this policy. Should **we** exercise our right to intervene then **we** shall also provide a defense to **you**, subject to such reservations of rights, if any, **we** shall deem appropriate.

    b.  This insurance applies to **bodily injury** and **property damage** only if:

        (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and

        (2) The **bodily injury** or **property damage** is caused by an **occurrence** which takes place during the **policy period** whether such **occurrence** is known to any **insured**; and

        (3) The **bodily injury** or **property damage** resulting from such **occurrence** first takes place during the **policy period**.

c. All **bodily injury** or **property damage** arising from an **occurrence** shall be deemed to first take place at the time of the first such **bodily injury** or **property damage**, even though the **occurrence** giving rise to such damage may be continuous or repeated exposure to the same generally harmful conditions, and even though the nature, type or extent of such **bodily injury** or **property damage** may be continuous, progressive, cumulative, changing or evolving. If the date of the first **bodily injury** or **property damage** cannot be determined, then the date of first damage or injury shall be deemed to be the earliest date on which the process which led to the injury or damage began.

d. For purposes of c., above, all **bodily injury** or **property damage** included within the **products-completed operations hazard** arising from **your work** on or **your product** supplied to or incorporated into a construction project or development shall be deemed to take place at the time of the first **bodily injury** or **property damage** arising from **your work** on or **your products** supplied to or incorporated in such project, unless such later occurring **bodily injury** or **property damage** solely and exclusively arises from an **occurrence** which is abrupt and of limited duration, the **bodily injury** and **property damage** is accidental, unintended and unforeseen; does not result, in whole or in part, from a continuous or repeated exposure to conditions nor form an condition which caused the first **bodily injury** and **property damage**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

## COVERAGE B. **PERSONAL INJURY** AND **ADVERTISING INJURY** LIABILITY

1. INSURING AGREEMENT

   a. **We** will pay those sums that an **insured** becomes legally obligated to pay as **tort damages** because of **personal injury** or **advertising injury** to which this insurance applies. **We** will have the right and duty to defend **you**, the **Named Insured**, against any **suit** seeking those damages provided that no other insurance affording a defense against such a suit is available to **you**. **Our** duty to defend **you** is further limited as provided below or in the Section of the policy entitled "EXCLUSIONS: COVERAGES A AND B". Except as otherwise provided in this policy, **we** have no duty to defend any other **insured**.

   **We** will have no duty to defend any **insured** against any **suit** seeking damages for **personal** injury or **advertising injury** to which this insurance does not apply. **We** may at **our** discretion investigate any offense and settle any **claim** or **suit** that may result. But:

   (1) The amount **we** will pay for damages is limited as described in LIMITS OF INSURANCE (Section III).

   (2) **Our** right and duty to defend end when **we** have used up the applicable limit of insurance by payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   (3) **We** shall have no duty to defend **you** in any **suit** where a **claim** for **personal injury** or **advertising injury** incorporated in a **suit** was made or **suit** was filed before the **policy period**, even though **you** were not a party to the suit at the time it was filed, and even though such **suit** may include **claims** for **personal injury** or **advertising injury** committed, or alleged to have been committed, during or after the **policy period**.

   (4) **We** shall have no obligation to defend **you** in any **suit** seeking damages for **personal injury** or **advertising injury** arising out of the publication of material where it is alleged that the first publication took place before the **policy period**.

   b. This insurance only applies to:

   (1) **Personal injury** caused by an offense arising out of **your** business, excluding advertising, publishing, broadcasting or telecasting done by or for **you**, but only if the offense was committed in the **coverage territory** during the **policy period**;

   (2) **Advertising injury** caused by an offense committed in the course of advertising **your** goods, products or services; but only if the offense was committed in the **coverage territory** during the **policy period**.

   c. All **claims** for damages because of **personal injury** or **advertising injury** to the same person or organization as a result of an offense will be deemed to have been made at the time the first of those **claims** is made against **you**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

2

8 2002, all rights reserved.

EXCLUSIONS: COVERAGES A AND B

This insurance does not apply to:

A. EXPECTED OR INTENDED INJURY EXCLUSION

**Bodily injury, property damage, personal injury,** or **advertising injury** expected or intended from the standpoint of any **insured**. This Exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

B. CONTRACTUAL LIABILITY EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** for which an **insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This Exclusion does not apply to liability for **bodily injury** or **property damage**:

(1) That **you** would have in the absence of a contract or agreement; or

(2) **You** assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the **insured contract** and the **bodily injury** or **property damage** arises from **your work** performed during the **policy period**.

Coverage for liability for **bodily injury** or **property damage** assumed in an **insured contract** is limited to the extent of **your** negligence or fault according to applicable principles of comparative fault, whether **your** liability under said **insured contract** is so limited.

Coverage for liability **you** assume in an **insured contract** is subject to all of the other terms, conditions and exclusions of this policy. Except as set forth in Paragraph 8 SUPPLEMENTARY PAYMENTS - COVERAGES A AND B where pursuant to an **insured contract you** have assumed liability to another party for the cost of that party's defense, reasonable attorneys' fees and litigation expenses for which **you** are liable to that party are deemed damages because of **bodily injury** or **property damage** so long as those attorneys' fees and litigation expenses are for the defense of that party in a **suit** which seeks damages for **bodily injury** or **property damage** covered by this policy and such costs, fees and expenses would otherwise be covered by this policy. Payments made to **you** or on **your** behalf for

such liability shall reduce the applicable limits of insurance as set forth in Section III. Except as set forth in this Exclusion, the costs incurred by **you** for the defense of another are not covered.

C. LIQUOR LIABILITY EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** for which any **insured** may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This Exclusion applies only to an **insured** in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

D. WORKERS COMPENSATION AND SIMILAR LAWS EXCLUSION

An obligation of any **insured** under a workers compensation, disability benefits, unemployment compensation law or any similar law.

E. LIABILITY TO EMPLOYEES EXCLUSION

**Bodily injury, personal injury,** or **advertising injury** to:

(1) An employee of any **insured** arising out of and in the course of employment, whether any other **insured** may be liable for such **bodily injury, personal injury** or **advertising injury;** or

(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

This exclusion applies:

(1) Whether an insured may be liable as an employer or in any other capacity;

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

(3) To any **insured** against whom a **claim** is made or **suit** is brought for such **bodily injury, personal injury** or **advertising injury,** whether by or on behalf of an employee of that **insured** or any other **insured**.

For the purpose of this exclusion the term "employee" includes loaned, rented, leased or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of

3

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)                    § 2002, all rights reserved.

any **insured** under the doctrines of borrowed servant, borrowed employee, respondeat superior or any similar doctrine, or for whom any **insured** may be held liable as an employer.

F. **POLLUTION** EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** caused by, resulting from, attributable to, contributed to, or aggravated by the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**, or from the presence of, or exposure to, **pollution** of any form whatsoever, and regardless of the cause of the **pollution** or **pollutants**.

This Exclusion applies regardless of the cause of the **pollution** and whether any other cause of said **bodily injury**, **property damage**, or **personal injury** acted jointly, concurrently or in any sequence with said **pollutants** or **pollution**. This Exclusion applies whether any other cause of the **bodily injury**, **property damage**, or **personal injury** would otherwise be covered under this insurance.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

G. AIRCRAFT, **AUTO** OR WATERCRAFT EXCLUSION

**Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or water craft owned or operated by, or rented or loaned to any **insured**. Use includes operation and **loading** or **unloading**.

This Exclusion does not apply to:

(1) A watercraft while ashore on premises **you** own or rent;

(2) A watercraft **you** do not own that is:

   (a) Less than 26 feet long; and

   (b) Not being used to carry persons or property for a charge;

(3) Parking an **auto** on, or on the ways next to, premises **you** own or rent, provided the **auto** is not owned by, rented or loaned to any **insured**;

(4) Liability assumed under an **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

(5) **Bodily injury** or **property damage** arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of **mobile equipment** (Section V.10).

H. **MOBILE EQUIPMENT** EXCLUSION

**Bodily injury** or **property damage** arising out of:

(1) The transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any **insured**; or

(2) The use of **mobile equipment** in, or while in practice or preparation for, a prearranged racing, speed or demolition contest or in any stunting activity.

(3) Transporting or moving **mobile equipment** on any public street or highway.

I. WAR EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion, act of terrorism, or revolution, whether any other cause or causes of said **bodily injury**, **property damage**, or **personal injury**, including the negligence or misconduct of any **insured**, caused or contributed to such **bodily injury**, **property damage** or **personal injury**.

J. DAMAGE TO PROPERTY EXCLUSION

**Property damage** to:

(1) Property **you** own, rent, or occupy;

(2) Premises **you** sell, give away or abandon, if the **property damage** arises out of any part of those premises;

(3) Property, real or personal, loaned to any **insured**;

(4) Personal property in the care, custody or control of any **insured**, whether or not such care, custody or control was exclusive at the time of such **property damage**;

(5) That particular part of real property on which **you** or any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

Paragraph (2) of this Exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by **you**.

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)   4   8 2002, all rights reserved.

Paragraph (6) of this Exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

For purposes of this Exclusion, if **you** are a general contractor, construction supervisor or developer, the entire construction project shall be considered "that particular part" of real or other property.

For purposes of paragraph (5), **you** or any contractors or subcontractors working directly or indirectly on **your** behalf shall be deemed to be "performing operations" from the time when **you** or the contractors or subcontractors begin work until such operations are complete as set forth in paragraph 17.b. of SECTION V - DEFINITIONS - (**Products-Completed Operations Hazard**).

K.  DAMAGE TO **YOUR PRODUCT** EXCLUSION

**Property damage** to **your product**.

L.  DAMAGE TO **YOUR WORK** EXCLUSION

**Property damage** to **your work** or any part of it and included in the **products-completed operations hazard**.

This Exclusion does not apply if the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor.

M.  DAMAGE TO **IMPAIRED PROPERTY** AND PROPERTY WHICH HAS NOT BEEN PHYSICALLY INJURED EXCLUSION

**Property damage** to **impaired property** and property which has not been physically injured arising out of:

(1)  A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms; or

(2)  A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work.**

This Exclusion applies to property which is otherwise not physically injured or damaged but which must be demolished, removed, repaired, replaced, altered or damaged in order to remove, repair or replace **your work** or **your product**.

N.  RECALL OF PRODUCTS, WORK OR **IMPAIRED PROPERTY** EXCLUSION

Damages claimed for any loss, cost or expense incurred by **you** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)  **Your product**;

(2)  **Your work**; or

(3)  **Impaired property**;

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

O.  ASBESTOS EXCLUSION

**Bodily injury** or **property damage** arising out of exposure to or the manufacture, mining, use, sales, installation, distribution, removal, or encapsulation of asbestos products, asbestos fibers or asbestos dust. This Exclusion shall apply without regard to the source or sources of such asbestos, or the basis of the **insured's** liability.  This Exclusion includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct, which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with asbestos in causing the **bodily injury** or **property damage**.  This Exclusion includes any injury or damage caused by the presence of asbestos and damage or injury caused by the removal, eradication, detoxification, remediation or decontamination of asbestos or property containing asbestos, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from asbestos.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you,** in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

P.  FINES OR PENALTIES EXCLUSION

**Claims** based upon or arising out of a fine or penalty imposed by or under any law, statute, or ordinance of any federal, state or municipal government agency.

Q.  PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

**Claims** for punitive or exemplary damages, fines or penalties.

R.  AIRCRAFT PRODUCTS EXCLUSION

**Bodily injury** or **property damage** included within the **products-completed operations hazard** relating to aircraft, including missiles or spacecraft, any ground support or control equipment and any article installed in aircraft, or used in connection with aircraft, or for spare parts for aircraft, or tooling used for the manufacture thereof, including ground handling

tools and equipment, training aids, instruction manuals, blueprints, engineering or other data, advice and services and labor relating to such aircraft or articles, or to any liability arising out of the **grounding** of any aircraft.

For the purpose of this Exclusion **grounding** means the withdrawal of one or more aircraft from flight operations or the imposition of speed, passenger or load restrictions on such aircraft, by reason of the existence of or alleged or suspected existence of any defect, fault, or condition in such aircraft or any part thereof sold, handled or distributed by any **insured**, or manufactured, assembled or processed by any other person or organization according to specifications, plans, suggestions, orders or drawings of any **insured**, or with tools, machinery or other equipment furnished to such persons or organizations by any **insured**, whether such aircraft so withdrawn are owned or operated by the same or different persons or organizations.

S.  EARTH MOVEMENT EXCLUSION

**Bodily injury** or **property damage** arising from, aggravated by, or as a consequence of earth movement, whether the earth movement is combined with any other cause. As used in this exclusion the term earth movement includes, but is not limited to, earthquake, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding or contracting of earth or soil.

This Exclusion applies regardless of the cause or causes of the earth movement and includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with earth movement in causing the **bodily injury** or **property damage.** This Exclusion further applies to **bodily injury** and **property damage** arising from the mitigation, repair or avoidance of earth movement.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit.** When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you,** in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

T.  **PERSONAL INJURY** AND **ADVERTISING INJURY** EXCLUSION

**Personal injury** or **advertising injury**:

(1) Arising out of oral or written publication of material, if done by or at the direction of an **insured** with knowledge of its falsity;

(2) Arising out of oral or written publication of material, the first publication of which took place before the **policy period**;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of any **insured**; or

(4) For which **you** have assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that **you** would have in the absence of a contract or an agreement.

U.  **ADVERTISING INJURY** EXCLUSION

**Advertising injury** arising out of:

(1) The failure of goods, products or services to conform with advertised quality or performance;

(2) The wrong description of the price of goods, products or services;

(3) An offense committed by an **insured** whose business is advertising, broadcasting, publishing or telecasting;

(4) Misappropriation of advertising ideas or style of doing business;

(5) Infringement of copyright, title, trademark, trade dress, patent, or slogan; or

(6) Oral or written publication of material that disparages a person's or organization's goods, products or services.

V.  NUCLEAR ENERGY EXCLUSION

Any **claim** for **bodily injury** or **property damage**:

(1) arising from, aggravated by, or as a consequence of the **hazardous properties** of **nuclear material,** whether any other cause or causes acted jointly, concurrently or in any sequence to result in such **bodily injury** or **property damage** and without regard to whether any other such cause or causes of the **bodily injury** or **property damage** would be covered under this policy

The following definitions apply only to this Exclusion:

(1) **Hazardous properties** include radioactive, toxic or explosive properties.

(2) **Nuclear material** means **source material, special nuclear material** or **by-product material.**

(3) **Source material, special nuclear material,** and **by-product material** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

For purposes of this Exclusion, **property damage** includes all forms of radioactive contamination of property. This Exclusion includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of **nuclear material** or property containing **nuclear material**, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from **nuclear material**.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

### W. ELECTROMAGNETIC RADIATION EXCLUSION

**Bodily injury**, **property damage** or **personal injury** arising from or caused by exposure to or the existence of harmful levels or frequencies of electromagnetic radiation, whether such electromagnetic radiation is naturally occurring or artificially created, and whether such electromagnetic radiation acted or is said to have acted in any sequence or combination with any other cause or causes of damage or injury. This Exclusion shall apply without regard to the source or sources of such electromagnetic radiation, or the allegations against an **insured** or basis of an **insured's** liability.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

### X. EMPLOYMENT PRACTICES EXCLUSION

**Bodily injury**, **personal injury** or **property damage** arising out of any:

(1) Refusal to employ;

(2) Termination of employment;

(3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

(4) Consequential injury as a result of (1) through (3) above.

This Exclusion applies whether an **insured** may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

### Y. MOLD, BACTERIA AND OTHER ORGANICALLY-CAUSED **BODILY INJURY**, **PROPERTY DAMAGE** OR **PERSONAL INJURY** EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** which is, in whole or in part caused by, results from, is attributable or contributed to, or is aggravated by, any stage or form of mold, fungus, bacteria, virus, pollen, including any by-product or substance released by such mold, bacteria, virus, pollen, allergen or other organism or organic matter.

This Exclusion includes any **property damage**, **bodily injury** or **personal injury** caused by removal, eradication, detoxification, remediation or decontamination of mold, fungus, bacteria, pollen, virus, allergen or organic pathogen, and further includes any liability, cost or expense to remediate or prevent **property damage, bodily injury** or **personal injury** from mold, fungus, bacteria, pollen, virus, allergen or organic pathogen.

This Exclusion applies regardless of the origin or cause of the mold, fungus, bacteria, virus, pollen, allergen or organic pathogen, and whether any other cause of said **bodily injury**, **property damage**, or **personal injury** acted jointly, concurrently or in any sequence with said mold, fungus, bacteria, virus, pollen, allergen or other organic pathogen.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to

defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

Z. CERTAIN PROJECTS NOT COVERED EXCLUSION

**Bodily injury** or **property damage** arising from **your work** on or **your product** which is incorporated in a project of construction, including multiple units of construction or developments, where a **claim** of defective construction resulting in **bodily injury** or **property damage** was made before the **policy period**, whether more or different allegations of defective construction and/or resulting damage are made during or after the **policy period.**

AA. PAST PROJECTS EXCLUSION

**Property damage** arising from **your work** or **your product** included within the **products-completed operations hazard**, which is incorporated in a project of construction before the **policy period**, unless the project is specifically endorsed on this Policy and a premium is charged therefor.

BB. LEAD EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** arising from or caused by the existence of or exposure to lead, whether such lead is in pure form or is or was combined with any other chemical or material, and whether the existence of or exposure to lead is or is alleged to have caused damage in any sequence or combination with, or contributed to or was contributed to by any other cause or causes of injury or damage. This Exclusion shall apply without regard to the allegations or basis of the **insured's** liability. This Exclusion includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of lead or property containing lead, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from lead.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph

15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

CC. CONDOMINIUM OR TOWNHOUSE LIABILITY EXCLUSION

(1) **Property damage** or **bodily injury** within the **products-completed operations hazard** arising from, related to or in any way connected with **your work** or **your product** which is, is part of or is incorporated into or upon a condominium, or townhouse project, or to **personal injury** or **advertising injury** arising or resulting from **your** operations performed upon, at or for a condominium or townhouse project.

This Exclusion applies to **property damage**, **bodily injury**, **personal injury**, or **advertising injury** arising from, related to or connected with operations, including **your work** or **your product**, performed or supplied with respect to any apartment project or structure which, at the time a claim for such **property damage**, **bodily injury**, **personal injury**, or **advertising injury** is first made, has been or is being converted into a condominium or townhouse, whether **your** operations, including **your work** or **your product**, were performed, incorporated or supplied before or after the apartment was converted to a condominium or townhouse project or structure.

A project or development of condominiums or townhomes includes such projects or developments where any or all of the units are held for rental or lease.

(2) Liability for **property damage**, **bodily injury**, **personal injury**, or **advertising injury** of any **insured**, or any person or entity for which **you** have assumed liability in an **insured contract**, arising from, related to or in any way connected with the operations on or products supplied to a condominium or townhouse project or development.

DD. FORMALDEHYDE EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** arising from the manufacture, handling, distribution, sale, application, consumption, use or exposure to any product known as formaldehyde or which has the same chemical formular or which is a formaldehyde derivative or which is generally known in the trade in which it is used as having a like formulation, structure or function by whatever name manufactured, sold or distributed and whether the existence of or exposure to formaldehyde caused or is alleged to have caused damage in any sequence or combination with, or

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)　　　　　　　8 2002, all rights reserved.

contributed to or was contributed to by any other cause or causes of injury or damage. This Exclusion shall apply without regard to the basis of an **insured's** liability. This Exclusion applies to any injury or damage caused by the removal, eradication, detoxification, remediation or decontamination of formaldehyde or property containing formaldehyde, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from formaldehyde.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

EE. PROFESSIONAL LIABILITY EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of the performance of **professional services**.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon the performance of **professional services**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such suit, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with Paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

FF. **FINANCIAL SERVICES** EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of the rendering or failure to render **financial services**.

GG. BLASTING OPERATIONS EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of blasting or explosion operations.

HH. EXTERIOR INSULATION AND FINISH SYSTEMS EXCLUSION

**Bodily injury** or property **damage** arising out of

or included within the **products-completed operations hazard** which was claimed or alleged to be caused by, or contributed to, or in consequence of exterior insulation and finish systems (E.I.F.S.)

II. CONCRETE SULFATES EXCLUSION

**Property damage** arising from or caused by the exposure of concrete to, or the adsorption or absorption by concrete products of sulfates, whether such sulfate is in pure form or is or was combined with any other chemical or material. This Exclusion applies regardless of the any other cause or causes of the **property damage** and includes defects or negligence in design, construction, inspection or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with the exposure of concrete to sulfates in causing the **property damage.** This Exclusion shall apply without regard to the allegations or basis of the **insured's** liability.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

COVERAGE C. MEDICAL PAYMENTS

1. INSURING AGREEMENT

   a. **We** will pay medical expenses as described below for **bodily injury** caused by an accident:

      (1) On premises **you** own or rent; or

      (2) On ways next to premises **you** own or rent;

   provided that:

      (1) The accident takes place in the **coverage territory**, during the **policy period**;

      (2) The expenses are incurred and reported to **us** within the **policy period**; and

      (3) The injured person submits to examination, at **our** expense, by physicians of **our** choice as often as **we**

8 2002, all rights reserved.

reasonably require.

b. **We** will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. **We** will pay reasonable expenses for:

   (3) First aid at the time of an accident;

   (4) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

   (5) Necessary ambulance, hospital, professional nursing and funeral services.

(3) EXCLUSIONS

**We** will not pay expenses for **bodily injury**:

a. To any **insured**.

b. To a person hired to do work for or on behalf of any **insured** or a tenant of any **insured**.

c. To a person injured on that part of premises any **insured** owns or rents that the person normally occupies.

d. To a person if benefits for the **bodily injury** are payable or must be provided under a workers compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Excluded under Coverage A.

g. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, act of terrorism, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

**We** will pay, with respect to any **claim**, or any **suit** we defend:

1. All expenses **we** incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the **Bodily Injury** Liability Coverage applies. **We** do not have to furnish these bonds nor provide security or collateral for them.

3. The cost of bonds to release attachments or to stay a judgment on appeal, but only for bond amounts within the applicable limit of insurance.

**We** do not have to furnish these bonds nor provide collateral for them.

4. All reasonable expenses **you** incur at **our** request to assist **us** in the investigation or defense of the **claim** or **suit**, including actual loss of earnings up to $100 a day because of time off from work.

5. Costs awarded against **you** in the **suit** for damages, if awarded on a cause or causes of action covered by this insurance, but we will not pay costs which are awarded for attorneys= fees incurred by the opposing party by reason of statute, court rule, regulation or a contractual obligation (except as set forth in paragraph 8 of this section or paragraph b. of EXCLUSIONS: COVERAGES A AND B).

6. Prejudgment interest awarded against **you** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of insurance, **we** will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before **we** have paid, offered to pay, or deposited in court that part of the judgment that is within the coverage of this policy and the applicable limit of insurance.

8. If we defend **you** against a **suit** and **your** indemnitee is also named as a party to the **suit**, we will defend that indemnitee only if all of the following conditions are met:

a. The **suit** against the indemnitee seeks damages for which **you** have assumed the liability of the indemnitee in a contract or agreement that is an **insured contract**;

b. This insurance applies to such liability assumed by **you**;

c. The obligation to defend or the cost of the defense of that indemnitee has also been assumed by **you** in the same **insured contract**;

d. The allegations in the **suit** and the information **we** know about the **occurrence** are such that no conflict appears to exist between **your** interests and the interests of the indemnitee or **you** and the indemnitee agree in writing to waive any such conflict of interest;

e. The indemnitee and **you** ask us to conduct and control the defense of that indemnitee against such **suit** and agree that **we** can assign the same counsel to defend **you** and the indemnitee; and

f. The indemnitee agrees in writing to be bound by the section of this Policy entitled "INSURED'S DUTIES IN THE EVENT OF

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

10

8 2002, all rights reserved.

**OCCURRENCE**, OFFENSE, **CLAIM** OR **SUIT**" (Section IV.6.);

So long as the above conditions are met, attorneys fees incurred by **us** in the defense of that indemnitee, necessary litigation expenses incurred by **us** and necessary litigation expenses incurred by the indemnitee at **our** request will be paid as Supplementary Payments. Notwithstanding the provisions of EXCLUSIONS: COVERAGES A AND B in exclusion B(2), such payments will not be deemed to be damages for **bodily injury** and **property damage** and will not reduce the limits of insurance.

Our obligation to defend your indemnitee and to pay for attorney's fees and necessary litigation expenses as Supplementary Payments ends when:

a. **We** have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

These payments will not reduce the limits of insurance.

## SECTION II - WHO IS AN INSURED

1. If the **Named Insured** is designated in the declarations as:

   a. An individual, **you** and **your** spouse are **insureds**, but only with respect to the conduct of a business of which **you** are the sole owner and which is designated in the Declarations.

   b. A partnership or joint venture, **you** are an **insured**. **Your** members, **your** partners, and their spouses are also **insureds**, but only with respect to the conduct of **your** business.

   c. A Limited Liability Company, **you** are an **insured**, **your** members are also **insureds**, but only with respect to the conduct of **your** business. **Your** managers are **insureds**, but only with respect to their duties as **your** managers.

   d. An organization other than a partnership, joint venture, or Limited Liability Company, **you** are an **insured**. **Your** executive officers and directors are **insureds**, but only with respect to their duties as **your** officers or directors. **Your** stockholders are also **insureds**, but only with respect to their liability as stockholders.

2. Each of the following is also an **insured**:

   a. **Your** employees, other than **your** executive officers, but only for acts within the scope of

their employment by **you**. However, no employee is an **insured** for:

   (1) **Bodily injury**, or **personal injury** to **you** or to a co-employee while in the course of his or her employment, or the spouse, child, parent, brother or sister of that co-employee as a consequence of such **bodily injury** or **personal injury**, or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

   (2) **Bodily injury** or **personal injury** arising out of his or her providing or failing to provide professional health care services; or

   (3) **Property damage** to property owned or occupied by or rented or loaned to that employee, any of **your** other employees, or any of **your** partners or members (if **you** are a partnership, joint venture or limited liability company).

   b. Any person (other than **your** employee) or any organization while acting as **your** real estate manager.

   c. Any person or organization having proper temporary custody of **your** property if **you** die, but only:

   (1) With respect to liability arising out of the maintenance or use of that property; and

   (2) Until **your** legal representative has been appointed.

   d. **Your** legal representative if **you** die, but only with respect to duties as such. That representative will have all **your** rights and duties under this insurance.

3. Any organization **you** newly acquire or form during the **policy period**, other than a partnership or joint venture, and over which **you** maintain ownership or majority interest, will qualify as an **insured** if there is no other similar insurance available to that organization. However:

   a. Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the **policy period**, whichever is earlier;

   b. Coverage A does not apply to **bodily injury** or **property damage** that occurred before **you** acquired or formed the organization; and

   c. Coverage B does not apply to **personal injury** or **advertising injury** arising out of an offense committed before **you** acquired or formed the organization

4. Any other person or entity added by endorsement to this policy as an **insured**, but only to the extent and with the limitations set forth in said

11

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)                                    8 2002, all rights reserved.

endorsement.

5. No person or entity is an **insured** by virtue of the acquisition of all or any part of the assets of an **insured.**

No person or organization is an **insured** with respect to the conduct of any current or past partnership or joint venture that is not shown as a **Named Insured** in the declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most **we** will pay regardless of the number of:
   a. **Insureds**
   b. **Claims** made or **suits** brought; or
   c. Persons or organizations making **claims** or bringing **suits**.

2. The Aggregate Limit is the most **we** will pay for the sum of:
   a. Damages under Coverage A;
   b. Damages under Coverage B;
   c. Medical expenses under Coverage C.

3. Subject to 2. above, the **Personal** and **Advertising Injury** Limit is the most **we** will pay under Coverage B for the sum of all damages because of all **personal injury** and all **advertising injury** sustained by any one person or organization.

4. Subject to 2. above, the Each **Occurrence** limit is the most **we** will pay for the sum of:
   a. Damages under Coverage A; and
   b. Medical expenses under Coverage C because of all **bodily injury** and **property damage** arising out of any one occurrence.
   d. The Medical Expense Limit is the most **we** will pay under Coverage C for all medical expenses because of **bodily injury** sustained by any one person.

5. For purposes of paragraph 4., above, all **bodily injury** and **property damage** caused or alleged to have been caused by **your work** or **your product** which are incorporated into a project of construction, including a development of multiple distinct units, shall be deemed to have been caused by a single **occurrence.**

6. If a single **occurrence** as defined in the policy or as modified for purposes of the application of this section in Paragraph 5., above, causes **bodily injury** or **property damage** in more than one policy period, **we** shall only be liable for a pro-rata share of the highest per **occurrence** limit purchased by an **insured** for any single policy

year, even if purchased from another insurer. In calculating **our** pro rata share, only one policy issued by **us** may be utilized.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**We** have no duty to provide coverage or defense under this insurance unless **you** and any other involved **insured** have fully complied with the conditions contained in this policy.

1. BANKRUPTCY

   Bankruptcy or insolvency of the **insured** or of the **insured's** estate will not relieve **us** of **our** obligations under this policy.

2. CANCELLATION

   a. The first **Named Insured** shown in the Declarations may cancel this policy by mailing or delivering to **us** advance written notice of cancellation.

   b. **We** may cancel this policy by mailing or delivering to the first **Named Insured** written notice of cancellation at least:

      (1) Ten (10) days before the effective date of cancellation if **we** cancel for non-payment of premium; or

      (2) Thirty (30) days before the effective date of cancellation if **we** cancel for any other reason.

   c. **We** will mail or deliver **our** notice to the first **Named Insured's** address shown in the declarations.

   d. Notice of cancellation will state the effective date of cancellation. The **policy period** will end on that date.

   e. If this policy is cancelled, **we** will send the first **Named Insured** any premium refund due as follows:

      (1) if **we** cancel, the refund will be pro rata; or

      (2) if the first **Named Insured** cancels, the refund may be less than pro rata and will be computed by the Company's customary short-rate procedure.

   The cancellation will be effective even if **we** have not made or offered a refund. Notwithstanding the foregoing, if **we** have elected to audit the policy rate basis under the provisions of Section IV. paragraph 4. - EXAMINATION OF **YOUR** BOOKS AND RECORDS, the first **Named Insured** agrees to

12

     8 2002, all rights reserved.

pay the higher of:

   (1)  the earned premium as computed by such audit; or

   (2)  the earned premium as computed by such customary short-rate procedure of the minimum and deposit premium if the first **Named Insured** cancels, or as computed pro rata if **we** cancel.

  f.  If notice is mailed, proof of mailing will be sufficient proof of notice.

## 3.  CHANGES

This policy contains all the agreements between **you** and **us** concerning the insurance afforded. The first **Named Insured** shown in the Declarations is authorized to make changes in the terms of this policy with **our** written consent. This policy's terms can be amended or waived only by endorsement issued by **us** and made a part of this policy.

## 4.  EXAMINATION OF **YOUR** BOOKS AND RECORDS

**We** may examine and audit **your** books and records as they relate to this policy at any time during the **policy period** and up to three years afterward.

## 5.  INSPECTIONS AND SURVEYS

**We** have the right but are not obligated to:

  a.  Make inspections and surveys at any time;

  b.  Give **you** reports on the conditions **we** find; and

  c.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. **We** do not make safety inspections. **We** do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. **We** do not warrant that conditions:

  a.  Are safe or healthful; or

  b.  Comply with laws, regulations, codes or standards.

## 6.  **INSURED'S** DUTIES IN THE EVENT OF AN **OCCURRENCE**, OFFENSE, **CLAIM** OR **SUIT**.

  a.  **You** or any involved **insured** must see to it that **we** are notified as soon as possible of an **occurrence** or an offense which may result in a **claim**, whether or not covered by this Policy, but notification to **us** must be made within thirty (30) days from **your**, or any involved **insured's**, first notice of an **occurrence** or offense. To the extent possible, notice should include:

   (1)  How, when and where the **occurrence** or offense took place;

   (2)  The names and addresses of any injured persons and witnesses; and

   (3)  The nature and location of any injury or damage arising out of the **occurrence** or offense.

  b.  If a **claim** or **suit** is received by any **insured**, **you** or that **insured** must, as a condition to recovery under this policy:

   (1)  Immediately record the specifics of the **claim** or **suit** and the date received, and

   (2)  Notify **us** as soon as practicable, but not more than fifteen (15) days following initial receipt of the **claim** or **suit**.

   (3)  The requirement to notify **us** applies without regard to whether an **insured** believes, reasonably or otherwise, that the **claim** or **suit** is not covered by this Policy.

   (4)  Failure to provide the notice required above within the time specified without legal cause or justification shall be presumed to prejudice **us**.

  c.  **You** and any other involved **insured** must:

   (1)  Immediately send **us** copies of any demands, notices, summonses or legal papers received in connection with the **claim** or **suit**;

   (2)  Authorize **us** to obtain records and other information;

   (3)  Cooperate with **us** in the investigation, settlement or defense of the **claim** or **suit**; and

   (4)  Assist **us**, upon **our** request, in the enforcement of any right against any person or organization which may be liable to the **insured** because of injury or damage to which this insurance may also apply.

Notice of an **occurrence** or offense is not notice of a **claim** or **suit**.

  d.  Irrespective of reasons, excuse, justification, or prejudice to us:

   (1)  **We** shall not be liable for any cost, payment, expense (including legal expense) or obligation assumed or incurred by an **insured** or anyone acting for or on behalf of an **insured**, without **our** express consent; and

   (2)  **We** shall have no liability for any default judgment entered against any **insured**, nor for any judgment, or settlement or determination of liability rendered or

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

entered before notice to **us** giving **us** a reasonable time in which to protect **our** and the **insured's** interests.

Nothing in this paragraph d. shall be construed to expand upon coverage nor lengthen or expand the periods in which **claims** or **suits** are to be reported as set forth in paragraphs a. through c. of this Section.

7. LEGAL ACTION AGAINST **US**

No person or organization has a right under this insurance:

a. To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an **insured**; or

b. To sue **us** on this insurance unless all of its terms have been fully complied with.

Subject to paragraph 6, above, a person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an **insured** obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by **us**, the **insured** and the claimant or the claimant's legal representative.

8. OTHER INSURANCE, DEDUCTIBLES AND SELF-INSURED RETENTIONS

If other insurance is available to an **insured** for a loss **we** cover under Coverages A or B of this policy, **our** obligations are limited as follows:

a. Excess Insurance

This insurance is excess over any other insurance, and deductibles or self-insured amounts applicable to the loss, damage, or injury, whether such insurance is primary, excess, contingent or contributing, and whether an **insured** is a **named insured** or additional insured under said policy.

When this insurance is excess, **we** will have no duty under Coverage A or B to defend any **claim** or **suit** that any other insurer has a duty to defend.

When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all other insurance.

**We** will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations.

b. Primary Insurance

Where no other insurance is available to an **insured**, this insurance is primary. When other insurance applicable to the loss, injury or damage on behalf of the **insured** is also excess, as set forth in paragraph a. above, then **we** will share with all that other excess insurance by the method described in paragraph c. below, except that this insurance shall always be excess to any other insurance available to an **insured** who is not a **Named Insured** under this policy, and which is issued to such **insured** as a **Named Insured**.

c. Method of Sharing

Where the loss, damage or injury does not involve or arise from continuous or progressive **bodily injury** or **property damage**, or an exposure to conditions in more than one policy year, the following method of sharing shall be followed, subject to the per **occurrence** and per offense limits of coverage:

(1) If all of the other contributing insurance permits contribution by equal shares, **we** will follow this method also, subject to the policy limits, until the highest per occurrence limit of available insurance has been reached.

(2) If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits, up to the applicable per occurrence policy limit as set forth in this policy

The above methods of sharing will also apply where no primary insurance, as set forth in paragraph b. above, is applicable to the loss. In such instance, all applicable deductibles and/or self-insured amounts must first be exhausted before this insurance will apply.

9. PREMIUM AUDIT

a. **We** will compute all premiums for this policy in accordance with **our** rules and rates.

b. If the premium for this policy is designated as a MINIMUM AND DEPOSIT PREMIUM, then **we** shall be entitled to retain that premium in full, notwithstanding any subsequent audit showing an earned premium to be less than the amount designated as the MINIMUM AND DEPOSIT PREMIUM. Notwithstanding the foregoing, a MINIMUM AND DEPOSIT PREMIUM is subject to an upward adjustment if an audit shows that the total

14

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

earned premium exceeds the MINIMUM AND DEPOSIT PREMIUM. In that case, the amount by which the total earned premium exceeds the MINIMUM AND DEPOSIT PREMIUM shall be due and payable on notice to the first **Named Insured**.

c.   The first **Named Insured** must keep records of the information **we** need for the premium computation, and send **us** copies at such times as **we** may request.

d.   If any **Named Insured** refuses to allow **us** access to its records sufficiently to conduct such audit, then **we** shall, at **our** sole discretion, have the option to pursue either one of the following:

(1)   To initiate all available legal and/or equitable remedies available in a court of proper jurisdiction to enforce and accomplish the subject audit; or,

(2)   To invoice the first **Named Insured** for an additional premium equal to the greater of twenty-five percent (25%) of the original minimum and deposit premium shown on the declarations page of this policy or five thousand dollars ($5,000) for each **Named Insured**.

e.   Additional premiums invoiced under Section IV.9.d(2), above, are due and payable on such invoicing to the first **Named Insured**. Interest allowed by the first **Named Insured's** state laws, or if no such laws, then ten percent (10%) interest, shall begin to accrue thirty (30) days after such invoicing on all amounts due from the first **Named Insured** under said Section IV, Paragraph 9d. above. The first **Named Insured** further agrees to pay, upon demand, all reasonable attorneys' fees, collection costs, and court costs required by **us** to enforce **our** rights and remedies under either option (1) or option (2) set forth in said Section IV, Paragraph 9d. above.

f.   Any single waiver by **us** of auditing the subject policy, including but not limited to waiving the audit upon a return premium, shall not act as a continuing or permanent waiver, and **we** shall still have the right to audit at any time, at **our** sole discretion, for a three year time period following the termination date of this policy.

10. PREMIUMS

The first **Named Insured** shown in the Declarations:

a. Is responsible for the payment of all premiums; and

b. Will be the payee for any return premiums **we** pay.

11.       REPRESENTATIONS

By accepting this policy, **you** agree:

a.   The statements **you** made in the declarations and applications and questionnaires are accurate and complete;

b.   **We** have issued this policy in reliance upon **your** representations; and

c.   False, misleading, inaccurate or incomplete statements may void coverage.

12. SEPARATION OF **INSUREDS**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned to the first **Named Insured**, this insurance applies:

a.   As if each **insured** were the only **insured**; and

b.   Separately to each **insured** against whom **claim** is made or **suit** is brought.

13. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any **insured** has the right to recover all or part of any payment **we** have made under this insurance, those rights are transferred to **us**. An **insured** must do nothing after loss to impair these rights. At **our** request, an **insured** will bring **suit** and help **us** enforce these rights.

14. TRANSFER OF **YOUR** RIGHTS AND DUTIES UNDER THIS POLICY

**Your** rights and duties under this policy may not be transferred without **our** written consent except in the case of death of an individual **Named Insured**.

If **you** die, **your** rights and duties under this policy will be transferred to **your** legal representative, but only while acting within the scope of duties as **your** legal representative. Until **your** legal representative is appointed, anyone having proper temporary custody of **your** property will have **your** rights and duties, but only with respect to that property.

15. REIMBURSEMENT OF DEFENSE COSTS WHERE **WE** ELECT NOT TO DEFEND

Where pursuant to an exclusion giving us the right, but not the obligation to defend a **suit**, **we** do not elect to defend such **suit**, at the conclusion or resolution of the **suit we** shall reimburse **you** for **your** reasonable attorneys' fees and litigation costs incurred in defending such **suit** which would otherwise have been incurred by **us**, in accordance with the following:

a.   Upon a settlement or final judgment comprised of liability covered by this policy and liability excluded by an exclusion giving **us** the right but not the obligation to defend, **we** will reimburse said fees and costs in the proportion to which damages not excluded

therein bear to the entire amount of damages paid by **you** or on **your** behalf.

b. Where no damages are awarded against **you** in a final judgment, nor any settlement reached requiring payment by **you** or on **your** behalf or where no damages are paid for liability excluded by an exclusion giving **us** the right but not the obligation to defend, **you** and **we** agree to be bound by the decision of an impartial arbitrator who shall review all invoices and work performed by **your** attorneys.

c. As a condition precedent to **your** right to reimbursement, **you** and **your** attorneys shall keep **us** informed of the progress of **suit** and provide to **us** access to all information necessary or appropriate to evaluate the **claim, suit,** settlement and the reasonableness, amount and allocation of attorneys' fees and litigation expense.

d. In any proceeding to seek reimbursement of costs and expenses incurred in defending the **suit, you** shall bear the burden of proving the amount of damages allocable to claims or allegations excluded by an exclusion giving **us** the right, but not the obligation to defend, the amount of damages allocable for claims or allegations not excluded by this Exclusion, and the amount of reimbursement to which **you** are entitled.

## SECTION V – DEFINITIONS

1. **ADVERTISING INJURY**

   **Advertising injury** means injury other than **bodily injury** arising out of one or more of the following offenses committed in the course of and through the means of **your** advertising activities:

   (a) Oral or written publication of material that slanders or libels a person, or

   (b) Oral or written publication of material that violates a person's right of privacy.

2. **AUTO**

   **Auto** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. **Auto** does not include **mobile equipment**.

3. **BODILY INJURY**

   **Bodily injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. **Bodily injury** does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from prior physical injury, physical sickness or

physical disease otherwise covered under this policy.

4. **CLAIM**

   **Claim** means a request or demand for money or services because of **bodily injury, property damage, personal injury** or **advertising injury**, received by **us** or an **insured** including the service of **suit** or institution of arbitration proceedings against an **insured**. **Claim** does not include reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a **claim** under this policy.

5. **COVERAGE TERRITORY**

   **Coverage territory** means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

   c. All parts of the world if:

      1. The injury or damage arises out of:

         a. Goods or products made and sold by **you** in the territory described in paragraph a. above; or

         b. The activities of a person whose home is in the territory described in paragraph a. above, but is away for a period of less than thirty (30) days on **your** business; and

      2. **Your** responsibility to pay damages is determined in a **suit** on the merits, in the territory described in paragraph a. above or in a settlement **we** agree to.

6. **FINANCIAL SERVICES**

   **Financial services** means services related to or arising out of the following:

   a. Planning, administering or advising on:

      1. Any investment, pension, annuity, savings, checking or retirement plan, fund or account;

      2. The issuance or withdrawal of any bond, debenture, stock or other securities;

      3. The trading of securities, futures, commodities, or currencies;

   b. Acting as a dividend disbursing agent, exchange agent, redemption or subscription agent, warrant or script agent, fiscal or paying agent, tax withholding agent, escrow agent, clearing agent, or electronic funds transfer

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

§ 2002, all rights reserved.

agent;

c. Lending or arranging for the lending of money, including credit card, debit card, leasing or mortgage operations or activities, including securing financing, refinancing, or interbank transfers;

d. Repossessing of real or personal property or acting as an assignee for the benefit of creditors;

e. Checking, evaluating or reporting of credit;

f. Maintaining of financial accounts or records;

g. Compliance with local, State or Federal tax laws including but not limited to tax planning, tax advising or the preparation of tax returns;

h. Selling or issuing travelers checks, letters of credit, certified checks, cashier checks, bank checks, money orders or advances on payroll checks.

## 7. IMPAIRED PROPERTY

**Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

b. **You** have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

(1) The repair, replacement, adjustment or removal of **your product** or **your work**; or

(2) **Your** fulfilling the terms of the contract or agreement, even though such property may be damaged in the course of the repair, replacement, adjustment or removal of **your product** or **your work**.

## 8. INSURED

**Insured** means the **Named Insured** and any other person or organization qualifying as such under this policy.

## 9. INSURED CONTRACT

**Insured contract** means that part of any written contract or written agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the **tort liability** of another party to pay for **bodily injury** or **property damage** to a third person or organization, but only if such **bodily injury** or **property damage** is not otherwise excluded by

this insurance.

An **insured contract** does not include that part of any contract or agreement:

a. That indemnifies any person or organization for **bodily injury** or **property damage** arising out of construction or demolition operations, within fifty (50) feet of any railroad property;

b. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, field orders, change orders, or drawings, designs or specifications; or

(2) Giving directions or instructions, or failing to give them;

c. Under which **you**, if an architect, engineer or surveyor, assume liability for an injury or damage arising out of **your** rendering or failure to render **professional services**;

d. That indemnifies any person or organization for damage by fire to premises rented or loaned to **you**;

e. That portion of the contract for the lease of premises that indemnifies any person or organization for damage by fire to premises rented to **you** or temporarily occupied by **you**.

## 10. LOADING OR UNLOADING

**Loading** or **unloading** means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**.

b. While it is in or on an aircraft, water craft or **auto**; or

c. While it is being moved from an aircraft, water craft or **auto** to the place where it is finally delivered;

but **loading** or **unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

## 11. MOBILE EQUIPMENT

**Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises **you** own or rent;

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted.

    (1) Power cranes, shovels, loaders, diggers or drills; or

    (2) Road construction or resurfacing equipment such as graders, scrapers or rollers.

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    (1) Air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment; or

    (2) Cherry pickers and similar devices used to raise or lower workers.

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

    (1) Equipment designed primarily for:

       (a) Snow removal;

       (b) Road maintenance, but not construction or resurfacing;

       (c) Street Cleaning;

    (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    (2) Air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment.

## 12. NAMED INSURED

**Named Insured** means the person or organization named in Item 1.of the Declarations of this policy.

## 13. OCCURRENCE

**Occurrence** means an accident, including a continuous or repeated exposure to substantially the same generally harmful condition.

## 14. PERSONAL INJURY

**Personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. Actual and complete physical eviction of a person from a dwelling;

d. Oral or written publication of material that slanders or libels a person or organization; or

e. Oral or written publication of material that violates a person's right of privacy.

## 15. POLICY PERIOD

**Policy period** means the term of this policy from its inception date to the earlier of its expiration date, shown in the Declarations, or the date of any cancellation.

## 16. POLLUTANT

**Pollutant** means any solid, liquid, gaseous or thermal irritants or contaminants, which include but are not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, waste, biological elements and agents, and intangibles such as noise, light and visual esthetics, the presence of any or all of which adversely affects human health or welfare, unfavorably alters ecological balances or degrades the vitality of the environment for esthetic, cultural or historical purposes, whether such substances would be or are deemed or thought to be toxic, and whether such substances are naturally occurring or otherwise.

**Waste** includes but is not limited to any material or substances to be recycled, reconditioned or reclaimed, and any substance or material produced as a by-product or side effect of any process.

**Pollution** as used herein means any form of **pollutant** which forms the basis for liability, whether the **pollution** is said to cause physical injury or not, which by volume or timing or any other factor is said to give rise to liability.

## 17. PRODUCTS-COMPLETED OPERATIONS HAZARD

**Products-completed operations hazard**:

a. includes all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your work** except:

    (1) Products that are still in **your** physical possession; or

    (2) Work that has not yet been completed.

b. **Your work** will be deemed completed at the earliest of the following times:

    (1) When all of the work called for in **your** contract has been completed.

    (2) When all of the work to be done at the job site has been completed if **your** contract

8 2002, all rights reserved.

calls for work at more than job site.

(3)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, after it is complete as set forth in paragraph b. above, will be treated as completed even though a contract requires such service, maintenance, correction, repair or replacement.

c.   This hazard does not include **bodily injury** or **property damage** arising out of:

(1)   The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the **loading** or **unloading** of that vehicle; or

(2)   The existence of tools, uninstalled equipment or abandoned or unused materials;

## 18.  PROFESSIONAL SERVICES

**Professional services** means services arising out of a vocation, calling, occupation or employment involving specialized knowledge, labor or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual including but not limited to services rendered as an accountant, attorney, paralegal, insurance agent and/or broker, nurse, physician, hospital, real estate agent and/or broker, architect, engineer, surveyor, literary agent or veterinarian.

## 19.  PROPERTY DAMAGE

**Property damage** means physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it. Loss of use of tangible property unaccompanied by physical injury to that property is not **property damage**.

## 20.  SUIT

.   **Suit** means a civil proceeding in which damage because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies are alleged. **Suit** includes:

a.   An arbitration proceeding in which such damages are claimed and to which an **insured** must submit or does submit with **our** consent; or

b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which an **insured** submits with **our** consent.

## 21.  TORT LIABILITY

**Tort liability** or **tort damages** means liability or damages that would be imposed by law in the absence of any contract or agreement.

## 22.  YOUR PRODUCT

**Your product** means:

a.   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1)   **You;**

(2)   Others trading under **your** name; or

(3)   A person or organization whose business or assets **you** have acquired; and

b.   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Your product** includes:

a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product;** and

b.   The providing of or failure to provide warnings or instructions.

**Your product** does not include vending machines or other property rented to or located for the use of others but not sold.

## 23.  YOUR WORK

**Your work** means:

a.   Work or operations performed by **you** or on **your** behalf; and

b.   Materials, parts or equipment furnished in connection with such work or operations.

**Your work** includes:

a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work;** and

b.   The providing of or failure to provide warnings or instructions.

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)          8 2002, all rights reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

1446296v.1                              COMPLAINT

# ProBuilders Specialty Insurance Company, RRG

## A Risk Retention Group

**73-726 Alessandro Drive - Suite 200**
**Palm Desert, CA 92260  (760) 836-0155**

# D E C L A R A T I O N S

This Declaration Page is issued in conjunction with and forms a part of Policy Number: APG 5002066

Renewal of Number: APG 4500148

**Item 1.**  **Name of Insured:**  L & L CONSTRUCTION; DBA: LITTRELL HOMES

**Address**  1625 HOWARD ROAD, #158, MADERA, CA 93637

**Item 2.**  **Policy Period:**  SEPTEMBER 16, 2004    to    SEPTEMBER 16, 2005
(12:01 a.m. unless otherwise specified)

**Item 3.**  **Description of Insurance afforded hereunder:**  COMMERCIAL GENERAL LIABILITY

**Item 4.**  **Limits of Liability:**  Coverage is provided only if a limit is shown below:

| | |
|---|---|
| Aggregate Limit | $ 2,000,000.00 |
| Personal & Advertising Injury Limit | $ 1,000,000.00 |
| Each Occurrence Limit | $ 1,000,000.00 |
| Medical Payments Limit | $ 5,000.00 *(any one person)* |

**Item 5.**  **Self Insured Retention:** $_____   [ ] Per Claim   [ ] Per Occurrence/Offense

**Item 6.**  **Deductible:**   $ 7,500.00   [X] Per Claim   [ ] Per Occurrence/Offense

**Item 7.**  **The Named Insured is:**  Corporation

**Item 8.**  **Premium: The premium stated herein is the minimum premium for the policy period.** Any adjustment upon audit will be upward only. There will be no premium refund of the minimum premium upon audit, if the estimated exposure is less than shown herein.

[X] Annual   [ ] Term   $ ▇▇▇▇▇▇▇▇▇▇▇▇▇

[ ] Flat   [X] Adjustable at a Rate of ▇▇▇▇▇▇▇▇▇▇▇▇▇

[ ] Flat Fully Earned   Estimated Exposure: ▇▇▇▇▇▇▇

The insured will also be charged for applicable state premium taxes. If this policy is cancelled due to the insured's failure to comply with policy terms and conditions, (including non-payment of premium), it will only be reinstated at the discretion of the insurer. The insured will be required to pay a $250.00 fee for any such reinstatement.

**Item 9.**  **Endorsements and forms attached to this Policy:**  OCC1-19 (Ed. 02/05/02) (rev. 04/22/02);

ENDORSEMENTS 1 THROUGH 12

_Peter H. Foley_
Company

_Andrea M. Griggs_
Countersignature of Authorized Representative

**NOTICE: This policy is issued by your risk retention group. Your risk retention group may not be subject to all of the insurance laws and regulations of your state. State insurance insolvency guaranty funds are not available for your risk retention group.**

NBIS_OCUR (Ed. 02/05/02) (Rev. 05/12/04)

## ENDORSEMENT

R0055
(E.D. 12/01/03)

| | ENDT. NO. | 1 |

### CHROMATED COPPER ARSENATE ("CCA") EXCLUSION

IT IS AGREED THAT THIS POLICY DOES NOT PROVIDE COVERAGE FOR ANY LIABILITY FOR **BODILY INJURY, PROPERTY DAMAGE** OR **PERSONAL INJURY** ARISING FROM OR CAUSED BY THE EXISTENCE OF OR EXPOSURE TO CCA, WHETHER SUCH CCA IS IN PURE FORM OR IS OR WAS COMBINED WITH ANY OTHER CHEMICAL, PRODUCT OR MATERIAL, AND WHETHER THE EXISTENCE OF OR EXPOSURE TO CCA IS OR IS ALLEGED TO HAVE CAUSED DAMAGE IN ANY SEQUENCE OR COMBINATION WITH, OR CONTRIBUTED TO OR WAS CONTRIBUTED TO BY ANY OTHER CAUSE OR CAUSES OF INJURY OR DAMAGE.   THIS EXCLUSION SHALL APPLY WITHOUT REGARD TO THE ALLEGATIONS OR BASIS OF THE **INSURED'S** LIABILITY.   THIS EXCLUSION INCLUDES ANY INJURY OR DAMAGE CAUSED OR ALLEGED TO HAVE BEEN CAUSED BY THE REMOVAL, ERADICATION, DETOXIFICATION, REMEDIATION OR DECONTAMINATION OF CCA OR PROPERTY CONTAINING CCA, AND FURTHER INCLUDES ANY LIABILITY, COST OR EXPENSE TO REMEDIATE OR PREVENT **BODILY INJURY, PROPERTY DAMAGE** OR **PERSONAL INJURY** FROM CCA.

NOTWITHSTANDING THE PROVISIONS OF THIS POLICY REGARDING THE OBLIGATION TO DEFEND YOU, WHERE A SUIT IS BASED IN WHOLE OR IN PART UPON **BODILY INJURY, PERSONAL INJURY** OR **PROPERTY DAMAGE** LIABILITY FOR WHICH IS EXCLUDED BY THIS EXCLUSION, WE SHALL HAVE THE RIGHT, BUT NOT THE OBLIGATION, TO DEFEND SAID SUIT.   WHEN WE DO NOT ELECT TO DEFEND YOU IN SUCH SUIT, WE SHALL REIMBURSE YOU FOR THE REASONABLE ATTORNEYS' FEES AND LITIGATION EXPENSES INCURRED BY YOU, IN ACCORDANCE WITH PARAGRAPH 15 OF SECTION IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| **ProBuilders Specialty Insurance Company, RRG**<br>**A Risk Retention Group** | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0500
(E.D. 02/05/02)

| | |
|---|---|
| **ENDT. NO.** | 2 |

## CONTRACTORS SPECIAL CONDITIONS

AS A CONDITION PRECEDENT TO THIS POLICY APPLYING TO ANY CLAIM IN WHOLE OR IN PART BASED UPON WORK PERFORMED BY INDEPENDENT CONTRACTORS, THE INSURED MUST HAVE PRIOR TO THE DATE OF THE LOSS GIVING RISE TO THE **CLAIM**:

(1)   RECEIVED A WRITTEN INDEMNITY AGREEMENT FROM THE INDEPENDENT CONTRACTOR HOLDING THE INSURED HARMLESS FOR ALL LIABILITIES, INCLUDING COSTS OF DEFENSE, ARISING FROM THE WORK OF THE INDEPENDENT CONTRACTOR; AND

(2)   OBTAINED CERTIFICATES OF INSURANCE FROM THE INDEPENDENT CONTRACTOR INDICATING THAT THE INSURED IS NAMED AS AN ADDITIONAL INSURED AND THAT COVERAGE IS MAINTAINED EQUAL TO OR GREATER THAN PROVIDED BY THIS POLICY WITH LIMITS OF AT LEAST $1,000,000 PER OCCURRENCE.

(3)   THE INSURED HAS MAINTAINED THE RECORDS EVIDENCING COMPLIANCE WITH SUBSECTIONS 1 AND 2.

THE INSURANCE PROVIDED BY THIS POLICY SHALL BE EXCESS OVER AND ABOVE ANY OTHER VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE INSURED UNDER SUBSECTION (2).

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

| ENDORSEMENT | |
|---|---|

R0600
(E.D. 02/05/02  Rev 07/18/02)

| ENDT. NO. | 3 |
|---|---|

### MINIMUM EARNED PREMIUM

IT IS AGREED THAT ██████████████████ OF THE ANNUAL PREMIUM IS FULLY EARNED AS OF THE INCEPTION DATE OF THE POLICY.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Driggs* |

# ENDORSEMENT

R0200
(E.D. 02/05/02) (Rev. 05/13/04)

| ENDT. NO. | 4 |
|---|---|

### CLAIMS REPORTING

IN THE EVENT OF ANY OCCURRENCE THAT MAY RESULT IN A CLAIM AGAINST THIS POLICY, THE INSURED SHOULD IMMEDIATELY REPORT SUCH OCCURRENCE TO:

**CLAIMS ADJUSTING SERVICES, INC.**
73-726 ALESSANDRO DRIVE
SUITE 200
PALM DESERT, CALIFORNIA 92260

PHONE: (760) 836-0155

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0401
(E.D. 02/05/02)

| ENDT. NO. | 5 |
|---|---|

### PER CLAIM DEDUCTIBLE

IT IS AGREED THAT $___7,500.00___ SHALL BE DEDUCTED FROM EACH AND EVERY **CLAIM** UNDER THIS POLICY, IRRESPECTIVE OF THE NUMBER OF **CLAIMS** WHICH MAY BE JOINED IN ANY ONE **SUIT**, ARBITRATION, MEDIATION, OR ANY OTHER FORM OF LEGAL PROCEEDING.  SUCH COVERAGE AS IS AFFORDED UNDER THIS POLICY APPLIES SUBJECT TO THE FOLLOWING CONDITIONS:

1.  THE DEDUCTIBLE(S) SHALL APPLY TO THE **NAMED INSURED** FOR ALL COSTS INCURRED BY **US** ON BEHALF OF ANY **INSURED** FOR ADJUSTING, LEGAL AND RELATED EXPENSES AS WELL AS ANY PAYMENTS MADE BY US TOWARD THE SETTLEMENT OF EACH AND EVERY **CLAIM**.

2.  ALL OF THE OTHER TERMS AND PROVISIONS OF THIS POLICY, INCLUDING THOSE WITH RESPECT TO AN **INSURED'S** OBLIGATIONS UPON AN **OCCURRENCE** OR **CLAIM** AND **OUR** RIGHT TO INVESTIGATE, DEFEND, NEGOTIATE AND/OR SETTLE ANY **CLAIM** OR **SUIT**, APPLY IRRESPECTIVE OF THE APPLICATION OF THE DEDUCTIBLE(S).

3.  THE **NAMED INSURED** SHALL CONTRIBUTE THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS FROM THE DATE OF REQUEST BY **US** OR **OUR** REPRESENTATIVE. THE REQUEST FOR PAYMENT OF THE DEDUCTIBLE(S) HEREIN SET FORTH SHALL BE SENT TO THE **NAMED INSURED** BY ORDINARY MAIL ADDRESSED TO THE FIRST **NAMED INSURED** AT THE ADDRESS LISTED IN THE POLICY. THE TEN (10) DAYS SHALL BEGIN TO APPLY FROM THE POSTMARK OF THE LETTER BEARING SUCH REQUEST. FAILURE OF THE **NAMED INSURED** TO PAY THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS AS HEREIN SET FORTH SHALL VOID THE POLICY WITH RESPECT TO THE **CLAIM(S)** INVOLVED.

4.  **WE** SHALL HAVE THE RIGHT TO MAKE PARTIAL DEDUCTIBLE RECOVERIES FROM THE **NAMED INSURED** WHEN PARTIAL SETTLEMENTS AND/OR EXPENSE BELOW THE FULL AMOUNT OF THE DEDUCTIBLE(S) ARE INCURRED BY **US**.

5.  AS RESPECTS COVERAGES A, B AND C OF THIS POLICY, THE DEDUCTIBLE APPLIES EQUALLY TO ALL DAMAGES SUSTAINED BY ANY ONE PERSON OR ORGANIZATION AS A RESULT OF ANY ONE **CLAIM**.

6.  FAILURE OR DELAY BY **US** IN SEEKING REIMBURSEMENT OF THE DEDUCTIBLE(S) SHALL NOT BE CONSIDERED A WAIVER BY US.  **WE** MAY DEDUCT FROM ANY PAYMENT ON JUDGEMENT OR SETTLEMENT THE AMOUNT OF ANY DEDUCTIBLE(S) NOT REIMBURSED AS OF THE DATE SUCH PAYMENT IS DUE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

| ENDORSEMENT | | |
|---|---|---|

R0052
(E.D. 07/22/03)

| ENDT. NO. | 6 |
|---|---|

## EXCLUSION -  OPERATIONS COVERED BY A

## CONSOLIDATED (WRAP-UP OR OWNER CONTROLLED) INSURANCE PROGRAM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of item B., hereof, and in view of the nature of the legal and contractual relations which are or may be included within a consolidated (Wrap-Up or Owner Controlled) insurance program, and in consideration of the Company's agreement to issue the policy subject to this Endorsement, it is hereby agreed that:

A.  This insurance does not apply to **bodily injury**, **property damage**, **personal injury** or **advertising injury** arising out of or connected with **your work**, including **bodily injury** or **property damage** within the **products-completed operations hazard**, on a project or at a location where a consolidated (Wrap-Up or Owner Controlled) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (Wrap-Up or Owner Controlled) insurance program:

(1)  Provides coverage identical to that provided by this Coverage Part;

(2)  Has limits adequate to cover all claims;

Page 1 of 2

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0052
(E.D. 07/22/03)

| ENDT. NO. | 6 |

(3) Remains in effect; or

(4)  Applies to the **bodily injury, property damage**, **personal injury** or **advertising injury**; or

(5)  You are the prime contractor, project manager, owner or principal insured or such insurance program.

B.  If the premium basis for the policy to which this endorsement is attached is based upon gross receipts, such gross receipts shall not include receipts for operations on a project or at a location where a consolidated (Wrap-Up or Owner Controlled) insurance program has been provided by the prime contractor/project manager or owner of the construction project.   If such receipts formed part of the estimated gross receipts for purposes of calculating a minimum and/or deposit premium, upon appropriate application by you the portion of premium attributable to such receipts shall be returned to you and the minimum and/or deposit premium refunded.

C.  The inclusion of receipts for purposes of calculating any premium which, under paragraph B. above, should not have been included shall not increase the coverage provided by the policy nor shall it waive the application of the exclusions contained in this endorsement.

ALL OTHER TERMS, CONDITIONS, EXCLUSIONS AND LIMITATIONS IN THE POLICY, EXCEPT AS EXPRESSLY MODIFIED HEREIN, REMAIN IN EFFECT.

Page 2 of 2

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| **ProBuilders Specialty Insurance Company, RRG**<br>**A Risk Retention Group** | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0101
(E.D. 02/05/02)

| ENDT. NO. | 7 |

### ADDITIONAL INSURED

IT IS AGREED THAT COVERAGE IS PROVIDED TO THE ADDITIONAL INSURED(S) AS FOLLOWS:

1.  SECTION II OF THE POLICY (WHO IS AN INSURED) IS AMENDED TO INCLUDE ANY PERSON OR ORGANIZATION THAT THE **NAMED INSURED** HAS AGREED IN AN **INSURED CONTRACT** TO NAME AS AN ADDITIONAL **INSURED** PROVIDED THE **BODILY INJURY** OR **PROPERTY DAMAGE** OCCURS SUBSEQUENT TO THE EXECUTION OF THE **INSURED CONTRACT** AND THE **BODILY INJURY** OR **PROPERTY DAMAGE** ARISES FROM **YOUR WORK** PERFORMED DURING THE POLICY TERM.

2.  THE APPLICABLE LIMIT OF THE COMPANY'S LIABILITY SHALL NOT BE INCREASED BY THE INCLUSION OF ANY NUMBER OF ADDITIONAL INSUREDS.

3.  OTHER THAN AS EXPRESSLY MODIFIED HEREIN, COVERAGE FOR THE ADDITIONAL INSURED IS GOVERNED BY THE TERMS AND CONDITIONS OF THIS POLICY, INCLUDING THE INSURING AGREEMENTS.

4.  THE COVERAGE PROVIDED FOR THE ADDITIONAL INSURED IS ONLY TO THE EXTENT THE ADDITIONAL INSURED IS HELD LIABLE FOR THE NEGLIGENCE OR STRICT LIABILITY OF THE NAMED INSURED.  NO COVERAGE IS PROVIDED FOR LIABILITY BASED UPON THE ACTS, ERRORS OR OMISSIONS OF THE ADDITIONAL INSURED.

5.  NO COVERAGE IS PROVIDED TO AN ADDITIONAL INSURED FOR DAMAGES BECAUSE OF BODILY INJURY TO AN EMPLOYEE OF THE NAMED INSURED, WHETHER SUIT IS BROUGHT OR CLAIM IS MADE BY THE EMPLOYEE OR THE PARENT, SPOUSE, CHILD OR SIBLING OF SUCH EMPLOYEE, OR ANY ENTITY SEEKING DAMAGES BECAUSE OF INJURY TO SUCH EMPLOYEE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0905
(E.D. 02/05/02)

| ENDT. NO. | 8 |
|---|---|

## WAIVER OF SUBROGATION

IT IS AGREED WAIVER OF SUBROGATION IS ADDED TO THIS POLICY REGARDING ANY ADDITIONAL INSURED.

WE WAIVE ANY RIGHT OF RECOVERY WE MAY HAVE AGAINST THE PERSON OR ORGANIZATION SHOWN IN ENDORSEMENT NUMBER ( 7 ), THE ADDITIONAL INSURED ENDORSEMENT, BECAUSE OF PAYMENTS WE MAKE FOR INJURY OR DAMAGE ARISING OUT OF "YOUR WORK" DONE UNDER A CONTRACT WITH THAT PERSON OR ORGANIZATION. THE WAIVER APPLIES ONLY TO THE PERSON OR ORGANIZATION SHOWN IN THE SCHEDULE (BLANKET).

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0054
(E.D. 01/05/04)

| | ENDT. NO. | 9 |
|---|---|---|

## SCHOOLS AND PLAYGROUNDS EXCLUSION

IT IS AGREED THAT THIS POLICY DOES NOT PROVIDE COVERAGE FOR ANY LIABILITY FOR **PROPERTY DAMAGE, BODILY INJURY, ADVERTISING INJURY** OR **PERSONAL INJURY** ARISING OUT OF **YOUR WORK** THAT IS INVOLVED WITH, RELATED TO OR CONNECTED WITH ANY PROJECT LOCATED AT OR ASSOCIATED WITH A SCHOOL OR PLAYGROUND.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| **ProBuilders Specialty Insurance Company, RRG**<br>**A Risk Retention Group** | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

# ENDORSEMENT

R0051
(E.D. 04/01/03)

| ENDT. NO. | 10 |
|---|---|

## OPEN FLAME AND HEAT APPLICATION EXCLUSION

IT IS AGREED THAT NO COVERAGE IS AFFORDED FOR ANY **PROPERTY DAMAGE** THAT ARISES OUT OF, IS CAUSED BY, OR IS IN ANY WAY CONNECTED WITH **YOUR WORK** THAT INVOLVES WAND, OPEN FLAME, TORCH OR ANY OTHER TYPE OF HEAT APPLICATION.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

## ENDORSEMENT

R0024
(E.D. 02/05/02)

| ENDT. NO. | 11 |
|---|---|

### COURSE OF ROOFING OPERATIONS EXCLUSION

IT IS AGREED THAT THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED DOES NOT PROVIDE COVERAGE FOR LIABILITY OF ANY INSURED ARISING FROM PROPERTY DAMAGE TO BUILDINGS, STRUCTURES, CONTENTS OR ANY REAL OR PERSONAL PROPERTY RELATED THERETO, ARISING FROM OR CAUSED BY, IN WHOLE OR IN PART, THE INFLUX OR INTRUSION OF RAIN, HAIL, SNOW OR ANY OTHER FORM OF PRECIPITATION DURING THE COURSE OF WORK OR OPERATIONS TO OR UPON A ROOF OR OTHER COVERING SUCH BUILDING OR OTHER STRUCTURE, WHETHER OR NOT CAUSED BY THE NEGLIGENCE OF THE INSURED, ITS PRINCIPALS, AGENTS, SUBCONTRACTORS OR ANY OTHER PERSON OR ENTITY FOR WHICH THE INSURED MAY BE LIABLE.  WORK OR OPERATIONS UPON A ROOF OR OTHER COVERING STRUCTURE SHALL BE DEEMED COMPLETE ONLY WHEN ALL WORK OR OPERATIONS UPON IT HAS BEEN FINISHED, WHETHER THE SCOPE OF THE INSURED'S WORK OR OPERATIONS INCLUDES COMPLETION OF THE ROOF OR OTHER COVERING STRUCTURE, AND EVEN THEN NOT UNTIL THE ROOF OR OTHER STRUCTURE IS COMPLETELY FINISHED FROM THE STANDPOINT OF ANY PERSON OR ENTITY INVOLVED.  THIS EXCLUSION APPLIES TO LIABILITY OF AN INSURED HOWSOEVER INCURRED OR ALLEGED, INCLUDING LIABILITY CLAIMED TO ARISE UNDER AN INSURED CONTRACT.

*THIS COURSE OF ROOFING EXCLUSION DOES NOT APPLY TO PROPERTY DAMAGE ARISING OUT OF **YOUR WORK** OR **YOUR PRODUCT** FIRST PERFORMED OR SUPPLIED OR INCORPORATED PRIOR TO CERTIFICATION FOR OCCUPANCY.*

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

**ProBuilders Specialty Insurance Company, RRG**
**A Risk Retention Group**

Countersignature of Authorized Representative

# ENDORSEMENT

R0049
(E.D. 04/05/02)

| ENDT. NO. | 12 |
|---|---|

## TORCH DOWN AND TORCH ON ROOFING EXCLUSION

IT IS AGREED THAT NO COVERAGE IS AFFORDED FOR ANY LIABILITY OR CLAIM THAT ARISE OUT OF, IS RELATED TO, OR CONNECTED WITH WAND, OPEN FLAME, TORCH AND/OR HEAT APPLICATIONS COMMONLY KNOWN IN THE ROOFING INDUSTRY AS TORCH DOWN AND/OR TORCH ON.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2004 |

| ProBuilders Specialty Insurance Company, RRG<br>A Risk Retention Group | Countersignature of Authorized Representative |
|---|---|
| *Peter H. Foley* | *Andrea M. Griggs* |

## ENDORSEMENT

R0802
(E.D. 02/05/02)

| ENDT. NO. | 13 |
|---|---|

### FINAL AUDIT

IT IS AGREED FOR AN ADDITIONAL PREMIUM OF ███████, THE FINAL AUDIT IS COMPLETED
AS OUTLINED BELOW.

PERIOD:                           09/16/04  TO  09/16/05

EXPOSURE FOR PERIOD:    ███████

RATE:                               █████

RATE BASIS:                     █████

PREMIUM BASIS:              ████████

EARNED PREMIUM:          █████

LESS DEPOSIT PREMIUM:  █████

TOTAL ADDITIONAL PREMIUM:  ██████

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED**

| Policy Number | Insured | Effective |
|---|---|---|
| APG 5002066 | LITTRELL HOMES | 09/16/2005 |

**ProBuilders Specialty Insurance Company, RRG**
**A Risk Retention Group**

*Peter H. Foley*

Countersignature of Authorized Representative

*Joseph Savarese*

SEP-17-2004(FRI) 16:19   NATIL   BUILDERS INSURANCE   (FAX)760  6 0166        P. 035/055
SEP-08-2004 WED 07:38 AM INSURANCE SERVICES      FAX NO. 8182558411         P. 02/07
JUL-30-2004 FRI 10:18 AM INSURANCE SERVICES      FAX NO. 8182558411         P. 02/07

**PBSBC SPECIALTY INSURANCE COMPANY, REG. A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION — NATIONAL BUILDERS INSURANCE SERVICES, INC.**

| | |
|---|---|
| 1. PRODUCER NAME: | Taylor Insurance Agency |
| 2. PRODUCER ADDRESS: | 1801 Howard Road, Madera CA  93637 |
| 3. PRODUCER TELEPHONE: | (559) 673-5995 |
| 4. PRODUCER CONTACT NAME: | Kenneth G. Taylor |
| 5. PRODUCER FAX: | (559) 673-2716 |
| 6. PRODUCER E-MAIL: | |
| 7. APPLICANT NAME: | L&L Construction DBA Littrell Homes |
| 8. APPLICANT STREET ADDRESS: | 7400 Edgewater, Chowchilla, CA  93610 |
| 9. CITY: | Chowchilla |
| 10. STATE: | CA |
| | 93610 |
| 11. ZIP: | |
| 12. APPLICANT MAILING ADDRESS: | 1625 Howard Road #158 |
| 13. CITY: | Madera |
| 14. STATE: | CA |
| 15. ZIP: | 93637 |
| 16. PHONE NUMBER: | (559) 665-3902 |
| 17. INSPECTION CONTACT NAME: | Robbie Littrell |
| 18. YEARS IN BUSINESS UNDER CURRENT NAME: | 21 yrs |
| 19. TOTAL YEARS EXPERIENCE AS A CONTRACTOR: | 21 yrs |
| 20. CONTRACTOR LICENSE NUMBER(S): | 607150 |
| 21. LICENSED STATE(S): | CA |
| 22. TAX ID NUMBER: | |
| 23. PROPOSED POLICY EFFECTIVE DATE: | 9/16/04 |
| 24. REQUESTED PER OCCUR. LIMIT: | $ 1,000,000 |
| 25. REQUESTED AGGREGATE LIMIT: | $ 1,000,000 |
| 26. REQUESTED PER CLAIM DEDUCTIBLE: | $ 250 |

Checkboxes under Applicant Name: [ ] INDIVIDUAL  [ ] PARTNERSHIP  [X] CORPORATION  [ ] JOINT VENTURE  [ ] LLC  [ ] OTHER

27. DESCRIPTION OF YOUR OPERATIONS: Insured will build approximately 38 homes annually and of the 38 homes 24 will be built in the development called Greenhills, CA.

**EXPLAIN ALL "YES" RESPONSES IN REMARKS**

28. HAVE YOU PERFORMED IN THE PREVIOUS THREE (3) YEARS, OR PLAN TO PERFORM IN THE NEXT YEAR, ANY OF THE FOLLOWING:

| | YES | NO | | YES | NO | | YES | NO | | YES | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A. AIRPORT WORK | [ ] | [X] | F. DAMS, LEVEES OR BRIDGES | [ ] | [X] | K. OIL LEASE WORK | [ ] | [X] | O. TOWNHOUSES | [ ] | [X] |
| B. ASBESTOS ABATEMENT | [ ] | [X] | G. DEMOLITION X&3 STORIES | [ ] | [X] | L. RAILROADS | [ ] | [X] | P. TRAFFIC SIGNALS | [ ] | [X] |
| C. BLASTING OPERATIONS | [ ] | [X] | H. EARTHQUAKE RETROFIT | [ ] | [X] | M. SCAFFOLDING ERECTION | [ ] | [X] | Q. TUNNELING | [ ] | [X] |
| D. CHEMICAL SPRAYING | [ ] | [X] | I. EMPLOYEE LEASING | [ ] | [X] | N. SWIMMING POOLS | [ ] | [X] | R. WRAP UPS OR OCIPS | [ ] | [X] |
| E. CONDOMINIUMS | [ ] | [X] | J. EXTERMINATION | [ ] | [X] | | | | | | |

REMARKS:

SEP-17-2004(FRI) 16:19   NATI.  BUILDERS INSURANCE   (FAX)76( 6 0166   P. 036/055
SEP-08-2004 WED 07:40 AM INSURANCE SERVICES   FAX NO. 8182559411   P. 03/07
JUL-08-2004 FRI 02:11 PM  SURANCE SERVICES   FAX NO. 818 411   P. 03/07

### BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
### CONTRACTORS APPLICATION - APG INSURANCE SERVICES

**NEXT 12 MONTHS - TYPE OF WORK PERFORMED:**

| | | | | |
|---|---|---|---|---|
| 29. PERCENTAGE OF WORK PERFORMED = 100% | RESIDENTIAL | 95 % | COMMERCIAL | 5 % |
| 30. PERCENTAGE OF WORK PERFORMED = 100% | GENERAL CONTRACTOR | 100 % | SUBCONTRACTOR | 0 % |
| 31. PERCENTAGE OF WORK PERFORMED = 100% | NEW CONSTRUCTION | 100 % | OTHER | 0 % |

**NEXT 12 MONTHS - TYPE OF HOMES TO BE BUILT OR WORKED ON - TRACT OR CUSTOM HOMES - TRACT SIZE:**

| 32. IN THE NEXT 12 MONTHS WHAT % OF YOUR RESIDENTIAL CONSTRUCTION WORK WILL BE ON | CUSTOM HOMES | % | TRACT HOMES - 2 TO 10 HOMES | % | TRACT HOMES - 11 TO 50 HOMES | % | TRACT HOMES - MORE THAN 50 HOMES | % |
|---|---|---|---|---|---|---|---|---|
| | | 30 | | 0 | | 70 | | 0 |

**LAST YEAR - TYPE OF HOMES BUILT OR WORKED ON - TRACT OR CUSTOM HOMES - TRACT SIZE:**

| 33. IN THE PAST 12 MONTHS WHAT % OF YOUR RESIDENTIAL CONSTRUCTION WORK WAS ON | CUSTOM HOMES | % | TRACT HOMES - 2 TO 10 HOMES | % | TRACT HOMES - 11 TO 50 HOMES | % | TRACT HOMES - MORE THAN 50 HOMES | % |
|---|---|---|---|---|---|---|---|---|
| | | 30 | | 0 | | 70 | | 0 |

**FINANCIAL INFORMATION:**

| PERIOD | 34. YEAR | 35. # OF HOMES COMPLETED | 36. # OF HOMES WORKED ON | 37. GROSS RECEIPTS | 38. SUBCONTRACTING COSTS | 39. GROSS PAYROLL |
|---|---|---|---|---|---|---|
| A. NEXT 12 MONTHS | 2004-05 | 38 | 38 | $ | $ | $ |
| B. CURRENT YEAR | 2003-04 | 35 | 35 | $ | $ | $ |
| C. 1ST PRIOR YEAR | 2002-03 | 40 | 40 | $ | $ | $ |
| D. 2ND PRIOR YEAR | 2001-02 | 35 | 35 | $ | $ | $ |

**PRIOR INSURANCE COMPANY INFORMATION:**

| PERIOD | 40. POLICY PERIOD | 41. INSURANCE COMPANY | 42. POLICY NUMBER | 43. POLICY PREMIUM | 44. POLICY RATE | 45. POLICY LIMIT | 46. POLICY DED. |
|---|---|---|---|---|---|---|---|
| A. CURRENT YEAR | 9/16/03-04 | Builders Contractors | APG4502048 | $ | $ | $1,000,000 | $250 |
| B. 1ST PRIOR YEAR | 9/16/02-03 | Builders Contractors | AIS1200018 | $ | $ | $1,000,000 | $5000 |
| C. 2ND PRIOR YR. | 1/21/02-03 | Zenith | KGP2191041 | $ | $ | $1,000,000 | $0 |

**EXPLAIN ALL "YES" RESPONSES IN REMARKS – NEXT PAGE (FOR PAST, PRESENT OR PLANNED FUTURE OPERATIONS):**

| # | QUESTIONS | YES | NO | # | QUESTIONS | YES | NO |
|---|---|---|---|---|---|---|---|
| 47. | DOES APPLICANT LEASE EQUIPMENT TO OTHERS? | ☐ | ☒ | 48. | HAS APPLICANT ALLOWED OR WILL YOU ALLOW YOUR LICENSE TO BE USED BY ANY OTHER CONTRACTOR? | ☐ | ☒ |
| 49. | DOES APPLICANT HAVE ANY OPERATIONS OTHER THAN CONTRACTING? | ☐ | ☒ | 50. | HAS APPLICANT EVER BEEN ADJUDGED BANKRUPT OR INSOLVENT? | ☐ | ☒ |
| 51. | HAS THE APPLICANT EVER BEEN REFUSED A PERFORMANCE BOND OR HAD LIABILITY INSURANCE CANCELLED. | ☒ | ☐ | 52. | HAS APPLICANT WORKED OR WILL YOU OR YOUR EMPLOYEES WORK UNDER THE USL&H ACT OR THE JONES ACT (MARITIME WORK)? | ☐ | ☒ |

**EXPLAIN ALL "NO" RESPONSES IN REMARKS:**

| # | QUESTIONS | | | # | QUESTIONS | | |
|---|---|---|---|---|---|---|---|
| 53. | DOES APPLICANT ALWAYS CHECK WITH LOCAL UTILITIES AUTHORITY BEFORE DIGGING? | ☒ | ☐ | 54. | DOES THE APPLICANT CARRY WORKERS COMPENSATION ON ALL OF ITS EMPLOYEES? | ☒ | ☐ |

**REMARKS (ATTACH SHEET (S) IF NECESSARY)**

SEP-17-2004(FRI) 16:20    NATI . BUILDERS INSURANCE    (FAX)76⁻  6 0166        P. 037/055
SEP-08-2004 WED 07:41 AM INSURANCE SERVICES    FAX NO. 8182558411        P. 04/07
JUL-09-2004 FRI 02:12 PM INSURANCE SERVICES    FAX NO. 818⁻⁻⁻9411        P. 04/07

## BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
### CONTRACTORS APPLICATION - APC INSURANCE SERVICES

**PLEASE PROVIDE ANSWERS TO THE FOLLOWING QUESTIONS:**

| # | QUESTION | ANSWER | # | QUESTION | ANSWER |
|---|----------|--------|---|----------|--------|
| 56. | HOW MANY HOMES WILL APPLICANT BUILD AS A GENERAL CONTRACTOR IN THE NEXT YEAR? | 38 | 59. | WHAT IS THE MAXIMUM NUMBER OF STORIES OF A STRUCTURE THE APPLICANT WILL WORK ON IN THE NEXT YEAR? | 2 |
| 57. | WHAT IS THE GREATEST NUMBER OF HOMES THE APPLICANT HAS BUILT AS A GENERAL CONTRACTOR IN ANY ONE YEAR (LAST 3 YEARS)? | 40 | 60. | STATES IN WHICH THE APPLICANT HAS OR WILL PERFORM CONTRACTING WORK (LAST 3 YEARS AND NEXT YEAR). | CA. |

**PLEASE LIST YOUR THREE LARGEST JOBS IN THE LAST THREE YEARS:**

| | 60. PROJECT NAME | 60. PROJECT TYPE | 61. NATURE OF WORK | 62. GROSS RECEIPTS |
|---|---|---|---|---|
| A | Custom home | Dwelling | General contractor | $ |
| B | Custom home | Dwelling | General contractor | $ |
| C | Custom home | Dwelling | General contractor | $ |

**PLEASE LIST THREE LARGEST PROJECTS THAT YOU ARE CURRENTLY WORKING ON OR WILL COMMENCE IN THE NEXT 12 MONTHS:**

| | 63. PROJECT NAME | 64. PROJECT TYPE | 65. NATURE OF WORK | 66. GROSS RECEIPTS |
|---|---|---|---|---|
| A | Custom home | Dwelling | General contractor | $ |
| B | Custom home | Dwelling | General contractor | $ |
| C | Custom home | Dwelling | General contractor | $ |

**REGARDING SUBCONTRACTORS WHO DO WORK FOR APPLICANT. (QUESTIONS 67, 68, 70 & 71 ARE CONDITIONS OF ANY POLICY THE COMPANY MAY ISSUE AND MUST BE COMPLIED WITH.)**

| # | QUESTIONS | YES | NO |
|---|-----------|-----|-----|
| 67. | DOES APPLICANT HAVE A WRITTEN CONTRACT WITH ITS SUBCONTRACTORS WHICH INCLUDES A HOLD HARMLESS AGREEMENT RELATIVE TO WORK PERFORMED BY THE SUBCONTRACTOR? | ☑ | ☐ |
| 68. | ARE YOU NAMED AS AN ADDITIONAL INSURED ON YOUR SUBCONTRACTORS POLICIES? | ☑ | ☐ |
| 69. | DOES APPLICANT HOLD OTHERS HARMLESS AND/OR ARE YOU REQUIRED TO PROVIDE ADDITIONAL INSURED ENDORSEMENTS FOR OTHERS? | ☐ | ☑ |
| 70. | ARE YOUR SUBCONTRACTORS REQUIRED TO PROVIDE YOU WITH A CERTIFICATE OF INSURANCE BEFORE COMMENCING WORK? | ☑ | ☐ |
| 71. | DOES APPLICANT REQUIRE SUBCONTRACTORS WHO DO WORK FOR THE APPLICANT TO MAINTAIN LIMITS OF LIABILITY OF AT LEAST $1,000,000 PER OCCURRENCE? | ☑ | ☐ |

**LOSS AND CLAIM INFORMATION (5 YEARS):**

| PERIOD | 72. YEAR | 73. TOTAL LOSSES | 74. # OF CLAIMS | 75. LARGEST LOSS | 76. CAUSE OF LARGEST LOSS |
|--------|----------|------------------|-----------------|------------------|---------------------------|
| A. CURRENT YEAR | 2003-2004 | $ 0 | 0 | $ 0 | — |
| B. 1ST PRIOR YEAR | 2002-2003 | $ 0 | 0 | $ 0 | — |
| C. 2ND PRIOR YEAR | 2001-2002 | $ 0 | 0 | $ 0 | — |
| D. 3RD PRIOR YEAR | 2000-2001 | $ 0 | 0 | $ 0 | — |
| E. 4TH PRIOR YEAR | 1999-2000 | $ 0 | 0 | $ 0 | — |

© BCIC 2002 (5/20/02)                    3 OF 6                    BCICAPP

SEP-17-2004(FRI) 16:20   NATL   BUILDERS INSURANCE   (FAX)76  6 0166        P. 038/055
SEP-08-2004 WED 07:41 AM INSURANCE SERVICES        FAX NO. 8182555411        P. 05/07
JUL-30-2004 FRI 10:20 A  INSURANCE SERVICES        FAX NO. 81  58411         P. 05/07

## PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, A RISK RETENTION GROUP
## CONTRACTORS APPLICATION – NATIONAL BUILDERS INSURANCE SERVICES, INC.

ARE YOU AWARE OF ANY FACTS, CIRCUMSTANCES, INCIDENTS, SITUATIONS, DAMAGES OR ACCIDENTS THAT MAY GIVE RISE TO A CLAIM OR LAWSUIT (WHETHER VALID OR NOT OR WHETHER COVERED BY INSURANCE OR NOT)? – ANSWER YES OR NO:   Yes ☐   No ☒   IF YES PLEASE COMPLETE THE FOLLOWING:

|   | 77. PROJECT NAME | 78. PROJECT TYPE | 79. NATURE OF YOUR WORK | 80. CLAIMED DAMAGES |
|---|---|---|---|---|
| A |  |  |  | $ |
| B |  |  |  | $ |
| C |  |  |  | $ |
| D |  |  |  | $ |
| E |  |  |  | $ |

| # | QUESTIONS | YES | NO |
|---|---|---|---|
| 81. | HAS ANY LOCAL, STATE OR FEDERAL GOVERNMENT AGENCY OR LICENSING BOARD CITED YOU FOR VIOLATION OF ANY LAW OR REGULATION OR INVESTIGATED YOU IN THE PAST FIVE YEARS? | ☐ | ☒ |
| 82. | WITHIN THE LAST FIVE YEARS HAVE YOU BEEN NAMED IN LITIGATION REGARDING FAULTY CONSTRUCTION? | ☐ | ☒ |
| 83. | WITHIN THE LAST FIVE YEARS, HAS ANY PERSON OR ENTITY DEMANDED THAT YOU DEFEND THEM, OR HOLD THEM HARMLESS, IN ANY CLAIM OR LAWSUIT? | ☐ | ☒ |
| 84. | WITHIN THE LAST FIVE YEARS HAS ANY LAWSUIT BEEN FILED, OR CLAIM OTHERWISE BEEN MADE, AGAINST YOU OR YOUR COMPANY OR ANY PARTNERSHIP OR JOINT VENTURE OF WHICH YOU HAVE BEEN A MEMBER, OR YOUR COMPANY'S PREDECESSORS IN BUSINESS, OR AGAINST ANY PERSON, COMPANY OR ENTITIES ON WHOSE BEHALF YOUR COMPANY HAS ASSUMED LIABILITY? FOR THE PURPOSES OF THIS APPLICATION ONLY, A CLAIM OR LAWSUIT MEANS A RECEIPT OF A DEMAND FOR MONEY, SERVICES, ARBITRATION OR MEDIATION. | ☐ | ☒ |

IF APPLICANT ANSWERED QUESTIONS 81, 82, 83 OR 84 WITH A YES, PLEASE PROVIDE THE FOLLOWING INFORMATION FOR EACH CLAIM AND OR LAWSUIT:

|   | 85. PROJECT NAME | 86. PROJECT TYPE | 87. NATURE OF YOUR WORK | 88. CLAIMED DAMAGES |
|---|---|---|---|---|
| A |  |  |  | $ |
| B |  |  |  | $ |
| C |  |  |  | $ |
| D |  |  |  | $ |
| E |  |  |  | $ |

REMARKS:

| 89. | BLANKET ADDITIONAL INSURANCE COVERAGE | ☒ | YES | ☐ | NO | 90. | BLANKET WAIVER OF SUBROGATION | ☒ | YES | ☐ | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 91. | SUNSET CLAUSE LIMITATION | ☐ | YES | ☒ | NO | 92. | PREMIUM FINANCING | ☒ | YES | ☐ | NO |

© PBSIC 2003 (11/10/03) (REV 06/23/04)                    4 OF 6                              PBSICAPP

SEP-17-2004(FRI) 16:21   NATI   .BUILDERS INSURANCE   (FAX)76(  6 0166   P. 039/055
SEP-08-2004 WED 07:42 AM INSURANCE SERVICES   FAX NO. 8182558411   P. 08/07
JUL-08-2004 FRI 02:13 PM( TURANCE SERVICES   FAX NO. 8152  411   P. 08/07

**BUILDERS & CONTRACTORS INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION - APG INSURANCE SERVICES**

## ROOFERS APPLICATION SECTION

THIS SECTION OF THE APPLICATION MUST BE COMPLETED BY ALL COMMERCIAL AND RESIDENTIAL ROOFERS AND ALL
OTHER CLASSES OF CONTRACTORS THAT HAVE A ROOFING EXPOSURE.

PLEASE ANSWER THE FOLLOWING QUESTIONS:

**93. CHECK THE TYPE OF ROOFING OPERATIONS PERFORMED AND PROVIDE THE PERCENTAGE FOR EACH TYPE**

| | A. HOT TAR | 0 % | ☐ | B. FOAM | 0 % | ☑ | C. TILE | 90 % |
|---|---|---|---|---|---|---|---|---|
| ☐ | D. TORCH DOWN | 0 % | ☐ | E. SHINGLES | 0 % | ☐ | F. METAL | 0 % |
| ☑ | B. OTHER Composition | 10 % | | 61. IF OTHER, DESCRIBE | | | | |

**94. QUESTIONS FOR HOT TAR AND TORCH DOWN WORK:**

| | YES | NO |
|---|---|---|
| A. DOES THE APPLICANT HAVE AT LEAST 2 YEARS' EXPERIENCE WITH THESE METHODS? | ☐ | ☐ |
| B. IS A FULLY CHARGED ABC FIRE EXTINGUISHER ON THE ROOF WHILE WORK IS BEING DONE? | ☐ | ☐ |
| C. DOES THE APPLICANT REMAIN ON SITE FOR AT LEAST TWO HOURS AFTER WORK COMPLETION? | ☐ | ☐ |
| D. DOES THE APPLICANT USE A THERMAL BARRIER WHEN INSTALLING TORCH APPLIED ROOFING MATERIALS OVER A COMBUSTIBLE BASE? | ☐ | ☐ |

**95. DESCRIBE THE TRAINING THAT YOUR APPLICATORS HAVE RECEIVED IN WORKING WITH OPEN FLAME AND/OR HOT TAR PRODUCTS.**

**96. CHECK IN WHAT MANNER OPENINGS IN ROOFS ARE PROTECTED?**

| | A. TARP | ☐ | B. WATERPROOF PLYWOOD | ☐ | C. NEVER LEAVE OPEN | ☐ | D. OTHER |
|---|---|---|---|---|---|---|---|
| ☐ | 61. IF OTHER DESCRIBE | | | | | | |

*All roofs are completed by subcontractor, Modern Roofing, All roofs are composition or tile.*

© BCIC 2002 (5/20/02)   5 OF 6   BCICAPP

SEP-17-2004(FRI) 16:21    NATI    BUILDERS INSURANCE    (FAX)76   6 0166    P. 040/055
SEP-08-2004 WED 07:42 AM INSURANCE SERVICES    FAX NO. 818255b.11    P. 07/07
JUL-30-2004 FRI 10:21 f    INSURANCE SERVICES    FAX NO. 81     59411    P. 07/07

**PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, A RISK RETENTION GROUP**
**CONTRACTORS APPLICATION – NATIONAL BUILDERS INSURANCE SERVICES, INC.**

### ATTENTION:

1. THE APPLICANT WARRANTS THAT THE ABOVE STATEMENTS AND PARTICULARS, TOGETHER WITH ANY ATTACHED OR APPENDED DOCUMENTS OR MATERIALS ("THIS APPLICATION"), ARE TRUE AND COMPLETE AND DO NOT MISREPRESENT, MISSTATE OR OMIT ANY MATERIAL FACTS.

2. THE APPLICANT UNDERSTANDS THAT THE COMPANY RELIED UPON THE INFORMATION CONTAINED WITHIN THIS APPLICATION TO DETERMINE ACCEPTABILITY, RATES AND COVERAGE.

3. THE APPLICANT UNDERSTANDS THAT ANY MISREPRESENTATION OR OMISSION SHALL CONSTITUTE GROUNDS FOR RECISSION OF COVERAGE AND DENIAL OF CLAIMS.

4. THE APPLICANT UNDERSTANDS THE COMPANY IS NOT OBLIGATED NOR UNDER ANY DUTY TO ISSUE A POLICY OF INSURANCE BASED UPON THIS APPLICATION. THE APPLICANT FURTHER UNDERSTANDS THAT, IF A POLICY IS ISSUED, THIS APPLICATION WILL BE INCORPORATED INTO AND FORM A PART OF SUCH POLICY.

5. IF THE APPLICANT BECOMES AWARE THAT ANY RESPONSE ON THIS APPLICATION BECOMES INACCURATE AS A RESULT OF INFORMATION OR CHANGE OF CIRCUMSTANCES BEFORE A POLICY IS ISSUED, THE APPLICANT MUST INFORM THE COMPANY OF SUCH CHANGE, IN WRITING, AND ANY POLICY ISSUED BEFORE SUCH NOTIFICATION IS SUBJECT TO IMMEDIATE CANCELLATION.

6. THE APPLICANT AUTHORIZES THE COMPANY TO MAKE ANY INVESTIGATION AND INQUIRY IN CONNECTION WITH THE QUESTIONNAIRE AS IT MAY DEEM NECESSARY.

THE UNDERSIGNED, BEING AUTHORIZED BY AND ACTING ON BEHALF OF THE PROSPECTIVE INSUREDS, REPRESENTS THAT THE ANSWERS GIVEN ARE TRUE. FAILURE TO PROVIDE TRUTHFUL ANSWERS AND ALL MATERIAL INFORMATION CAN RESULT IN THE COMPANY ELECTING TO CANCEL, REFORM AND/OR RESCIND THE POLICY.

("APPLICANT", "YOU", "YOUR" AND SIMILAR WORDS REFER TO THE PROSPECTIVE INSURED)

NOTICE: A POLICY ISSUED BASED ON THIS APPLICATION WOULD BE ISSUED BY YOUR RISK RETENTION GROUP. YOUR RISK RETENTION GROUP MAY NOT BE SUBJECT TO ALL OF THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE. STATE INSURANCE INSOLVENCY GUARANTY FUNDS ARE NOT AVAILABLE FOR YOUR RISK RETENTION GROUP.

THE TERMS, CONDITIONS AND EXCLUSIONS CONTAINED IN POLICIES ISSUED BY THE COMPANY VARY SIGNIFICANTLY FROM THOSE CONTAINED IN MANY OTHER LIABILITY INSURANCE POLICIES. THE POLICY FORM ISSUED BY THE COMPANY PROVIDES COVERAGE THAT MAY BE MORE LIMITED THAN THAT AVAILABLE UNDER THE "ISO" INSURANCE POLICY OR SIMILAR TYPES OF POLICIES. YOU SHOULD CAREFULLY REVIEW THE ENTIRE POLICY WITH YOUR AGENT, LEGAL COUNSEL, OR OTHER INSURANCE PROFESSIONAL TO MAKE SURE THAT YOU UNDERSTAND THE COVERAGE IT PROVIDES, AND YOUR RIGHTS AND OBLIGATIONS UNDER THE POLICY.

SIGNATURE OF APPLICANT: _Robert Littrell_    DATE: _8/20/2004_

TITLE (OFFICER, PARTNER OR OWNER): _Officer/President_

ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD.

© PBSIC 2003 (11/10/03) (REV 06/23/04)    6 OF 6    PBSICAPP

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**THIS POLICY IS ISSUED BY YOUR RISK RETENTION GROUP. YOUR RISK RETENTION GROUP MAY NOT BE SUBJECT TO ALL OF THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE. STATE INSURANCE INSOLVENCY GUARANTY FUNDS ARE NOT AVAILABLE FOR YOUR RISK RETENTION GROUP.**

**Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.**

Throughout this policy the words **you** and **your** refer to the **Named Insured** shown in the Declarations, and any other person or organization qualifying as a **Named Insured** under this policy. The words **we**, **us** and **our** refer to the company providing this insurance.

The word **insured** means any person or organization qualifying as such under WHO IS AN **INSURED** (SECTION II).

Other words and phrases that appear in bold face have special meanings as set forth in SECTION V (DEFINITIONS) or as elsewhere defined in this Policy.

## SECTION I - COVERAGES

COVERAGE A. **BODILY INJURY AND PROPERTY DAMAGE** LIABILITY

1.  INSURING AGREEMENT

    a.  **We** will pay those sums that an **insured** becomes legally obligated to pay as **tort damages** for **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend **you**, the **Named Insured**, against any **suit** seeking those damages provided that no other insurance affording a defense against such a suit is available to **you**. **Our** duty to defend **you** is further limited as provided below or in the Section of the policy entitled "EXCLUSIONS: COVERAGES A AND B". Except as otherwise provided in this policy, **we** have no duty to defend any other **insured**. **We** will have no duty to defend any **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may at **our** discretion investigate any **occurrence** and settle any **claim** or **suit** that may result. But:

        (1) The amount **we** will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III).

        (2) Subject to (1) above, **our** right and duty to defend end when **we** have used up the applicable limit of insurance by payment of judgments or settlements under Coverages A or B or Medical Expenses under Coverage C.

        (3) **We** shall have no duty to defend any **suit** in which it is alleged or claimed, in whole or in part, that any **bodily injury** or **property damage** is continuous or progressive in nature or results from continuous or repeated exposure to a condition, regardless of the potential for indemnity under this policy, unless the **suit** specifically alleges that all of the **bodily injury** and **property damage** for which damages are sought occurred during the **policy period** or during the period during which **we** provide continuous coverage under this or any other policy issued by **us**.

        (4) **We** shall have no duty to defend any **suit** filed before the **policy period**, even though **you** were not a party to such **suit** at the time it was filed.

        (5) **We** shall have no duty to defend any **suit** in which it is alleged or claimed, in whole or in part, that any **bodily injury** or **property damage** began before the **policy term**.

        (6) In those cases in which **we** have no obligation or duty to defend for the reasons set forth in paragraph 1.a. of this Insuring Agreement, **we** shall have the right to defend or to intervene in the defense of any **suit** which may involve liability covered by this policy. Should **we** exercise our right to intervene then **we** shall also provide a defense to **you**, subject to such reservations of rights, if any, **we** shall deem appropriate.

    b.  This insurance applies to **bodily injury** and **property damage** only if:

        (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and

        (2) The **bodily injury** or **property damage** is caused by an **occurrence** which takes place during the **policy period** whether such **occurrence** is known to any **insured**; and

        (3) The **bodily injury** or **property damage** resulting from such **occurrence** first takes place during the **policy period**.

c.  All **bodily injury** or **property damage** arising from an **occurrence** shall be deemed to first take place at the time of the first such **bodily injury** or **property damage**, even though the **occurrence** giving rise to such damage may be continuous or repeated exposure to the same generally harmful conditions, and even though the nature, type or extent of such **bodily injury** or **property damage** may be continuous, progressive, cumulative, changing or evolving. If the date of the first **bodily injury** or **property damage** cannot be determined, then the date of first damage or injury shall be deemed to be the earliest date on which the process which led to the injury or damage began.

d.  For purposes of c., above, all **bodily injury** or **property damage** included within the **products-completed operations hazard** arising from **your work** on or **your product** supplied to or incorporated into a construction project or development shall be deemed to take place at the time of the first **bodily injury** or **property damage** arising from **your work** on or **your products** supplied to or incorporated in such project, unless such later occurring **bodily injury** or **property damage** solely and exclusively arises from an **occurrence** which is abrupt and of limited duration, the **bodily injury** and **property damage** is accidental, unintended and unforeseen; does not result, in whole or in part, from a continuous or repeated exposure to conditions nor form an condition which caused the first **bodily injury** and **property damage**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

## COVERAGE B. **PERSONAL INJURY AND ADVERTISING INJURY** LIABILITY

1.  INSURING AGREEMENT

    a.  **We** will pay those sums that an **insured** becomes legally obligated to pay as **tort damages** because of **personal injury** or **advertising injury** to which this insurance applies. **We** will have the right and duty to defend **you**, the **Named Insured**, against any **suit** seeking those damages provided that no other insurance affording a defense against such a suit is available to **you**. **Our** duty to defend **you** is further limited as provided below or in the Section of the policy entitled "EXCLUSIONS: COVERAGES A AND B". Except as otherwise provided in this policy, **we** have no duty to defend any other **insured**.

    **We** will have no duty to defend any **insured** against any **suit** seeking damages for **personal** injury or **advertising injury** to which this insurance does not apply. **We** may at **our** discretion investigate any offense and settle any **claim** or **suit** that may result. But:

    (1)  The amount **we** will pay for damages is limited as described in LIMITS OF INSURANCE (Section III).

    (2)  **Our** right and duty to defend end when **we** have used up the applicable limit of insurance by payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    (3)  **We** shall have no duty to defend **you** in any **suit** where a **claim** for **personal injury** or **advertising injury** incorporated in a **suit** was made or **suit** was filed before the **policy period**, even though **you** were not a party to the suit at the time it was filed, and even though such **suit** may include **claims** for **personal injury** or **advertising injury** committed, or alleged to have been committed, during or after the **policy period**.

    (4)  **We** shall have no obligation to defend **you** in any **suit** seeking damages for **personal injury** or **advertising injury** arising out of the publication of material where it is alleged that the first publication took place before the **policy period**.

    b.  This insurance only applies to:

    (1)  **Personal injury** caused by an offense arising out of **your** business, excluding advertising, publishing, broadcasting or telecasting done by or for **you**, but only if the offense was committed in the **coverage territory** during the **policy period**;

    (2)  **Advertising injury** caused by an offense committed in the course of advertising **your** goods, products or services; but only if the offense was committed in the **coverage territory** during the **policy period.**

    c.  All **claims** for damages because of **personal injury** or **advertising injury** to the same person or organization as a result of an offense will be deemed to have been made at the time the first of those **claims** is made against **you.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

2

8 2002, all rights reserved.

## EXCLUSIONS: COVERAGES A AND B

This insurance does not apply to:

A. EXPECTED OR INTENDED INJURY EXCLUSION

**Bodily injury**, **property damage**, **personal injury**, or **advertising injury** expected or intended from the standpoint of any **insured**. This Exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

B. CONTRACTUAL LIABILITY EXCLUSION

**Bodily injury**, **property damage**, **personal injury** or **advertising injury** for which an **insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This Exclusion does not apply to liability for **bodily injury** or **property damage**:

(1) That **you** would have in the absence of a contract or agreement; or

(2) **You** assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the **insured contract** and the **bodily injury** or **property damage** arises from **your work** performed during the **policy period**.

Coverage for liability for **bodily injury** or **property damage** assumed in an **insured contract** is limited to the extent of **your** negligence or fault according to applicable principles of comparative fault, whether **your** liability under said **insured contract** is so limited.

Coverage for liability **you** assume in an **insured contract** is subject to all of the other terms, conditions and exclusions of this policy. Except as set forth in Paragraph 8 SUPPLEMENTARY PAYMENTS - COVERAGES A AND B where pursuant to an **insured contract you** have assumed liability to another party for the cost of that party's defense, reasonable attorneys' fees and litigation expenses for which **you** are liable to that party are deemed damages because of **bodily injury** or **property damage** so long as those attorneys' fees and litigation expenses are for the defense of that party in a **suit** which seeks damages for **bodily injury** or **property damage** covered by this policy and such costs, fees and expenses would otherwise be covered by this policy. Payments made to **you** or on **your** behalf for such liability shall reduce the applicable limits of insurance as set forth in Section III. Except as set forth in this Exclusion, the costs incurred by **you** for the defense of another are not covered.

C. LIQUOR LIABILITY EXCLUSION

**Bodily injury**, **property damage**, **personal injury** or **advertising injury** for which any **insured** may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This Exclusion applies only to an **insured** in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

D. WORKERS COMPENSATION AND SIMILAR LAWS EXCLUSION

An obligation of any **insured** under a workers compensation, disability benefits, unemployment compensation law or any similar law.

E. LIABILITY TO EMPLOYEES EXCLUSION

**Bodily injury**, **personal injury**, or **advertising injury** to:

(1) An employee of any **insured** arising out of and in the course of employment, whether any other **insured** may be liable for such **bodily injury**, **personal injury** or **advertising injury**; or

(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

This exclusion applies:

(1) Whether an insured may be liable as an employer or in any other capacity;

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

(3) To any **insured** against whom a **claim** is made or **suit** is brought for such **bodily injury**, **personal injury** or **advertising injury**, whether by or on behalf of an employee of that **insured** or any other **insured**.

For the purpose of this exclusion the term "employee" includes loaned, rented, leased or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of

3

   8 2002, all rights reserved.

any **insured** under the doctrines of borrowed servant, borrowed employee, respondeat superior or any similar doctrine, or for whom any **insured** may be held liable as an employer.

F. **POLLUTION** EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** caused by, resulting from, attributable to, contributed to, or aggravated by the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**, or from the presence of, or exposure to, **pollution** of any form whatsoever, and regardless of the cause of the **pollution** or **pollutants**.

This Exclusion applies regardless of the cause of the **pollution** and whether any other cause of said **bodily injury**, **property damage**, or **personal injury** acted jointly, concurrently or in any sequence with said **pollutants** or **pollution**. This Exclusion applies whether any other cause of the **bodily injury**, **property damage**, or **personal injury** would otherwise be covered under this insurance.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

G. AIRCRAFT, **AUTO** OR WATERCRAFT EXCLUSION

**Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or water craft owned or operated by, or rented or loaned to any **insured**. Use includes operation and **loading** or **unloading**.

This Exclusion does not apply to:

(1) A watercraft while ashore on premises **you** own or rent;

(2) A watercraft **you** do not own that is:

   (a) Less than 26 feet long; and

   (b) Not being used to carry persons or property for a charge;

(3) Parking an **auto** on, or on the ways next to, premises **you** own or rent, provided the **auto** is not owned by, rented or loaned to any **insured**;

(4) Liability assumed under an **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

(5) **Bodily injury** or **property damage** arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of **mobile equipment** (Section V.10).

H. **MOBILE EQUIPMENT** EXCLUSION

**Bodily injury** or **property damage** arising out of:

(1) The transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any **insured**; or

(2) The use of **mobile equipment** in, or while in practice or preparation for, a prearranged racing, speed or demolition contest or in any stunting activity.

(3) Transporting or moving **mobile equipment** on any public street or highway.

I. WAR EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion, act of terrorism, or revolution, whether any other cause or causes of said **bodily injury**, **property damage**, or **personal injury**, including the negligence or misconduct of any **insured**, caused or contributed to such **bodily injury**, **property damage** or **personal injury**.

J. DAMAGE TO PROPERTY EXCLUSION

**Property damage** to:

(1) Property **you** own, rent, or occupy;

(2) Premises **you** sell, give away or abandon, if the **property damage** arises out of any part of those premises;

(3) Property, real or personal, loaned to any **insured**;

(4) Personal property in the care, custody or control of any **insured**, whether or not such care, custody or control was exclusive at the time of such **property damage**;

(5) That particular part of real property on which **you** or any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

Paragraph (2) of this Exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by **you**.

© 2002, all rights reserved.

Paragraph (6) of this Exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

For purposes of this Exclusion, if **you** are a general contractor, construction supervisor or developer, the entire construction project shall be considered "that particular part" of real or other property.

For purposes of paragraph (5), **you** or any contractors or subcontractors working directly or indirectly on **your** behalf shall be deemed to be "performing operations" from the time when **you** or the contractors or subcontractors begin work until such operations are complete as set forth in paragraph 17.b. of SECTION V - DEFINITIONS - **(Products-Completed Operations Hazard)**.

K. DAMAGE TO **YOUR PRODUCT** EXCLUSION

**Property damage** to **your product**.

L. DAMAGE TO **YOUR WORK** EXCLUSION

**Property damage** to **your work** or any part of it and included in the **products-completed operations hazard**.

This Exclusion does not apply if the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor.

M. DAMAGE TO **IMPAIRED PROPERTY** AND PROPERTY WHICH HAS NOT BEEN PHYSICALLY INJURED EXCLUSION

**Property damage** to **impaired property** and property which has not been physically injured arising out of:

(1) A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms; or

(2) A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work.**

This Exclusion applies to property which is otherwise not physically injured or damaged but which must be demolished, removed, repaired, replaced, altered or damaged in order to remove, repair or replace **your work** or **your product**.

N. RECALL OF PRODUCTS, WORK OR **IMPAIRED PROPERTY** EXCLUSION

Damages claimed for any loss, cost or expense incurred by **you** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) **Your product**;

(2) **Your work**; or

(3) **Impaired property**;

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

O. ASBESTOS EXCLUSION

**Bodily injury** or **property damage** arising out of exposure to or the manufacture, mining, use, sales, installation, distribution, removal, or encapsulation of asbestos products, asbestos fibers or asbestos dust. This Exclusion shall apply without regard to the source or sources of such asbestos, or the basis of the **insured's** liability. This Exclusion includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct, which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with asbestos in causing the **bodily injury** or **property damage**. This Exclusion includes any injury or damage caused by the presence of asbestos and damage or injury caused by the removal, eradication, detoxification, remediation or decontamination of asbestos or property containing asbestos, and further includes any liability, cost or expense to remediate or prevent **property damage, bodily injury** or **personal injury** from asbestos.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

P. FINES OR PENALTIES EXCLUSION

**Claims** based upon or arising out of a fine or penalty imposed by or under any law, statute, or ordinance of any federal, state or municipal government agency.

Q. PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

**Claims** for punitive or exemplary damages, fines or penalties.

R. AIRCRAFT PRODUCTS EXCLUSION

**Bodily injury** or **property damage** included within the **products-completed operations hazard** relating to aircraft, including missiles or spacecraft, any ground support or control equipment and any article installed in aircraft, or used in connection with aircraft, or for spare parts for aircraft, or tooling used for the manufacture thereof, including ground handling

5

8 2002, all rights reserved.

tools and equipment, training aids, instruction manuals, blueprints, engineering or other data, advice and services and labor relating to such aircraft or articles, or to any liability arising out of the **grounding** of any aircraft.

For the purpose of this Exclusion **grounding** means the withdrawal of one or more aircraft from flight operations or the imposition of speed, passenger or load restrictions on such aircraft, by reason of the existence of or alleged or suspected existence of any defect, fault, or condition in such aircraft or any part thereof sold, handled or distributed by any **insured**, or manufactured, assembled or processed by any other person or organization according to specifications, plans, suggestions, orders or drawings of any **insured**, or with tools, machinery or other equipment furnished to such persons or organizations by any **insured**, whether such aircraft so withdrawn are owned or operated by the same or different persons or organizations.

S.  EARTH MOVEMENT EXCLUSION

**Bodily injury** or **property damage** arising from, aggravated by, or as a consequence of earth movement, whether the earth movement is combined with any other cause. As used in this exclusion the term earth movement includes, but is not limited to, earthquake, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding or contracting of earth or soil.

This Exclusion applies regardless of the cause or causes of the earth movement and includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated,caused or acted jointly, concurrently, or in any sequence with earth movement in causing the **bodily injury** or **property damage.** This Exclusion further applies to **bodily injury** and **property damage** arising from the mitigation, repair or avoidance of earth movement.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

T.  **PERSONAL INJURY** AND **ADVERTISING INJURY** EXCLUSION

**Personal injury** or **advertising injury**:

(1) Arising out of oral or written publication of material, if done by or at the direction of an **insured** with knowledge of its falsity;

(2) Arising out of oral or written publication of material, the first publication of which took place before the **policy period**;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of any **insured**; or

(4) For which **you** have assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that **you** would have in the absence of a contract or an agreement.

U.  **ADVERTISING INJURY** EXCLUSION

**Advertising injury** arising out of:

(1) The failure of goods, products or services to conform with advertised quality or performance;

(2) The wrong description of the price of goods, products or services;

(3) An offense committed by an **insured** whose business is advertising, broadcasting, publishing or telecasting;

(4) Misappropriation of advertising ideas or style of doing business;

(5) Infringement of copyright, title, trademark, trade dress, patent, or slogan; or

(6) Oral or written publication of material that disparages a person's or organization's goods, products or services.

V.  NUCLEAR ENERGY EXCLUSION

Any **claim** for **bodily injury** or **property damage**:

(1) arising from, aggravated by, or as a consequence of the **hazardous properties** of **nuclear material**, whether any other cause or causes acted jointly, concurrently or in any sequence to result in such **bodily injury** or **property damage** and without regard to whether any other such cause or causes of the **bodily injury** or **property damage** would be covered under this policy

The following definitions apply only to this Exclusion:

(1) **Hazardous properties** include radioactive, toxic or explosive properties.

(2) **Nuclear material** means **source material**, **special nuclear material** or **by-product material**.

(3) **Source material, special nuclear material**, and **by-product material** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

For purposes of this Exclusion, **property damage** includes all forms of radioactive contamination of property. This Exclusion includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of **nuclear material** or property containing **nuclear material**, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from **nuclear material**.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit.** When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you,** in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

W.  ELECTROMAGNETIC RADIATION EXCLUSION

**Bodily injury**, **property damage** or **personal injury** arising from or caused by exposure to or the existence of harmful levels or frequencies of electromagnetic radiation, whether such electromagnetic radiation is naturally occurring or artificially created, and whether such electromagnetic radiation acted or is said to have acted in any sequence or combination with any other cause or causes of damage or injury. This Exclusion shall apply without regard to the source or sources of such electromagnetic radiation, or the allegations against an **insured** or basis of an **insured's** liability.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit.** When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you,** in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

X.  EMPLOYMENT PRACTICES EXCLUSION

**Bodily injury, personal injury** or **property damage** arising out of any:

(1)  Refusal to employ;

(2)  Termination of employment;

(3)  Coercion, demotion, evaluation, reassignment, discipline, defamation,

harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

(4)  Consequential injury as a result of (1) through (3) above.

This Exclusion applies whether an **insured** may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit.** When **we** do not elect to defend **you** in such **suit, we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you,** in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

Y.  MOLD, BACTERIA AND OTHER ORGANICALLY-CAUSED **BODILY INJURY**, **PROPERTY DAMAGE** OR **PERSONAL INJURY** EXCLUSION

**Bodily injury, property damage,** or **personal injury** which is, in whole or in part caused by, results from, is attributable or contributed to, or is aggravated by, any stage or form of mold, fungus, bacteria, virus, pollen, including any by-product or substance released by such mold, bacteria, virus, pollen, allergen or other organism or organic matter.

This Exclusion includes any **property damage**, **bodily injury** or **personal injury** caused by removal, eradication, detoxification, remediation or decontamination of mold, fungus, bacteria, pollen, virus, allergen or organic pathogen, and further includes any liability, cost or expense to remediate or prevent **property damage, bodily injury** or **personal injury** from mold, fungus, bacteria, pollen, virus, allergen or organic pathogen.

This Exclusion applies regardless of the origin or cause of the mold, fungus, bacteria, virus, pollen, allergen or organic pathogen, and whether any other cause of said **bodily injury**, **property damage,** or **personal injury** acted jointly, concurrently or in any sequence with said mold, fungus, bacteria, virus, pollen, allergen or other organic pathogen.

Notwithstanding the provisions of this policy regarding the obligation to defend **you,** where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage,** liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to

defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

Z. CERTAIN PROJECTS NOT COVERED EXCLUSION

**Bodily injury** or **property damage** arising from **your work** on or **your product** which is incorporated in a project of construction, including multiple units of construction or developments, where a **claim** of defective construction resulting in **bodily injury** or **property damage** was made before the **policy period**, whether more or different allegations of defective construction and/or resulting damage are made during or after the **policy period.**

AA. PAST PROJECTS EXCLUSION

**Property damage** arising from **your work** or **your product** included within the **products-completed operations hazard**, which is incorporated in a project of construction before the **policy period**, unless the project is specifically endorsed on this Policy and a premium is charged therefor.

BB. LEAD EXCLUSION

**Bodily injury**, **property damage**, or **personal injury** arising from or caused by the existence of or exposure to lead, whether such lead is in pure form or is or was combined with any other chemical or material, and whether the existence of or exposure to lead is or is alleged to have caused damage in any sequence or combination with, or contributed to or was contributed to by any other cause or causes of injury or damage. This Exclusion shall apply without regard to the allegations or basis of the **insured's** liability. This Exclusion includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of lead or property containing lead, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from lead.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury, personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph

15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

CC. CONDOMINIUM OR TOWNHOUSE LIABILITY EXCLUSION

(1) **Property damage** or **bodily injury** within the **products-completed operations hazard** arising from, related to or in any way connected with **your work** or **your product** which is, is part of or is incorporated into or upon a condominium, or townhouse project, or to **personal injury** or **advertising injury** arising or resulting from **your** operations performed upon, at or for a condominium or townhouse project.

This Exclusion applies to **property damage, bodily injury, personal injury**, or **advertising injury** arising from, related to or connected with operations, including **your work** or **your product**, performed or supplied with respect to any apartment project or structure which, at the time a claim for such **property damage, bodily injury, personal injury**, or **advertising injury** is first made, has been or is being converted into a condominium or townhouse, whether **your** operations, including **your work** or **your product**, were performed, incorporated or supplied before or after the apartment was converted to a condominium or townhouse project or structure.

A project or development of condominiums or townhomes includes such projects or developments where any or all of the units are held for rental or lease.

(2) Liability for **property damage, bodily injury, personal injury**, or **advertising injury** of any **insured**, or any person or entity for which **you** have assumed liability in an **insured contract,** arising from, related to or in any way connected with the operations on or products supplied to a condominium or townhouse project or development.

DD. FORMALDEHYDE EXCLUSION

**Bodily injury, property damage**, or **personal injury** arising from the manufacture, handling, distribution, sale, application, consumption, use or exposure to any product known as formaldehyde or which has the same chemical formular or which is a formaldehyde derivative or which is generally known in the trade in which it is used as having a like formulation, structure or function by whatever name manufactured, sold or distributed and whether the existence of or exposure to formaldehyde caused or is alleged to have caused damage in any sequence or combination with, or

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.

contributed to or was contributed to by any other cause or causes of injury or damage. This Exclusion shall apply without regard to the basis of an **insured's** liability. This Exclusion applies to any injury or damage caused by the removal, eradication, detoxification, remediation or decontamination of formaldehyde or property containing formaldehyde, and further includes any liability, cost or expense to remediate or prevent **property damage**, **bodily injury** or **personal injury** from formaldehyde.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **bodily injury**, **personal injury** or **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

EE. PROFESSIONAL LIABILITY EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of the performance of **professional services**.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon the performance of **professional services**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such suit**,** **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with Paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

FF. **FINANCIAL SERVICES** EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of the rendering or failure to render **financial services**.

GG. BLASTING OPERATIONS EXCLUSION

**Bodily injury, property damage, personal injury** or **advertising injury** arising out of blasting or explosion operations.

HH. EXTERIOR INSULATION AND FINISH SYSTEMS EXCLUSION

**Bodily injury** or property **damage** arising out of

or included within the **products-completed operations hazard** which was claimed or alleged to be caused by, or contributed to, or in consequence of exterior insulation and finish systems (E.I.F.S.)

II. CONCRETE SULFATES EXCLUSION

**Property damage** arising from or caused by the exposure of concrete to, or the adsorption or absorption by concrete products of sulfates, whether such sulfate is in pure form or is or was combined with any other chemical or material. This Exclusion applies regardless of the any other cause or causes of the **property damage** and includes defects or negligence in design, construction, inspection or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with the exposure of concrete to sulfates in causing the **property damage**. This Exclusion shall apply without regard to the allegations or basis of the **insured's** liability.

Notwithstanding the provisions of this policy regarding the obligation to defend **you**, where a **suit** is based in whole or in part upon **property damage**, liability for which is excluded by this Exclusion, **we** shall have the right, but not the obligation, to defend said **suit**. When **we** do not elect to defend **you** in such **suit**, **we** shall reimburse **you** for the reasonable attorneys' fees and litigation expenses incurred by **you**, in accordance with paragraph 15 of Section IV, COMMERCIAL GENERAL LIABILITY CONDITIONS.

COVERAGE C. MEDICAL PAYMENTS

1. INSURING AGREEMENT

   a. **We** will pay medical expenses as described below for **bodily injury** caused by an accident:

      (1) On premises **you** own or rent; or

      (2) On ways next to premises **you** own or rent;

   provided that:

      (1) The accident takes place in the **coverage territory**, during the **policy period**;

      (2) The expenses are incurred and reported to **us** within the **policy period**; and

      (3) The injured person submits to examination, at **our** expense, by physicians of **our** choice as often as **we**

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)          Ⓒ 2002, all rights reserved.

reasonably require.

b. **We** will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. **We** will pay reasonable expenses for:

   (3) First aid at the time of an accident;

   (4) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

   (5) Necessary ambulance, hospital, professional nursing and funeral services.

(3) EXCLUSIONS

**We** will not pay expenses for **bodily injury**:

a. To any **insured**.

b. To a person hired to do work for or on behalf of any **insured** or a tenant of any **insured**.

c. To a person injured on that part of premises any **insured** owns or rents that the person normally occupies.

d. To a person if benefits for the **bodily injury** are payable or must be provided under a workers compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Excluded under Coverage A.

g. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, act of terrorism, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

**We** will pay, with respect to any **claim**, or any **suit we** defend:

1. All expenses **we** incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the **Bodily Injury** Liability Coverage applies. **We** do not have to furnish these bonds nor provide security or collateral for them.

3. The cost of bonds to release attachments or to stay a judgment on appeal, but only for bond amounts within the applicable limit of insurance.

**We** do not have to furnish these bonds nor provide collateral for them.

4. All reasonable expenses **you** incur at **our** request to assist **us** in the investigation or defense of the **claim** or **suit**, including actual loss of earnings up to $100 a day because of time off from work.

5. Costs awarded against **you** in the **suit** for damages, if awarded on a cause or causes of action covered by this insurance, but we will not pay costs which are awarded for attorneys= fees incurred by the opposing party by reason of statute, court rule, regulation or a contractual obligation (except as set forth in paragraph 8 of this section or paragraph b. of EXCLUSIONS: COVERAGES A AND B).

6. Prejudgment interest awarded against **you** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of insurance, **we** will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before **we** have paid, offered to pay, or deposited in court that part of the judgment that is within the coverage of this policy and the applicable limit of insurance.

8. If we defend **you** against a **suit** and **your** indemnitee is also named as a party to the **suit**, we will defend that indemnitee only if all of the following conditions are met:

a. The **suit** against the indemnitee seeks damages for which **you** have assumed the liability of the indemnitee in a contract or agreement that is an **insured contract**;

b. This insurance applies to such liability assumed by **you**;

c. The obligation to defend or the cost of the defense of that indemnitee has also been assumed by **you** in the same **insured contract**;

d. The allegations in the **suit** and the information **we** know about the **occurrence** are such that no conflict appears to exist between **your** interests and the interests of the indemnitee or **you** and the indemnitee agree in writing to waive any such conflict of interest;

e. The indemnitee and **you** ask us to conduct and control the defense of that indemnitee against such **suit** and agree that **we** can assign the same counsel to defend **you** and the indemnitee; and

f. The indemnitee agrees in writing to be bound by the section of this Policy entitled "INSURED'S DUTIES IN THE EVENT OF

10

8 2002, all rights reserved.

**OCCURRENCE**, OFFENSE, **CLAIM OR SUIT**" (Section IV.6.);

So long as the above conditions are met, attorneys fees incurred by **us** in the defense of that indemnitee, necessary litigation expenses incurred by **us** and necessary litigation expenses incurred by the indemnitee at **our** request will be paid as Supplementary Payments. Notwithstanding the provisions of EXCLUSIONS: COVERAGES A AND B in exclusion B(2), such payments will not be deemed to be damages for **bodily injury** and **property damage** and will not reduce the limits of insurance.

Our obligation to defend your indemnitee and to pay for attorney's fees and necessary litigation expenses as Supplementary Payments ends when:

   a.  **We** have used up the applicable limit of insurance in the payment of judgments or settlements; or

   b.  The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

These payments will not reduce the limits of insurance.

## SECTION II - WHO IS AN INSURED

1.  If the **Named Insured** is designated in the declarations as:

   a.  An individual, **you** and **your** spouse are **insureds**, but only with respect to the conduct of a business of which **you** are the sole owner and which is designated in the Declarations.

   b.  A partnership or joint venture, **you** are an **insured**. **Your** members, **your** partners, and their spouses are also **insureds**, but only with respect to the conduct of **your** business.

   c.  A Limited Liability Company, **you** are an **insured**, **your** members are also **insureds**, but only with respect to the conduct of **your** business. **Your** managers are **insureds**, but only with respect to their duties as **your** managers.

   d.  An organization other than a partnership, joint venture, or Limited Liability Company, **you** are an **insured**. **Your** executive officers and directors are **insureds**, but only with respect to their duties as **your** officers or directors. **Your** stockholders are also **insureds**, but only with respect to their liability as stockholders.

2.  Each of the following is also an **insured**:

   a.  **Your** employees, other than **your** executive officers, but only for acts within the scope of their employment by **you**. However, no employee is an **insured** for:

     (1)  **Bodily injury,** or **personal injury** to **you** or to a co-employee while in the course of his or her employment, or the spouse, child, parent, brother or sister of that co-employee as a consequence of such **bodily injury** or **personal injury**, or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

     (2)  **Bodily injury** or **personal injury** arising out of his or her providing or failing to provide professional health care services; or

     (3)  **Property damage** to property owned or occupied by or rented or loaned to that employee, any of **your** other employees, or any of **your** partners or members (if **you** are a partnership, joint venture or limited liability company).

   b.  Any person (other than **your** employee) or any organization while acting as **your** real estate manager.

   c.  Any person or organization having proper temporary custody of **your** property if **you** die, but only:

     (1)  With respect to liability arising out of the maintenance or use of that property; and

     (2)  Until **your** legal representative has been appointed.

   d.  **Your** legal representative if **you** die, but only with respect to duties as such. That representative will have all **your** rights and duties under this insurance.

3.  Any organization **you** newly acquire or form during the **policy period**, other than a partnership or joint venture, and over which **you** maintain ownership or majority interest, will qualify as an **insured** if there is no other similar insurance available to that organization. However:

   a.  Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the **policy period**, whichever is earlier;

   b.  Coverage A does not apply to **bodily injury** or **property damage** that occurred before **you** acquired or formed the organization; and

   c.  Coverage B does not apply to **personal injury** or **advertising injury** arising out of an offense committed before **you** acquired or formed the organization

4.  Any other person or entity added by endorsement to this policy as an **insured**, but only to the extent and with the limitations set forth in said

endorsement.

5. No person or entity is an **insured** by virtue of the acquisition of all or any part of the assets of an **insured.**

No person or organization is an **insured** with respect to the conduct of any current or past partnership or joint venture that is not shown as a **Named Insured** in the declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most **we** will pay regardless of the number of:

   a. **Insureds**

   b. **Claims** made or **suits** brought; or

   c. Persons or organizations making **claims** or bringing **suits**.

2. The Aggregate Limit is the most **we** will pay for the sum of:

   a. Damages under Coverage A;

   b. Damages under Coverage B;

   c. Medical expenses under Coverage C.

3. Subject to 2. above, the **Personal** and **Advertising Injury** Limit is the most **we** will pay under Coverage B for the sum of all damages because of all **personal injury** and all **advertising injury** sustained by any one person or organization.

4. Subject to 2. above, the Each **Occurrence** limit is the most **we** will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C because of all **bodily injury** and **property damage** arising out of any one occurrence.

   d. The Medical Expense Limit is the most **we** will pay under Coverage C for all medical expenses because of **bodily injury** sustained by any one person.

5. For purposes of paragraph 4., above, all **bodily injury** and **property damage** caused or alleged to have been caused by **your work** or **your product** which are incorporated into a project of construction, including a development of multiple distinct units, shall be deemed to have been caused by a single **occurrence**.

6. If a single **occurrence** as defined in the policy or as modified for purposes of the application of this section in Paragraph 5., above, causes **bodily injury** or **property damage** in more than one policy period, **we** shall only be liable for a pro-rata share of the highest per **occurrence** limit purchased by an **insured** for any single policy year, even if purchased from another insurer. In calculating **our** pro rata share, only one policy issued by **us** may be utilized.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**We** have no duty to provide coverage or defense under this insurance unless **you** and any other involved **insured** have fully complied with the conditions contained in this policy.

1. BANKRUPTCY

   Bankruptcy or insolvency of the **insured** or of the **insured's** estate will not relieve **us** of **our** obligations under this policy.

2. CANCELLATION

   a. The first **Named Insured** shown in the Declarations may cancel this policy by mailing or delivering to **us** advance written notice of cancellation.

   b. **We** may cancel this policy by mailing or delivering to the first **Named Insured** written notice of cancellation at least:

      (1) Ten (10) days before the effective date of cancellation if **we** cancel for non-payment of premium; or

      (2) Thirty (30) days before the effective date of cancellation if **we** cancel for any other reason.

   c. **We** will mail or deliver **our** notice to the first **Named Insured's** address shown in the declarations.

   d. Notice of cancellation will state the effective date of cancellation. The **policy period** will end on that date.

   e. If this policy is cancelled, **we** will send the first **Named Insured** any premium refund due as follows:

      (1) if **we** cancel, the refund will be pro rata; or

      (2) if the first **Named Insured** cancels, the refund may be less than pro rata and will be computed by the Company's customary short-rate procedure.

   The cancellation will be effective even if **we** have not made or offered a refund. Notwithstanding the foregoing, if **we** have elected to audit the policy rate basis under the provisions of Section IV. paragraph 4. - EXAMINATION OF **YOUR** BOOKS AND RECORDS, the first **Named Insured** agrees to

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

§ 2002, all rights reserved.

pay the higher of:

(1) the earned premium as computed by such audit; or

(2) the earned premium as computed by such customary short-rate procedure of the minimum and deposit premium if the first **Named Insured** cancels, or as computed pro rata if **we** cancel.

f.  If notice is mailed, proof of mailing will be sufficient proof of notice.

3.  CHANGES

This policy contains all the agreements between **you** and **us** concerning the insurance afforded. The first **Named Insured** shown in the Declarations is authorized to make changes in the terms of this policy with **our** written consent. This policy's terms can be amended or waived only by endorsement issued by **us** and made a part of this policy.

4.  EXAMINATION OF **YOUR** BOOKS AND RECORDS

**We** may examine and audit **your** books and records as they relate to this policy at any time during the **policy period** and up to three years afterward.

5.  INSPECTIONS AND SURVEYS

**We** have the right but are not obligated to:

a.  Make inspections and surveys at any time;

b.  Give **you** reports on the conditions **we** find; and

c.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. **We** do not make safety inspections. **We** do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. **We** do not warrant that conditions:

a.  Are safe or healthful; or

b.  Comply with laws, regulations, codes or standards.

6.  **INSURED'S** DUTIES IN THE EVENT OF AN **OCCURRENCE**, OFFENSE, **CLAIM** OR **SUIT**.

a.  **You** or any involved **insured** must see to it that **we** are notified as soon as possible of an **occurrence** or an offense which may result in a **claim**, whether or not covered by this Policy, but notification to **us** must be made within thirty (30) days from **your**, or any involved **insured's**, first notice of an **occurrence** or offense.   To the extent possible, notice should include:

(1) How, when and where the **occurrence** or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the **occurrence** or offense.

b.  If a **claim** or **suit** is received by any **insured**, **you** or that **insured** must, as a condition to recovery under this policy:

(1) Immediately record the specifics of the **claim** or **suit** and the date received, and

(2) Notify **us** as soon as practicable, but not more than fifteen (15) days following initial receipt of the **claim** or **suit**.

(3) The requirement to notify **us** applies without regard to whether an **insured** believes, reasonably or otherwise, that the **claim** or **suit** is not covered by this Policy.

(4) Failure to provide the notice required above within the time specified without legal cause or justification shall be presumed to prejudice **us**.

c.  **You** and any other involved **insured** must:

(1) Immediately send **us** copies of any demands, notices, summonses or legal papers received in connection with the **claim** or **suit**;

(2) Authorize **us** to obtain records and other information;

(3) Cooperate with **us** in the investigation, settlement or defense of the **claim** or **suit**; and

(4) Assist **us**, upon **our** request, in the enforcement of any right against any person or organization which may be liable to the **insured** because of injury or damage to which this insurance may also apply.

Notice of an **occurrence** or offense is not notice of a **claim** or **suit**.

d.  Irrespective of reasons, excuse, justification, or prejudice to us:

(1) **We** shall not be liable for any cost, payment, expense (including legal expense) or obligation assumed or incurred by an **insured** or anyone acting for or on behalf of an **insured**, without **our** express consent; and

(2) **We** shall have no liability for any default judgment entered against any **insured**, nor for any judgment, or settlement or determination of liability rendered or

13

8 2002, all rights reserved.

entered before notice to **us** giving **us** a reasonable time in which to protect **our** and the **insured's** interests.

Nothing in this paragraph d. shall be construed to expand upon coverage nor lengthen or expand the periods in which **claims** or **suits** are to be reported as set forth in paragraphs a. through c. of this Section.

7. LEGAL ACTION AGAINST **US**

No person or organization has a right under this insurance:

a. To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an **insured**; or

b. To sue **us** on this insurance unless all of its terms have been fully complied with.

Subject to paragraph 6, above, a person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an **insured** obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by **us**, the **insured** and the claimant or the claimant's legal representative.

8. OTHER INSURANCE, DEDUCTIBLES AND SELF-INSURED RETENTIONS

If other insurance is available to an **insured** for a loss **we** cover under Coverages A or B of this policy, **our** obligations are limited as follows:

a. Excess Insurance

This insurance is excess over any other insurance, and deductibles or self-insured amounts applicable to the loss, damage, or injury, whether such insurance is primary, excess, contingent or contributing, and whether an **insured** is a **named insured** or additional insured under said policy.

When this insurance is excess, **we** will have no duty under Coverage A or B to defend any **claim** or **suit** that any other insurer has a duty to defend.

When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all other insurance.

**We** will share the remaining loss, if any, with

any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations.

b. Primary Insurance

Where no other insurance is available to an **insured**, this insurance is primary. When other insurance applicable to the loss, injury or damage on behalf of the **insured** is also excess, as set forth in paragraph a. above, then **we** will share with all that other excess insurance by the method described in paragraph c. below, except that this insurance shall always be excess to any other insurance available to an **insured** who is not a **Named Insured** under this policy, and which is issued to such **insured** as a **Named Insured**.

c. Method of Sharing

Where the loss, damage or injury does not involve or arise from continuous or progressive **bodily injury** or **property damage**, or an exposure to conditions in more than one policy year, the following method of sharing shall be followed, subject to the per **occurrence** and per offense limits of coverage:

(1) If all of the other contributing insurance permits contribution by equal shares, **we** will follow this method also, subject to the policy limits, until the highest per occurrence limit of available insurance has been reached.

(2) If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits, up to the applicable per occurrence policy limit as set forth in this policy

The above methods of sharing will also apply where no primary insurance, as set forth in paragraph b. above, is applicable to the loss. In such instance, all applicable deductibles and/or self-insured amounts must first be exhausted before this insurance will apply.

9. PREMIUM AUDIT

a. **We** will compute all premiums for this policy in accordance with **our** rules and rates.

b. If the premium for this policy is designated as a MINIMUM AND DEPOSIT PREMIUM, then **we** shall be entitled to retain that premium in full, notwithstanding any subsequent audit showing an earned premium to be less than the amount designated as the MINIMUM AND DEPOSIT PREMIUM. Notwithstanding the foregoing, a MINIMUM AND DEPOSIT PREMIUM is subject to an upward adjustment if an audit shows that the total

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)   8 2002, all rights reserved.

earned premium exceeds the MINIMUM AND DEPOSIT PREMIUM. In that case, the amount by which the total earned premium exceeds the MINIMUM AND DEPOSIT PREMIUM shall be due and payable on notice to the first **Named Insured**.

c.   The first **Named Insured** must keep records of the information **we** need for the premium computation, and send **us** copies at such times as **we** may request.

d.   If any **Named Insured** refuses to allow **us** access to its records sufficiently to conduct such audit, then **we** shall, at **our** sole discretion, have the option to pursue either one of the following:

(1)   To initiate all available legal and/or equitable remedies available in a court of proper jurisdiction to enforce and accomplish the subject audit; or,

(2)   To invoice the first **Named Insured** for an additional premium equal to the greater of twenty-five percent (25%) of the original minimum and deposit premium shown on the declarations page of this policy or five thousand dollars ($5,000) for each **Named Insured**.

e.   Additional premiums invoiced under Section IV.9.d(2), above, are due and payable on such invoicing to the first **Named Insured**. Interest allowed by the first **Named Insured's** state laws, or if no such laws, then ten percent (10%) interest, shall begin to accrue thirty (30) days after such invoicing on all amounts due from the first **Named Insured** under said Section IV, Paragraph 9d. above. The first **Named Insured** further agrees to pay, upon demand, all reasonable attorneys' fees, collection costs, and court costs required by **us** to enforce **our** rights and remedies under either option (1) or option (2) set forth in said Section IV, Paragraph 9d. above.

f.   Any single waiver by **us** of auditing the subject policy, including but not limited to waiving the audit upon a return premium, shall not act as a continuing or permanent waiver, and **we** shall still have the right to audit at any time, at **our** sole discretion, for a three year time period following the termination date of this policy.

## 10. PREMIUMS

The first **Named Insured** shown in the Declarations:

a. Is responsible for the payment of all premiums; and

b. Will be the payee for any return premiums **we** pay.

## 11.   REPRESENTATIONS

By accepting this policy, **you** agree:

a.   The statements **you** made in the declarations and applications and questionnaires are accurate and complete;

b.   **We** have issued this policy in reliance upon **your** representations; and

c.   False, misleading, inaccurate or incomplete statements may void coverage.

## 12. SEPARATION OF **INSUREDS**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned to the first **Named Insured**, this insurance applies:

a.   As if each **insured** were the only **insured**; and

b.   Separately to each **insured** against whom **claim** is made or **suit** is brought.

## 13. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any **insured** has the right to recover all or part of any payment **we** have made under this insurance, those rights are transferred to **us**. An **insured** must do nothing after loss to impair these rights. At **our** request, an **insured** will bring **suit** and help **us** enforce these rights.

## 14. TRANSFER OF **YOUR** RIGHTS AND DUTIES UNDER THIS POLICY

**Your** rights and duties under this policy may not be transferred without **our** written consent except in the case of death of an individual **Named Insured**.

If **you** die, **your** rights and duties under this policy will be transferred to **your** legal representative, but only while acting within the scope of duties as **your** legal representative. Until **your** legal representative is appointed, anyone having proper temporary custody of **your** property will have **your** rights and duties, but only with respect to that property.

## 15. REIMBURSEMENT OF DEFENSE COSTS WHERE **WE** ELECT NOT TO DEFEND

Where pursuant to an exclusion giving us the right, but not the obligation to defend a **suit**, **we** do not elect to defend such **suit**, at the conclusion or resolution of the **suit** **we** shall reimburse **you** for **your** reasonable attorneys' fees and litigation costs incurred in defending such **suit** which would otherwise have been incurred by **us**, in accordance with the following:

a.   Upon a settlement or final judgment comprised of liability covered by this policy and liability excluded by an exclusion giving **us** the right but not the obligation to defend, **we** will reimburse said fees and costs in the proportion to which damages not excluded

   8 2002, all rights reserved.

therein bear to the entire amount of damages paid by **you** or on **your** behalf.

b. Where no damages are awarded against **you** in a final judgment, nor any settlement reached requiring payment by **you** or on **your** behalf or where no damages are paid for liability excluded by an exclusion giving **us** the right but not the obligation to defend, **you** and **we** agree to be bound by the decision of an impartial arbitrator who shall review all invoices and work performed by **your** attorneys.

c. As a condition precedent to **your** right to reimbursement, **you** and **your** attorneys shall keep **us** informed of the progress of **suit** and provide to **us** access to all information necessary or appropriate to evaluate the **claim, suit,** settlement and the reasonableness, amount and allocation of attorneys' fees and litigation expense.

d. In any proceeding to seek reimbursement of costs and expenses incurred in defending the **suit**, **you** shall bear the burden of proving the amount of damages allocable to claims or allegations excluded by an exclusion giving **us** the right, but not the obligation to defend, the amount of damages allocable for claims or allegations not excluded by this Exclusion, and the amount of reimbursement to which **you** are entitled.

## SECTION V – DEFINITIONS

1. **ADVERTISING INJURY**

   **Advertising injury** means injury other than **bodily injury** arising out of one or more of the following offenses committed in the course of and through the means of **your** advertising activities:

   (a) Oral or written publication of material that slanders or libels a person, or

   (b) Oral or written publication of material that violates a person's right of privacy.

2. **AUTO**

   **Auto** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. **Auto** does not include **mobile equipment**.

3. **BODILY INJURY**

   **Bodily injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. **Bodily injury** does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from prior physical injury, physical sickness or

physical disease otherwise covered under this policy.

4. **CLAIM**

   **Claim** means a request or demand for money or services because of **bodily injury, property damage, personal injury** or **advertising injury**, received by **us** or an **insured** including the service of **suit** or institution of arbitration proceedings against an **insured**. **Claim** does not include reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a **claim** under this policy.

5. **COVERAGE TERRITORY**

   **Coverage territory** means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

   c. All parts of the world if:

      1. The injury or damage arises out of:

         a. Goods or products made and sold by **you** in the territory described in paragraph a. above; or

         b. The activities of a person whose home is in the territory described in paragraph a. above, but is away for a period of less than thirty (30) days on **your** business; and

      2. **Your** responsibility to pay damages is determined in a **suit** on the merits, in the territory described in paragraph a. above or in a settlement **we** agree to.

6. **FINANCIAL SERVICES**

   **Financial services** means services related to or arising out of the following:

   a. Planning, administering or advising on:

      1. Any investment, pension, annuity, savings, checking or retirement plan, fund or account;

      2. The issuance or withdrawal of any bond, debenture, stock or other securities;

      3. The trading of securities, futures, commodities, or currencies;

   b. Acting as a dividend disbursing agent, exchange agent, redemption or subscription agent, warrant or script agent, fiscal or paying agent, tax withholding agent, escrow agent, clearing agent, or electronic funds transfer

§ 2002, all rights reserved.

agent;

c. Lending or arranging for the lending of money, including credit card, debit card, leasing or mortgage operations or activities, including securing financing, refinancing, or interbank transfers;

d. Repossessing of real or personal property or acting as an assignee for the benefit of creditors;

e. Checking, evaluating or reporting of credit;

f. Maintaining of financial accounts or records;

g. Compliance with local, State or Federal tax laws including but not limited to tax planning, tax advising or the preparation of tax returns;

h. Selling or issuing travelers checks, letters of credit, certified checks, cashier checks, bank checks, money orders or advances on payroll checks.

## 7. IMPAIRED PROPERTY

**Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

b. **You** have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

(1) The repair, replacement, adjustment or removal of **your product** or **your work**; or

(2) **Your** fulfilling the terms of the contract or agreement, even though such property may be damaged in the course of the repair, replacement, adjustment or removal of **your product** or **your work**.

## 8. INSURED

**Insured** means the **Named Insured** and any other person or organization qualifying as such under this policy.

## 9. INSURED CONTRACT

**Insured contract** means that part of any written contract or written agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the **tort liability** of another party to pay for **bodily injury** or **property damage** to a third person or organization, but only if such **bodily injury** or **property damage** is not otherwise excluded by

this insurance.

An **insured contract** does not include that part of any contract or agreement:

a. That indemnifies any person or organization for **bodily injury** or **property damage** arising out of construction or demolition operations, within fifty (50) feet of any railroad property;

b. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, field orders, change orders, or drawings, designs or specifications; or

(2) Giving directions or instructions, or failing to give them;

c. Under which **you**, if an architect, engineer or surveyor, assume liability for an injury or damage arising out of **your** rendering or failure to render **professional services**;

d. That indemnifies any person or organization for damage by fire to premises rented or loaned to **you**;

e. That portion of the contract for the lease of premises that indemnifies any person or organization for damage by fire to premises rented to **you** or temporarily occupied by **you**.

## 10. LOADING OR UNLOADING

**Loading** or **unloading** means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**.

b. While it is in or on an aircraft, water craft or **auto**; or

c. While it is being moved from an aircraft, water craft or **auto** to the place where it is finally delivered;

but **loading** or **unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

## 11. MOBILE EQUIPMENT

**Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises **you** own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted.

   (1) Power cranes, shovels, loaders, diggers or drills; or

   (2) Road construction or resurfacing equipment such as graders, scrapers or rollers.

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   (1) Air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment; or

   (2) Cherry pickers and similar devices used to raise or lower workers.

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

   (1) Equipment designed primarily for:

     (a) Snow removal;

     (b) Road maintenance, but not construction or resurfacing;

     (c) Street Cleaning;

   (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   (2) Air compressors, pumps and generators, including spraying, welding, building, cleaning, geophysical exploration, lighting and well servicing equipment.

## 12. NAMED INSURED

**Named Insured** means the person or organization named in Item 1.of the Declarations of this policy.

## 13. OCCURRENCE

**Occurrence** means an accident, including a continuous or repeated exposure to substantially the same generally harmful condition.

## 14. PERSONAL INJURY

**Personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. Actual and complete physical eviction of a person from a dwelling;

d. Oral or written publication of material that slanders or libels a person or organization; or

e. Oral or written publication of material that violates a person's right of privacy.

## 15. POLICY PERIOD

**Policy period** means the term of this policy from its inception date to the earlier of its expiration date, shown in the Declarations, or the date of any cancellation.

## 16. POLLUTANT

**Pollutant** means any solid, liquid, gaseous or thermal irritants or contaminants, which include but are not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, waste, biological elements and agents, and intangibles such as noise, light and visual esthetics, the presence of any or all of which adversely affects human health or welfare, unfavorably alters ecological balances or degrades the vitality of the environment for esthetic, cultural or historical purposes, whether such substances would be or are deemed or thought to be toxic, and whether such substances are naturally occurring or otherwise.

**Waste** includes but is not limited to any material or substances to be recycled, reconditioned or reclaimed, and any substance or material produced as a by-product or side effect of any process.

**Pollution** as used herein means any form of **pollutant** which forms the basis for liability, whether the **pollution** is said to cause physical injury or not, which by volume or timing or any other factor is said to give rise to liability.

## 17. PRODUCTS-COMPLETED OPERATIONS HAZARD

**Products-completed operations hazard**:

a. includes all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your work** except:

   (1) Products that are still in **your** physical possession; or

   (2) Work that has not yet been completed.

b. **Your work** will be deemed completed at the earliest of the following times:

   (1) When all of the work called for in **your** contract has been completed.

   (2) When all of the work to be done at the job site has been completed if **your** contract

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

© 2002, all rights reserved.

calls for work at more than job site.

(3)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, after it is complete as set forth in paragraph b. above, will be treated as completed even though a contract requires such service, maintenance, correction, repair or replacement.

c.   This hazard does not include **bodily injury** or **property damage** arising out of:

(1)   The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the **loading** or **unloading** of that vehicle; or

(2)   The existence of tools, uninstalled equipment or abandoned or unused materials;

## 18. PROFESSIONAL SERVICES

**Professional services** means services arising out of a vocation, calling, occupation or employment involving specialized knowledge, labor or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual including but not limited to services rendered as an accountant, attorney, paralegal, insurance agent and/or broker, nurse, physician, hospital, real estate agent and/or broker, architect, engineer, surveyor, literary agent or veterinarian.

## 19. PROPERTY DAMAGE

**Property damage** means physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it. Loss of use of tangible property unaccompanied by physical injury to that property is not **property damage**.

## 20. SUIT

**Suit** means a civil proceeding in which damage because of **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies are alleged. **Suit** includes:

a.   An arbitration proceeding in which such damages are claimed and to which an **insured** must submit or does submit with **our** consent; or

b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which an **insured** submits with **our** consent.

## 21. TORT LIABILITY

**Tort liability** or **tort damages** means liability or damages that would be imposed by law in the absence of any contract or agreement.

## 22. YOUR PRODUCT

**Your product** means:

a.   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1)   **You**;

(2)   Others trading under **your** name; or

(3)   A person or organization whose business or assets **you** have acquired; and

b.   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Your product** includes:

a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and

b.   The providing of or failure to provide warnings or instructions.

**Your product** does not include vending machines or other property rented to or located for the use of others but not sold.

## 23. YOUR WORK

**Your work** means:

a.   Work or operations performed by **you** or on **your** behalf; and

b.   Materials, parts or equipment furnished in connection with such work or operations.

**Your work** includes:

a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**; and

b.   The providing of or failure to provide warnings or instructions.

OCC1-19 (Ed. 02/05/02 rev. 04/22/02)

8 2002, all rights reserved.