1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**(SACRAMENTO DIVISION)**

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE CO., RRG A Risk Retention Group,<br><br>    Plaintiff,<br><br>  vs.<br><br>LITTRELL HOMES, INC., L&L CONSTRUCTION DBA: LITTRELL HOMES, ROBERT LITTRELL,<br><br>    Defendants. | Case No. 1:15-cv-01520 - JAM (EPG)<br><br>**STIPULATION TO CONTINUE SCHEDULING CONFERENCE, AND ORDER THEREON** |

   PLAINTIFF, PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Risk Retention Group ("PROBUILDERS") and Defendant Littrell Homes, Inc. ("LITTRELL") have met and conferred as required by the Rules of this Court concerning discovery, scheduling, settlement, and key legal issues.  As a result of meeting and conferring, the parties hereby stipulate as follows:

   1.   This case is for insurance declaratory relief, principally concerning the interpretation of the deductible endorsement in PROBUILDERS' insurance policies issued to LITTRELL.  That endorsement states, in pertinent part as alleged at Paragraph 9 of PROBUILDERS' Complaint:

**PER CLAIM DEDUCTIBLE**

IT IS AGREED THAT $ **5,000.00**[1]/**7,500.00**[2] SHALL BE DEDUCTED FROM EACH AND EVERY **CLAIM** UNDER THIS POLICY, IRRESPECTIVE OF THE NUMBER OF **CLAIMS** WHICH MAY BE JOINED IN ANY ONE **SUIT,** ARBITRATION, MEDIATION, OR ANY OTHER FORM OF LEGAL PROCEEDING. SUCH COVERAGE AS IS AFFORDED UNDER THIS POLICY APPLIES SUBJECT TO THE FOLLOWING CONDITIONS:

1. THE DEDUCTIBLE(S) SHALL APPLY TO THE **NAMED INSURED** FOR ALL COSTS INCURRED BY **US** ON BEHALF OF ANY **INSURED** FOR ADJUSTING, LEGAL AND RELATED EXPENSES AS WELL AS ANY PAYMENTS MADE BY US TOWARD THE SETTLEMENT OF EACH AND EVERY **CLAIM.**

2. ALL OF THE OTHER TERMS AND PROVISIONS OF THIS POLICY, INCLUDING THOSE WITH RESPECT TO AN **INSURED'S** OBLIGATIONS UPON AN **OCCURRENCE** OR **CLAIM** AND **OUR** RIGHT TO INVESTIGATE, DEFEND, NEGOTIATE AND/OR SETTLE ANY **CLAIM** OR **SUIT,** APPLY IRRESPECTIVE OF THE APPLICATION OF THE DEDUCTIBLE(S).

3. THE **NAMED INSURED** SHALL CONTRIBUTE THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS FROM THE DATE OF REQUEST BY **US** OR **OUR** REPRESENTATIVE. THE REQUEST FOR PAYMENT OF THE DEDUCTIBLE(S) HEREIN SET FORTH SHALL BE SENT TO THE **NAMED INSURED** BY ORDINARY MAIL ADDRESSED TO THE FIRST **NAMED INSURED** AT THE ADDRESS LISTED IN THE POLICY. THE TEN (10) DAYS SHALL BEGIN TO APPLY FROM THE POSTMARK OF THE LETTER BEARING SUCH REQUEST. FAILURE OF THE **NAMED INSURED** TO PAY THE AMOUNT OF THE DEDUCTIBLE(S) WITHIN TEN (10) DAYS AS HEREIN SET FORTH SHALL VOID THE POLICY WITH RESPECT TO THE **CLAIM(S)** INVOLVED....

2. PROBUILDERS has alleged in its complaint at Paragraph 7:

*Aranciba, Alan et al. v. Littrell Homes, Inc.,* Madera County Superior Court Case No. MCV 051183 ("the *Aranciba* action") and related cross-actions, concerning LITTRELL HOMES work on the construction of single family residences in the City of Chowchilla, County of Madera, State of California. Significantly, there were individual homeowners for at least thirty-four (34) homes who alleged construction defect claims against LITTRELL HOMES, and

---

[1] WES 1500093 effective from September 16, 2002 to September 16, 2003 policy.

[2] APG 4500148 effective September 16, 2003 to September 16, 2004 and APG 5002066 effective September 16, 2004 to September 16, 2005 policies.

each house allegedly contained defective work performed by LITTRELL HOMES.

3. The parties dispute whether a deductible applies under the above quoted language to obligate LITTRELL to pay one deductible for the *Aranciba* lawsuit against LITTRELL, or whether one deductible applies to each Homeowner seeking damages in the *Aranciba* lawsuit.

4. The Parties have conferred about discovery, and recognize that for trial, it will be necessary to conduct claims discovery regarding accepting the defense and payments made under the terms of the policy and allocation of payments to different claimants, if any.

5. The Parties recognize, however, that the interpretation of the policy is a legal determination made by the court, and that the balance of the case can be efficiently handled and tried, if necessary. However, settlement of the damages payable, if any, will based on confirming the correct numbers and performing an accounting analysis once the issue of how many deductibles apply.

6. The Parties therefore believe that Cross Motions for Partial Summary Judgment, based on stipulated facts and exhibits, would be the most efficient means to resolve this case.

7. Counsel have met and conferred regarding the facts necessary to make the motions, and though not finalized, have made significant progress. Counsel recognizes the court's need to keep the case moving, and therefore agrees, and recommends that the court order as follows:

    a. Continue the currently set date to requiring a Rule 26(F) joint status report.

    b. That <u>a status report be filed</u> by the parties confirming whether or not they have reached an agreement to proceed by cross motions for partial summary judgment under Rule 56 no later than March 1, 2016.

    c. In the event that the parties report to the court that agreement has been reached on March 1, 2016, then the Court order that their respective Motion for Partial Summary Judgment -- related to the interpretation of PROBUILDERS' deductible endorsement -- be filed no later than <u>April 1, 2016</u>. Briefing and Oral Argument, if any, shall be handled per the FRCP and the

Order RE Filing Requirements for Cases Assigned to Judge Mendez.  The parties will provide a status report compliant with Rule 26(f) following the final ruling on the parties' cross motions.

        d.     If the parties report to the court on March 1, 2016 that no agreement has been reached, then the parties shall file their Rule 26(f) Joint Status Report by March 15, 2016 as required by the Court's order of January 8, 2016 (Doc 17)

DATED:   October 6, 2015    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: /s/ John H. Podesta
John H. Podesta
John T. Burnite
Attorneys for Plaintiff
PROBUILDERS SPECIALTY
INSURANCE COMPANY, RRG

DATED:   January 21, 2016    **POWELL & POOLE, LLP**

By: /s/ Mathew Backowski

Attorneys for Defendants
LITTRELL HOMES, INC., L&L
CONSTRUCTION DBA: LITTRELL
HOMES, and ROBERT LITTTRELL

    The Court, having reviewed this Stipulation of the Parties, and finding good cause therefore, hereby ORDERS:

    1.     The parties are to file a status report no later than March 1, 2016, reporting whether agreement has been reached concerning stipulated facts and/or agreed exhibits for use in Cross Motions for Partial Summary Judgment concerning the application of the PROBUILDERS deductible to the *Aranciba* action.

2. If agreement is reached on stipulated facts, as confirmed in the status report filed on March 1, 2016, then the parties are to file their respective Motions for Partial Summary Judgment by April 1, 2016, subject to the following:

    a. The motions will address the following issue only: "Does the Deductible Endorsement in each of the PROBUILDERS' policies apply to the *Aranciba* action such that only one deductible is owed by LITTRELL to PROBUILDERS, or does the Endorsement require payment by LITTRELL to PROBUILDERS for one deductible as to the owner of each home involved in the *Aranciba* action. Stated differently, does the PROBUILDERS' policy "per claim" deductible apply to each lawsuit seeking damages, or to each owner of a house that sought damages in the *Aranciba* action?

    b. PLAINTIFF PROBUILDERS is directed to file the stipulated facts and agreed exhibits with its motion, rather than having each party file them;

    c. The requirement of a Separate Statement of Undisputed Facts does not apply. However, all other rules and procedures apply, including Doc 17-1 in this action, entitled ORDER RE FILING REQUIREMENTS FOR CASES ASSIGNED TO JUDGE MENDEZ.

    d. All other Court Dates and required filings shall be vacated pending the final determination of the Motions.

3. If no agreement is reached for proceeding for cross motions for partial summary judgment, as confirmed in the status report filed on March 1, 2016, then the Parties are directed to prepare and file a Joint Status Report as required by this Court's Order dated January 8, 2016 (Doc 17) by no later than March 15, 2016.

Dated:  1/29/2016

/s/ John A. Mendez_____

Hon. John A. Mendez, US District Court Judge

5

1505766v.1 JOINT STIPULATION CONCERNING SCHEDULING CONFERENCE AND [PROPOSED] ORDER THEREON