UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE CO. RRG A Risk Retention Group,<br><br>    Plaintiff,<br><br>v.<br><br>LITTRELL HOMES, INC., L&L CONSTRUCTION dba: LITTRELL HOMES, ROBERT LITTRELL.<br><br>    Defendants. | Case No. 1:15–CV–01520–DAD–EPG<br><br>**JOINT STATUS REPORT** |

In accordance with the Order entered by the Court on January 8, 2016 (document no. 17), Plaintiff PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Risk Retention Group ("Plaintiff" or "PROBUILDERS") and Defendants LITTRELL HOMES, INC., L&L CONSTRUCTION dba: LITTRELL HOMES, ROBERT LITTRELL (collectively "Defendants" or "LITTRELL") respectfully submit the following Joint Status Report.

/////

/////

A.  **NATURE OF THE CASE**

Plaintiff is an insurance company represented by attorneys John Podesta and John Burnite of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP. LITTRELL is a construction company represented by attorneys Hanno T. Powell and Matthew G. Backowski of the law firm of Powell Slater, LLP.

Plaintiff's complaint alleges causes of action for Declaratory Relief and Breach of Contract based on the allegations that the Defendants were named insured under one or more Commercial General Liability policies ("the Policies") issued by PROBUILDERS, that the Defendants were involved in a construction defect lawsuit entitled <u>Aranciba, Alan et al. v. Littrell Homes, Inc.</u>, Madera County Superior Court Case No. MCV 051183 ("the <u>Aranciba</u> action"), concerning a residential construction project in Chowchilla, California. Defendants tendered defense of the <u>Aranciba</u> action to PROBUILDERS pursuant to the Policies, and PROBUILDERS, in response to the tender, undertook the defense of Defendants under a full and complete reservation of rights.

The complaint further alleges that the Policies contained "Per Claim Deductibles" providing that Defendants would pay either $5,000.00 or 7,500.00 (depending on the applicable policy) for each and every "claim" under the Policies, including reimbursement of a deductible for each house involved in the <u>Aranciba</u> action. The plaintiff contends that it paid certain sums toward the defense of the Defendants in the in the <u>Aranciba</u> action, and that the total deductible obligation of Defendants for the <u>Aranciba</u> action exceeds $75,000.00.

Defendants filed an answer to the complaint, in which the Defendants admitted and denied certain allegations, including denying, among other allegations, Plaintiff's contention that Defendants are obligated to pay a deductible as to the owner of each home involved, and the amounts allegedly paid by the Plaintiff to in connection with the <u>Aranciba</u> action.

B.  **PROGRESS IN SERVICE OF PROCESS**

All parties have been served and appeared in this action.

C.  **POSSIBLE JOINDER OF ADDITIONAL PARTIES**

The parties are currently unaware additional parties that may be joined.

**D.     JURISDICTION AND VENUE**

Defendants do not dispute Plaintiff's assertion that the Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 based on the allegations that diversity of citizenship exists, and the amount in controversy alleged in the complaint exceeds $75,000.00.

**F.     ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

The parties anticipate filing motions for summary judgment.

**G.     ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY**

(1)     The parties do not expect any changes to the timing, form, or requirement for disclosures under Rule 26(a). The parties expect that disclosures under Rule 26(a)(1) will be made by June 1, 2016.

(2)     The parties expect to take discovery, including request for documents and depositions, on issues relating to the Policies and the allegations in the complaint. Defendant intends to seek discovery regarding the intentions of the parties at the time the Policies were issued and the amounts paid by Plaintiff in connection with the Aranciba Action.

(3)     The parties are unaware of any changes or limitations on discovery.

(4)     The parties are unaware of any changes or limitations on expert witness discovery.

**H.     FUTURE PROCEEDINGS AND CUT-OFF DATES**

The parties propose the following deadlines:

(1)     Initial Disclosures: June 1, 2016.

(2)     Discovery Cut-Off: December 31, 2016.

(3)     Expert Witness Disclosure Deadline: January 31, 2017.

(4)     Rebuttal Expert Disclosure Deadline: February 15, 2017.

(5)     Expert Discovery Cut-Off: March 31, 2017.

(6)     Non-Dispositive Motion Filing Deadline: May 15, 2017.

(7)     Dispositive Motion Filing Deadline: July 15, 2017.

(8)     Pre-Trial Conference: October of 2017.

1  (9)   Trial Date: December of 2017.

**H.   APPROPRIATENESS OF SPECIAL PROCEDURES**

The parties are unaware of any particular special procedures.

**J.   ESTIMATE OF TRIAL TIME**

The parties expect trial to last approximately 5 to 7 days.

**L.   MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

Bifurcation of certain issues, including questions of interpretation of the Policies, may help reduce the time of trial.

**M.   RELATED CASES**

There are no related cases.

**N.   SETTLEMENT CONFERENCE**

A settlement conference should not be set at this time.

**O.   OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER**

The parties are unaware of any other matters at this time.

Dated: April 1, 2016       POWELL SLATER, LLP

By:  /s/ Matthew G. Backowski
Matthew Backowski, Attorneys for Defendants
LITTRELL HOMES, INC., L&L CONSTRUCTION dba LITTRELL HOMES, and ROBERT LITTRELL

Dated: April 1, 2016       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

By:  /s/ John H. Podesta
John H. Podesta, Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG